UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                    Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                    Defendants.
------------------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC) (THK)

**NOTICE OF MOTION FOR DEFAULT**

**PLEASE TAKE NOTICE**, that upon the annexed Declaration of Adam I. Kleinberg, dated March 10, 2008, and upon all prior pleadings and proceedings, the undersigned will move this Court, before the Honorable P. Kevin Castel, on a date and time to be designated by the Court, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007, for an order granting plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY, a default judgment as against defendant 1854 MONROE AVENUE H.D.F.C., pursuant to Rule 55 of the Federal Rules of Civil Procedure, declaring that UNITED NATIONAL SPECIALTY INSURANCE COMPANY is not obligated to defend or indemnify defendant 1854 MONROE AVENUE H.D.F.C. in the action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation*, Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County, on the ground that defendant has failed to timely answer and/or otherwise move with respect to the

complaint in this action, and for such other and further relief as this Court deems just, equitable, and proper.

Dated: Mineola, New York
       March 17, 2008

                                   MIRANDA SOKOLOFF SAMBURSKY
                                   SLONE VERVENIOTIS LLP
                                   Attorneys for Plaintiff
                                   **UNITED NATIONAL SPECIALTY**
                                   **INSURANCE COMPANY**

                                   By: _____
                                   Adam I. Kleinberg (AIK-0468)
                                   240 Mineola Boulevard
                                   The Esposito Building
                                   Mineola, New York 11501
                                   (516) 741-7676
                                   Our File No.: 07-544

TO:    1854 Monroe Avenue H.D.F.C.
        c/o Monica Acevedo
        Non-Appearing Defendant
        1854 Monroe Avenue
        Bronx, New York 10457

        Michael C. Beatty
        FELDMAN, KRONFELD & BEATTY
        Attorneys for the Defendant Eulalia Balaguer
        42 Broadway, 19th Floor
        New York, NY 10004
        212-425-0230

## Notices

**1:07-cv-10934-PKC United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al**

CASREF, ECF

## U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Miranda, Michael on 3/18/2008 at 11:49 AM EDT and filed on 3/18/2008

| | |
|---|---|
| **Case Name:** | United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al |
| **Case Number:** | 1:07-cv-10934 |
| **Filer:** | United National Specialty Insurance Company |
| **Document Number:** | 10 |

**Docket Text:**
**NOTICE of of Motion for Default. Document filed by United National Specialty Insurance Company. (Miranda, Michael)**

**1:07-cv-10934 Notice has been electronically mailed to:**

Michael A. Miranda     mmiranda@msssv.com

**1:07-cv-10934 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/18/2008] [FileNumber=4384135-0
] [3cedcf6c360e07a2f73fe466cfbc8253352eb8bd5500860f7a5fe2c77bc5b9580fa
e31a2dfda7b3ae187d75a0ecac2ea63fdf011079bd7b3087fee2547295c18]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                     Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                     Defendants.
------------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC)

**DECLARATION IN SUPPORT OF DEFAULT MOTION**

**ADAM I. KLEINBERG,** an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

1. I am a member of the Bar of this Court and am a partner with the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

2. I make this declaration pursuant to Fed. R. Civ. Pro. 55 and Local Rules 55.1 and 55.2 for the Southern District of New York, in support of the plaintiff's application for the entry of a default judgment against defendant 1854 MONROE AVENUE H.D.F.C.

3. Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY (hereinafter "UNITED NATIONAL"), commenced this action seeking a declaration that it has no duty to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. with respect to claims asserted in the underlying action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation,* Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County (the "underlying action"). A copy of the Summons and Complaint in this action are attached as Exhibit A.

4. Jurisdiction of the subject matter of this action is afforded under 28 U.S.C. §1332 and is based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. In this regard, plaintiff is a Wisconsin corporation and defendant 1854 Monroe Avenue H.D.F.C. is a New York corporation, and defendant Eulalia Balaguer is a New York resident.

5. This Court has personal jurisdiction over defendant 1854 Monroe Avenue H.D.F.C. by virtue of it being a New York corporation and because it was served within the State of New York through its registered agent.

6. None of the defendants in this case is an infant or incompetent.

7. United National commenced this action by the filing of the Summons and Complaint on November 30, 2007. See Exhibit A.

8. A copy of the Summons and Complaint was served on defendant 1854 Monroe Avenue H.D.F.C. on December 15, 2007. A copy of the Affidavit of Service is attached as Exhibit B.

