UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                       Plaintiff,

            -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                       Defendants.
-----------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC)

**DECLARATION IN SUPPORT OF DEFAULT MOTION**

**ADAM I. KLEINBERG**, an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

1. I am a member of the Bar of this Court and am a partner with the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

2. I make this declaration pursuant to Fed. R. Civ. Pro. 55 and Local Rules 55.1 and 55.2 for the Southern District of New York, in support of the plaintiff's application for the entry of a default judgment against defendant 1854 MONROE AVENUE H.D.F.C.

3. Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY (hereinafter "UNITED NATIONAL"), commenced this action seeking a declaration that it has no duty to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. with respect to claims asserted in the underlying action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation,* Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County (the "underlying action"). A copy of the Summons and Complaint in this action are attached as Exhibit A.

4. Jurisdiction of the subject matter of this action is afforded under 28 U.S.C. §1332 and is based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. In this regard, plaintiff is a Wisconsin corporation and defendant 1854 Monroe Avenue H.D.F.C. is a New York corporation, and defendant Eulalia Balaguer is a New York resident.

5. This Court has personal jurisdiction over defendant 1854 Monroe Avenue H.D.F.C. by virtue of it being a New York corporation and because it was served within the State of New York through its registered agent.

6. None of the defendants in this case is an infant or incompetent.

7. United National commenced this action by the filing of the Summons and Complaint on November 30, 2007. See Exhibit A.

8. A copy of the Summons and Complaint was served on defendant 1854 Monroe Avenue H.D.F.C. on December 15, 2007. A copy of the Affidavit of Service is attached as Exhibit B.

9. Defendant 1854 Monroe Avenue H.D.F.C has not answered or otherwise moved with respect to the Complaint and the time for the defendant to do so has now expired.

10. An original copy of a Certificate of Default signed by the Clerk of the Court is attached as Exhibit C.

11. Accordingly, it is respectfully submitted that plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY is entitled to a default judgment against non-answering defendant 1854 Monroe Avenue H.D.F.C.

12. **WHEREFORE,** plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY respectfully requests that this Court enter an order and judgment declaring that

plaintiff is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C in the Underlying Action, together with such other and further relief as this court deems just, equitable and proper.

Dated: Mineola, New York
       March 10, 2008

_____
ADAM I. KLEINBERG (AIK-0468)

# Exhibit A

JUDGE CASTEL

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                District of                New York

UNITED NATIONAL SPECIALTY INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER

CASE NUMBER:

TO: (Name and address of Defendant)

1854 Monroe Avenue H.D.F.C.
c/o Monica Acevedo
1854 Monroe Avenue
Bronx, New York  10457

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn: Steven Verveniotis
240 Mineola Boulevard
Mineola, New York  11501

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    NOV 3 0 2007

CLERK                                                 DATE

(By) DEPUTY CLERK

 JUDGE CASTEL

 07 CV 10934

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                Defendants.
------------------------------------------------------------------x

CIV:

**COMPLAINT**

[RECEIVED OCT 09 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp]

      Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly incorporated in the State of Wisconsin under the laws of Wisconsin conducting and licensed to do business in New York.

2. At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant 1854 MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York 10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED NATIONAL'S policy of insurance number L7180545, as well as the provisions of said policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability Policy, policy number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation</u>, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

      (2) The name and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to indemnify MONROE or EULALIA BALAGUER.

