# MSSSV
## MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN
ADAM I. KLEINBERG

TIMOTHY J. MURPHY
MARK R. OSHEROW*◊□
COUNSEL

WRITER'S DIRECT DIAL:
(516)741-7755

WRITER'S E-MAIL:
MMIRANDA@MSSSV.COM

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL  (516) 741-7676
FAX  (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI°°
MICHAEL V. LONGO
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
KOREN HARRIS

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
°RESIDENT IN WESTCHESTER

**MEMO ENDORSED**

May 7, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/08
```

**Via Fax (212) 805-7949**
Hon. Justice P. Kevin Castel
U.S. District Court, Southern District
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:  *United National Specialty Insurance Company v. 1854 Monroe Avenue H.D.F.C. and Eulalia Balaguer*
> **Docket No.:** 07-CV-10934
> **Our File:**   07-544

Dear Judge Castel:

We represent the plaintiff in the above captioned declaratory judgment action. We write to request a pre-motion conference, so that we may move for summary judgment in favor of United National Specialty Insurance Company ("United National") and against Eulalia Balaguer ("Balaguer"), in view of the default judgment recently entered in this action against to 1854 Monroe Avenue H.D.F.C. ("Monroe")

United National issued a policy of insurance to Monroe, covering the period from May 5, 2006 through may 5, 2007. On May 30, 2007 Balaguer commenced an action in the Supreme Court of New York, Bronx County against United National's insured, Monroe. In that underlying bodily injury action, Balaguer claims that on December 20, 2006, she was injured when she fell on a premises owned and operated by Monroe. Monroe provided United National with notice of Balaguer's accident on July 20, 2007, which violated a policy provision requiring Monroe to provide timely notice of an occurrence, claim or suit. Balaguer, failed to provide any independent notice of the incident to United National.

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

HON. JUSTICE P. KEVIN CASTEL
MAY 7, 2008
PAGE 2 OF 3

United National disclaimed coverage to both its insured, Monroe and Balaguer, the claimant/plaintiff in the underlying action. On or about October 9, 2007, United National commenced the instant declaratory judgment action seeking a declaration from the Court that United National is not obligated to defend and indemnify Monroe or Balaguer.

Monroe failed to answer or otherwise appear in this action and United National sought a default against them. On or about March 20, 2008, United National moved for a default judgment against Monroe. United National made this motion on notice to both Monroe and Balaguer, giving both parties an opportunity to challenge the default motion. Neither Monroe nor Balaguer challenged the motion and on April 4, 2008, this Court issued a default judgment which ordered adjudged and decreed that United National has no obligation to defend or indemnify Monroe in the underlying bodily injury action commenced by Balaguer in the Bronx.

United National now seeks the Court's permission to move for summary judgment against Balaguer based on the clearly established case law that Balaguer is estopped from relitigating the issue of coverage as a claimant can have no greater rights under a policy of insurance than the insured. See D'Arata v. New York Central Mutual Fire Insurance Company, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990). Under New York Insurance Law 3420[1], a claimant can bring a direct action against an insurer after that claimant has obtained a judgment against the insured. However, when a claimant brings such a suit, he does so as a subrogee of the insured and can have no greater rights under the policy than the insured would have. See D'Arata *supra*. Therefore, in order for Balaguer to collect under a direct action against United National, Balaguer would have to litigate Monroe's rights under the policy. However, this issue was already adjudicated at bar, by the Court's declaration that United National has no duty to defend or indemnify Monroe.

Should Balaguer obtain a judgment against Monroe and then bring a direct action against United National, Balaguer will be collaterally estopped from litigating the issue necessary for her to collect under United National's policy with Monroe, which is Monroe's rights under the policy. Under New York Law, in order for Collateral estoppel to apply, a Court must find that 1) the identical issue was necessarily decided in the prior action and is decisive in the present action, 2) the party to be precluded from relitigating must have had a full and fair opportunity to litigate. See D'Arata *supra*.

The issue of United National's obligation to Monroe under the policy has already been litigated by this Court in the default judgment issued against Monroe. The determination of Monroe's rights would be decisive in an action which Balaguer may bring as a subrogee to Monroe's rights. Additionally, Balaguer had a full and fair opportunity to oppose the default motion in which United National's obligation to Monroe was adjudicated. However, Balaguer

---

[1] New York law applied in this case because we have a New York insured who was issued the policy in New York.

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

HON. JUSTICE P. KEVIN CASTEL
MAY 7, 2008
PAGE 3 OF 3

chose not to oppose that motion. Collateral estoppel will apply to a default motion where a party against whom preclusion is sought had an opportunity to appear in the prior action, yet does not take part in the proceeding despite the opportunity to do so. See In the Matter of Samuel A. Abady, 22 A.D.3d 71, 800 N.Y.S.2d 651 (1st Dep't 2005). As United National's motion was made on notice to both Monroe and Balaguer, and neither opposed it, the determination in that default judgment will have a preclusive affect on both parties.

Based on the above undisputed facts and law, United National is entitled to a summary judgment against Balaguer. As Balaguer can have no greater rights under United National's policy with Monroe than Monroe, Balaguer cannot seek to relitigate this Court's adjudication of Monroes rights under the policy. Therefore, this Court should allow United National to move for summary judgment against Balaguer.

Respectfully submitted,
MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

Steven Verveniotis (SV 8800)

cc:
Michael C. Beatty
Feldman, Kronfeld & Beatty
42 Broadway, 19th Floor
New York, NY 10004

*[Handwritten note: Premotion conference requested is waived by May 23. File motion due June 13, Response due June 24, and as reply due. SO ORDERED. /s/ PKC USDJ 5-7-08]*

TOTAL P.004