**FELDMAN, KRONFELD & BEATTY**
ATTORNEYS AT LAW
42 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10004

TEL: (212) 425-0230
FAX: (212) 809-6174

LONG ISLAND OFFICE
45 NORTH STATION PLAZA
GREAT NECK, N.Y. 11021
(516) 482-2282

# MEMO ENDORSED

May 12, 2008

Via facsimile (212)805-7949
Honorable Justice P. Kevin Castel
United State District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/08

Re: United National Specialty v. 1854 Monroe, et al.
Docket No. 07 CV 10934 (PKC) (THK)

> *[Handwritten endorsement:]* The letter will be deemed an application to reconsider this Court's Order of May 7, waiving the premotion conference requirement. As such, it is denied. Defendant will be permitted, of course, to present their arguments in response to the motion. SO ORDERED. /s/ P. Kevin Castel, USDJ 5-12-08

Dear Judge Castel:

We represent the co-defendant, Eulalia Balaguer in this declaratory judgment action. We write in regard to the request of plaintiff's counsel for a pre-motion conference.

It is our position that the position of the plaintiff has no merit. The co-defendant has standing to challenge the disclaimer of the plaintiff [*Lauritano v. American Fidelity Fire Insurance Company*, 3 AD 564, 162 NYS2d 553 (1st Dept. 1957)].

The carrier has issued a disclaimer for one stated reason, that of untimeliness of notice by the insured. The carrier did not issue a disclaimer until 32 days following notice of the underlying claim. It is clear from the controlling statute and prevailing case law that the failure of the carrier to act promptly in issuing a disclaimer renders the disclaimer invalid. New York CPLR 3420(d) and cases promulgated thereunder, such as *First Financial Insurance Company v. Jetco Contracting*, 1 NY3rd 64, 769 NYS2d 459 (2003) and *Sirius American Insurance Company v. Vigo Construction Corp, et al.*, 48 AD3rd 450, 852 NYS2d 176 (2nd Dept. 2008), support this position.

Re: United National Specialty v. 1854 Monroe, *et al.*
   Docket No. 07 CV 10934 (PKC) (THK)

Page 2

Further, the plaintiff is not permitted to expand the bases for its disclaimer beyond that asserted in its disclaimer letter [*General Accident Insurance Group v. Cirucci,* 46 NY2d 862, 414 NYS2d 512 (1979)]. As such, summary judgment is warranted and the complaint should be dismissed.

We have demanded discovery from the plaintiff which has gone unanswered and is due and outstanding. However, the facts on their face would indicate that the carrier's actions were untimely. Specifically, the date upon which the underlying claim arose was immediately known to the carrier when it was first given notice. [Notice may be given to the carrier by the injured party, *Massachusetts Bay Insurance Company v. Flood,* 128 AD2d 683, 513 NYS2d 182 (2nd Dept. 1987)]. That single fact -- the date of the occurrence -- was the only information the carrier required to conclude that there was late notice. There is no reasonable explanation for a delay in excess of one month to generate a disclaimer. Although the carrier alleges in its complaint that a disclaimer was generated on August 2, 2006, that allegation cannot be supported. The disclaimer was issued August 21, 2007 by letter from the carrier 32 days after notice was received.

Thus, we join in the request for a pre-motion conference, to address these issues and those raised by plaintiff's counsel, before the filing of papers.

Respectfully submitted,

FELDMAN, KRONFELD & BEATTY

By: *[signature]*
   MICHAEL C. BEATTY

MCB:ab
cc: Miranda Sokoloff Sambursky Slone Verveniotis
   ATTN: Michael Miranda, Esq.
   Via facsimile 516-741-9060