9. Defendant 1854 Monroe Avenue H.D.F.C has not answered or otherwise moved with respect to the Complaint and the time for the defendant to do so has now expired.

10. An original copy of a Certificate of Default signed by the Clerk of the Court is attached as Exhibit C.

11. Accordingly, it is respectfully submitted that plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY is entitled to a default judgment against non-answering defendant 1854 Monroe Avenue H.D.F.C.

12. **WHEREFORE**, plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY respectfully requests that this Court enter an order and judgment declaring that

plaintiff is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C in the Underlying Action, together with such other and further relief as this court deems just, equitable and proper.

Dated: Mineola, New York
     March 10, 2008

_____
ADAM I. KLEINBERG (AIK-0468)

# Exhibit A

# UNITED STATES DISTRICT COURT

Southern District of New York

UNITED NATIONAL SPECIALTY INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER

CASE NUMBER:

TO: (Name and address of Defendant)

1854 Monroe Avenue H.D.F.C.
c/o Monica Acevedo
1854 Monroe Avenue
Bronx, New York 10457

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn: Steven Verveniotis
240 Mineola Boulevard
Mineola, New York 11501

an answer to the complaint which is served on you with this summons, within ____thirty (30)____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    NOV 30 2007

CLERK                                  DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                              Plaintiff,

                              -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                              Defendants.
---------------------------------------------------------------------x

CIV:

**COMPLAINT**

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly incorporated in the State of Wisconsin under the laws of Wisconsin conducting and licensed to do business in New York.

2. At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant 1854 MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York 10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED NATIONAL'S policy of insurance number L7180545, as well as the provisions of said policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability Policy, policy number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation</u>, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

    (2) The name and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to indemnify MONROE or EULALIA BALAGUER.

**WHEREFORE**, plaintiff, UNITED NATIONAL prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545, with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:   Mineola, New York
         November 27, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for the Plaintiff
**UNITED NATIONAL SPECIALTY
INSURANCE       COMPANY**

By: _____
Michael A. Miranda
The Esposito Building
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-544

# Exhibit B

Maverick Process 516-693-1100

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF SOUTHERN

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

Petitioner(s)
Plaintiff(s)

- against -

1854 MONROE AVENUE H.D.F.C. AND EULALIA BALAGUER,

Defendant(s)
Respondent(s)

ATTORNEY: SOKOLOFF  20034
RETURN DATE:
INDEX NO: 07 CV 10934
INDEX DATE: 11/30/2007
CALENDAR NO:
3rd PARTY INDEX#:
HON. JUDGE CASTEL

STATE OF NEW YORK: COUNTY OF NASSAU    SS:    **AFFIDAVIT OF SERVICE**

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/15/2007 at 11:05 AM at 1854 MONROE AVENUE APT 2E, BRONX, NY 10457
deponent served the within SUMMONS IN A CIVIL ACTION & COMPLAINT upon

1854 MONROE AVENUE H.G.F.C. C/O MONICA ACEVEDO

☑ Said Documents Were Properly Endorsed with the Index Number and Date of Filing thereon

witness/defendant/respondent (hereafter called the recipient) therein named.

A. Individual ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therei

B. Corp/Prtnshp ☑ By delivering to and leaving with MONICA ACEVEDO and that he knew the person so served and authorized to accept service to ☐ an officer ☐ Director ☑ managing agent or general agen ☐ cashier ☐ AsstCashier
☐ Agent authorized by appointment or by law to receive service.

C. Suitable Age Person ☐ By delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state

D. Affixing to Door, Etc. ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age discretion, thereat, having called there
@   @   @
Deponent talked to    who stated that recipient ☐ lived ☐ worked there.

E. Mailing W/B,C or ☐ On    Deponent completed said service under the last two sections by mailing a copy of the above named process by First Class Mail addressed to the witness/defendant/respondent to the above address of service which is recipient's: ☐ last known residence ☐ last known place of business (with additional endorsement of Personal and Confidential on face of envelope.)
☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

F. DRL Sec232 ☐ The required notice was legibly printed on the face of the summons. I identified the defendant by photograph annexed hereto which was provided by the plaintiff.