**WHEREFORE**, plaintiff, UNITED NATIONAL prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545, with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:    Mineola, New York
          November 27, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for the Plaintiff
**UNITED NATIONAL SPECIALTY INSURANCE COMPANY**

By: _____
Michael A. Miranda
The Esposito Building
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-544

# Exhibit B

Case 1:07-cv-10934-PKC   Document 5   Filed 01/30/2008   Page 1 of 1

**DISTRICT COURT OF THE STATE OF NEW YORK**
**COUNTY OF SOUTHERN**

Maverick Process 516-693-1100    20034

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

Petitioner(s) / Plaintiff(s)

- against -

1854 MONROE AVENUE H.D.F.C. AND EULALIA BALAGUER,

Defendant(s) / Respondent(s)

| | |
|---|---|
| ATTORNEY | SOKOLOFF |
| RETURN DATE | |
| INDEX NO | 07 CV 10934 |
| INDEX DATE | 11/30/2007 |
| CALENDAR NO | |
| 3rd PARTY INDEX# | |
| HON. | JUDGE CASTEL |

STATE OF NEW YORK: COUNTY OF NASSAU    SS:    **AFFIDAVIT OF SERVICE**

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/15/2007 at 11:05 AM at 1854 MONROE AVENUE APT 2E, BRONX, NY 10457
deponent served the within SUMMONS IN A CIVIL ACTION & COMPLAINT                                                      upon

1854 MONROE AVENUE H.G.F.C. C/O MONICA ACEVEDO

☑ Said Documents Were Properly Endorsed with the Index Number and Date of Filing thereon

witness/defendant/respondent (hereafter called the recipient) therein named.

A. Individual ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient there

B. Corp/Prtnshp ☑ By delivering to and leaving with MONICA ACEVEDO and that he knew the person so served and authorized to accept service to ☐ an officer ☐ Director ☑ managing agent or general agen ☐ cashier ☐ AsstCashier ☐ Agent authorized by appointment or by law to receive service.

C. Suitable Age Person ☐ By delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state

D. Affixing to Door, Etc. ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age discretion, thereat, having called there
@ _____ , @ _____ , @ _____
Deponent talked to _____ who stated that recipient ☐ lived ☐ worked there.

E. Mailing W/B,C or ☐ On _____ Deponent completed said service under the last two sections by mailing a copy of the above named process by First Class Mail addressed to the witness/defendant/respondent to the above address of service which is recipient's: ☐ last known residence ☐ last known place of business (with additional endorsement of Personal and Confidential on face of envelope.)
☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

F. DRL Sec232 ☐ The required notice was legibly printed on the face of the summons. I identified the defendant by photograph annexed hereto which was provided by the plaintiff.

G. Description ☑

| SEX | SKIN COLOR | HAIR COLOR | AGE (approx.) | HEIGHT (approx.) | WEIGHT (approx.) |
|---|---|---|---|---|---|
| F | LT BROWN | BLACK | 35 | 5'0" | 140 |

OTHER _____

Sec.8001Fee ☐  A fee of $0.00 , pursuant to CPLR Section 8001, was tendered to the witness.

Military ☐ I asked the person spoken to whether the defendant/respondent was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant/Respondent wore ordinary civilian clothers and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn Before me this day 17 of
DECEMBER    2007

_____ (NOTARY PUBLIC)

DONNA L. ODRISCOLL
NOTARY PUBLIC, State of New York
No. 01OD6126123
Qualified in Nassau County
Commission Expires on 4/25/2009

DAVID A SMITH #0912050

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                                  Plaintiff,

              -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                                  Defendants.
------------------------------------------------------------x

Docket No.: 07-CV-10934 (PKC)

**CERTIFICATE OF DEFAULT**

I, J. Michael McMahon, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that a review of the docket entries in the above-entitled action indicates that the defendant 1854 Monroe Avenue H.D.F.C was served through the Secretary of State with the Summons and Complaint in the above-entitled action on December 15, 2007 and that proof of such service thereof was filed on January 30, 2008; and

I further certify that the docket entries indicate that defendant 1854 Monroe Avenue H.D.F.C has not filed an answer or otherwise moved with respect to the complaint herein.

The default of the defendant 1854 Monroe Avenue H.D.F.C is hereby noted.

Dated: New York, NY
        3/7, 2008

                                            J. Michael McMahon
                                            Clerk of the Court

                                            By: _____
                                                  Deputy Clerk