G. Description ☑

| SEX | SKIN COLOR | HAIR COLOR | AGE (approx.) | HEIGHT (approx.) | WEIGHT (approx.) |
|---|---|---|---|---|---|
| F | LT BROWN | BLACK | 35 | 5'0" | 140 |
| OTHER | | | | | |

Sec.8001Fee ☐ A fee of $0.00, pursuant to CPLR Section 8001, was tendered to the witness.

Military ☐ I asked the person spoken to whether the defendant/respondent was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant/Respondent wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn Before me this day 17 of
DECEMBER 2007

(NOTARY PUBLIC)

DONNA L. ODRISCOLL
NOTARY PUBLIC, State of New York
No. 01OD6126123
Qualified in Nassau County
Commission Expires on 4/25/2009

DAVID A SMITH #0912050

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

         Plaintiff,

Docket No.: 07-CV-10934
(PKC)

-against-

**CERTIFICATE OF DEFAULT**

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

         Defendants.
-----------------------------------------------------------------x

  I, J. Michael McMahon, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that a review of the docket entries in the above-entitled action indicates that the defendant 1854 Monroe Avenue H.D.F.C was served through the Secretary of State with the Summons and Complaint in the above-entitled action on December 15, 2007 and that proof of such service thereof was filed on January 30, 2008; and

  I further certify that the docket entries indicate that defendant 1854 Monroe Avenue H.D.F.C has not filed an answer or otherwise moved with respect to the complaint herein.

  The default of the defendant 1854 Monroe Avenue H.D.F.C is hereby noted.

Dated: New York, NY
  3/7, 2008

         J. Michael McMahon
         Clerk of the Court

         By: _____
         Deputy Clerk

1

## Other Answers

1:07-cv-10934-PKC United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al
CASREF, ECF

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Miranda, Michael on 3/18/2008 at 12:01 PM EDT and filed on 3/18/2008

| | |
|---|---|
| **Case Name:** | United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al |
| **Case Number:** | 1:07-cv-10934 |
| **Filer:** | United National Specialty Insurance Company |
| **Document Number:** | 11 |

**Docket Text:**
**DECLARATION of Adam I. Kleinberg in Support. Document filed by United National Specialty Insurance Company. (Miranda, Michael)**

**1:07-cv-10934 Notice has been electronically mailed to:**

Michael A. Miranda    mmiranda@msssv.com

**1:07-cv-10934 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/18/2008] [FileNumber=4384227-0
] [5585ca323b4fc2de5ff20c34c2efe16ecf156c96fb22877fece1d7598dadb27b69d
5c19bca77411caaa69ef8a09ede463df72955e2c4794c24075224e46a2825]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                       Plaintiff,

    -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                       Defendants.
------------------------------------------------------------x

Docket No.: 07-CV-10934 (PKC)

**DEFAULT JUDGMENT**

This action having been commenced on November 30, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on defendant 1854 Monroe Avenue H.D.F.C on December 15, 2007, and proof of service having been filed on January 30, 2008, the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: that the plaintiff, United National Specialty Insurance Company, is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. in the action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation*, under Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County.

Dated: New York, NY
       _____, 2008

                              _____
                              U.S.D.J.

                              This document was entered on the docket on

                              _____.

**Motions**
1:07-cv-10934-PKC United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al
CASREF, ECF

## U.S. District Court

## United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Miranda, Michael on 3/18/2008 at 12:04 PM EDT and filed on 3/18/2008

| | |
|---|---|
| **Case Name:** | United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. et al |
| **Case Number:** | 1:07-cv-10934 |
| **Filer:** | United National Specialty Insurance Company |
| **Document Number:** | 12 |

**Docket Text:**
**MOTION for Default Judgment as to. Document filed by United National Specialty Insurance Company.(Miranda, Michael)**

**1:07-cv-10934 Notice has been electronically mailed to:**

Michael A. Miranda   mmiranda@msssv.com

**1:07-cv-10934 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/18/2008] [FileNumber=4384261-0
] [a17cea7b3bd2b41a93b273d1736429773e835a790609ebfa6b3a4e2d262b743cd88
bded09dd2cd5032e19988449c619ef1816c50ed0172d32acdaa67612d752a]]