UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

DocketNo:07-CV-10934
(PKC)(THK)

Plaintiff,

-against-

**DECLARATION IN SUPPORT OF SUMMARY JUDGMENT**

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

Defendants.

------------------------------------------------------------------------x

**STEVEN VERVENIOTIS**, an attorney duly admitted to practice law before the Courts of the State of New York, and this Court declares the truth of the following, subject to the penalties of perjury:

1. I am a member of the law firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff, United National Specialty Insurance Company ("United National") in the above-captioned Insurance Coverage action. As such, I am fully familiar with the facts and circumstances at issue in this case.

2. I submit this Declaration in support of plaintiff United National's motion for summary judgment against Eulalia Balaguer ("Balaguer") in view of the default judgment recently entered in this action against United National's insured 1854 Monroe Avenue H.D.F.C. ("Monroe")

3. This Court should grant summary judgment based on the grounds set forth in this Declaration, the affidavit of Mark Smith and the accompanying Memorandum of Law. Briefly, there are no issues of fact at bar, as the relevant documents are a matter of the public record of this Court. This Declaration is submitted in order to place before the Court the pleadings and the

default judgment against Monroe, in this coverage action, which prove that Balaguer can neither presently nor in the future maintain a direct action against United National.

4.  On or about October 9, 2007, United National filed a declaratory judgment complaint in this Court seeking a declaration from the Court that it had no obligation to defend and indemnify its insured 1854 Monroe Avenue H.D.F.C or the claimant/plaintiff, Balaguer in an underlying personal injury action commenced by Balaguer against Monroe in the Supreme Court for the State of New York, Bronx County, captioned Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation, under index number 15713/07.  See Exhibit "A" for a copy of United National's declaratory judgment complaint.

5.  In the declaratory judgment complaint, United National claims that it had no obligation to defend or indemnify Monroe or Balaguer based on their failure to provide United National with timely notice of the occurrence or claim which gave rise to Balaguer's underlying personal injury action, in violation of a precondition to coverage under United National's policy with Monroe.  See Exhibit "A" for a copy of United National's declaratory judgment complaint.

6.  On or about March 20, 2008, United National moved, on notice to all parties for a default judgment against its insured, Monroe based on Monroe's failure to answer the declaratory judgment complaint or to otherwise appear in this coverage action.  This motion went unopposed by either Monroe or Balaguer.  See Exhibit "B" for a copy of United National's motion for default and the exhibits attached thereto.

7.  On or about April 8, 2008, this Court entered a default judgment against Monroe and Ordered, Adjudged and Decreed that United National has no obligation to defend or indemnify its insured Monroe in the underlying personal injury action brought by Balaguer.  See Exhibit "C" for a copy of the Courts default judgment against Monroe.

**WHEREFORE**, United National requests an order from the Court granting United National summary judgment declaring:

1)    that this Court's previous finding against 1854 Monroe Avenue H.D.F.C. in this action is binding as against Eulalia Balaguer and warrants summary judgment against Eulalia Balaguer as a matter of law; and

2)    that United National is entitled to a declaration that it has no obligation to Eulalia Balaguer under the policy of insurance that United National issued to 1854 Monroe Avenue H.D.F.C. with regards to the claims asserted or any judgment obtained in an underlying personal injury action commenced by Eulalia Balaguer against 1854 Monroe Avenue H.D.F.C. in the Supreme Court for the State of New York, Bronx County, captioned Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation, under index number 15713/07; and

3)    for such other and further relief as this court deems just, equitable and proper.

DATED:      Mineola, New York
            May 14, 2008

_____
STEVEN VERVENIOTIS (SV-8800)

3

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                      Plaintiff,

               -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                      Defendants.

-------------------------------------------------------------------x

CIV:

**COMPLAINT**

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly incorporated in the State of Wisconsin under the laws of Wisconsin conducting and licensed to do business in New York.

2. At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant 1854 MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York 10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED NATIONAL'S policy of insurance number L7180545, as well as the provisions of said policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability· Policy, policy number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

(2) The name and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to indemnify MONROE or EULALIA BALAGUER.

**WHEREFORE**, plaintiff, UNITED NATIONAL prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545, with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:     Mineola, New York
           November 27, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for the Plaintiff
                              **UNITED NATIONAL SPECIALTY
                              INSURANCE        COMPANY**


                        By:_____
                              Michael A. Miranda
                              The Esposito Building
                              240 Mineola Boulevard
                              The Esposito Building
                              Mineola, New York 11501
                              (516) 741-7676
                              Our File No.: 07-544

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

Docket No.: 07-CV-10934
(PKC) (THK)

                        Plaintiff,

**NOTICE OF MOTION FOR**
**DEFAULT**

         -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                        Defendants.
-------------------------------------------------------------x

      **PLEASE TAKE NOTICE**, that upon the annexed Declaration of Adam I. Kleinberg,

dated March 10, 2008, and upon all prior pleadings and proceedings, the undersigned will move

this Court, before the Honorable P. Kevin Castel, on a date and time to be designated by the

Court, at the United States Courthouse for the Southern District of New York, located at 500

Pearl Street, New York, New York 10007, for an order granting plaintiff, UNITED NATIONAL

SPECIALTY INSURANCE COMPANY, a default judgment as against defendant 1854

MONROE AVENUE H.D.F.C., pursuant to Rule 55 of the Federal Rules of Civil Procedure,

declaring that UNITED NATIONAL SPECIALTY INSURANCE COMPANY is not obligated

to defend or indemnify defendant 1854 MONROE AVENUE H.D.F.C. in the action entitled

*Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation*, Index

Number 15713/07, in the Supreme Court of the State of New York, Bronx County, on the

ground that defendant has failed to timely answer and/or otherwise move with respect to the

complaint in this action, and for such other and further relief as this Court deems just, equitable,

and proper.

Dated: Mineola, New York
      March 17, 2008

                                MIRANDA SOKOLOFF SAMBURSKY
                                SLONE VERVENIOTIS LLP
                                Attorneys for Plaintiff
                                **UNITED NATIONAL SPECIALTY**
                                **INSURANCE COMPANY**

                                By:_____
                                  Adam I. Kleinberg (AIK-0468)
                                240 Mineola Boulevard
                                The Esposito Building
                                Mineola, New York 11501
                                (516) 741-7676
                                Our File No.: 07-544

TO:    1854 Monroe Avenue H.D.F.C.
        c/o Monica Acevedo
        Non-Appearing Defendant
        1854 Monroe Avenue
        Bronx, New York 10457

        Michael C. Beatty
        FELDMAN, KRONFELD & BEATTY
        Attorneys for the Defendant Eulalia Balaguer
        42 Broadway, 19th Floor
        New York, NY 10004
        212-425-0230

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                       ) ss.:

COUNTY OF NASSAU    )

       Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action,

is over 18 years of age and resides in Long Beach, New York.

       That on March 19, 2008, deponent served the within **NOTICE OF MOTION FOR**

**DEFAULT AND DECLARATION IN SUPPORT** upon:

| | |
|---|---|
| 1854 Monroe Avenue H.D.F.C. | Michael C. Beatty |
| c/o Monica Acevedo | FELDMAN, KRONFELD & BEATTY |
| Non-Appearing Defendant | Attorneys for the Defendant Eulalia Balaguer |
| 1854 Monroe Avenue | 42 Broadway, 19th Floor |
| Bronx, New York 10457 | New York, NY 10004 |

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same

enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Post Office Department within the State of New York.

                                           Leila Krim

Sworn to before me this
day of March 2008.

NOTARY PUBLIC

Melissa L. Holtzer
Notary Public, State of New York
No. 02HO6171185
Qualified in Nassau County
Commission Expires 7/23/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                  Plaintiff,

         -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                Defendants.
--------------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC)

**<u>DECLARATION IN
SUPPORT OF DEFAULT
MOTION</u>**

**ADAM I. KLEINBERG**, an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

    1.    I am a member of the Bar of this Court and am a partner with the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

    2.    I make this declaration pursuant to Fed. R. Civ. Pro. 55 and Local Rules 55.1 and 55.2 for the Southern District of New York, in support of the plaintiff's application for the entry of a default judgment against defendant 1854 MONROE AVENUE H.D.F.C.

    3.    Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY (hereinafter "UNITED NATIONAL"), commenced this action seeking a declaration that it has no duty to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. with respect to claims asserted in the underlying action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation,* Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County (the "underlying action"). A copy of the Summons and Complaint in this action are attached as Exhibit A.

4.    Jurisdiction of the subject matter of this action is afforded under 28 U.S.C. §1332 and is based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  In this regard, plaintiff is a Wisconsin corporation and defendant 1854 Monroe Avenue H.D.F.C. is a New York corporation, and defendant Eulalia Balaguer is a New York resident.

5.    This Court has personal jurisdiction over defendant 1854 Monroe Avenue H.D.F.C. by virtue of it being a New York corporation and because it was served within the State of New York through its registered agent.

6.    None of the defendants in this case is an infant or incompetent.

7.    United National commenced this action by the filing of the Summons and Complaint on November 30, 2007.  See Exhibit A.

8.    A copy of the Summons and Complaint was served on defendant 1854 Monroe Avenue H.D.F.C. on December 15, 2007.  A copy of the Affidavit of Service is attached as Exhibit B.

9.    Defendant 1854 Monroe Avenue H.D.F.C has not answered or otherwise moved with respect to the Complaint and the time for the defendant to do so has now expired.

10.    An original copy of a Certificate of Default signed by the Clerk of the Court is attached as Exhibit C.

11.    Accordingly, it is respectfully submitted that plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY is entitled to a default judgment against non-answering defendant 1854 Monroe Avenue H.D.F.C.

12.    **WHEREFORE,** plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY respectfully requests that this Court enter an order and judgment declaring that

plaintiff is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C in the

Underlying Action, together with such other and further relief as this court deems just, equitable

and proper.

Dated: Mineola, New York
      March 10, 2008

_____
ADAM I. KLEINBERG (AIK-0468)

# Exhibit A

JUDGE CASTEL

07 CV 10984

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY

V.

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

1854 Monroe Avenue H.D.F.C.
c/o Monica Acevedo
1854 Monroe Avenue
Bronx, New York  10457

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn:  Steven Verveniotis
240 Mineola Boulevard
Mineola, New York  11501

an answer to the complaint which is served on you with this summons, within _____ thirty (30) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    NOV-3 0 2007

_____    _____
CLERK                                DATE

_____
(By) DEPUTY CLERK

JUDGE CASTEL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED   NATIONAL   SPECIALTY   INSURANCE          CIV:
COMPANY,

                                    Plaintiff,                      **COMPLAINT**

                    -against-

1854  MONROE  AVENUE  H.D.F.C.  and  EULALIA
BALAGUER,

                                    Defendants.
------------------------------------------------------------------x

        Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED

NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE

VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as

follows:

**THE PARTIES**

1.  At all times hereinafter mentioned, plaintiff was and still is a corporation duly

    incorporated in the State of Wisconsin under the laws of Wisconsin conducting and

    licensed to do business in New York.

2.  At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance

    in the State of New York.

3.  Upon information and belief, at all times hereinafter mentioned, defendant 1854

    MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under

    and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA
BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York
10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in
controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C.
Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that
the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED
NATIONAL'S policy of insurance number L7180545, as well as the provisions of said
policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C.
Section 2201, of the rights and obligations of the plaintiff as to the provisions of the
aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and
defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability Policy, policy
number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007,
which affords coverage in accordance to its terms, provisions, and conditions (the
"Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation</u>, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The name and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.     If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does

    not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does

    not have a duty to indemnify MONROE or EULALIA BALAGUER.

**WHEREFORE**, plaintiff, UNITED NATIONAL prays that judgment be made and

entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or

EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545,

with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper,

and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:      Mineola, New York
            November 27, 2007

                                MIRANDA SOKOLOFF SAMBURSKY
                                SLONE VERVENIOTIS LLP
                                Attorneys for the Plaintiff
                                **UNITED NATIONAL SPECIALTY
                                INSURANCE        COMPANY**


                        By:_____
                                Michael A. Miranda
                                The Esposito Building
                                240 Mineola Boulevard
                                The Esposito Building
                                Mineola, New York 11501
                                (516) 741-7676
                                Our File No.: 07-544

# Exhibit B

Case 1:07-cv-10934-PKC    Document 21-3    Filed 05/21/2008    Page 16 of 18
Case 1:07-cv-10934-PKC    Document 15    Filed 03/20/2008    Page 12 of 14

Case 1:07-cv-10934-PKC    Document 5    Filed 01/30/2008    Page 1 of 1

**DISTRICT COURT OF THE STATE OF NEW YORK**
**COUNTY OF SOUTHERN**

*Maverick Process  516-693-1100*

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

Petitioner(s)

Plaintiff(s)

- against -

1854 MONROE AVENUE H.D.F.C. AND EULALIA BALAGUER,

Defendant(s)

Respondent(s)

| | |
|---|---|
| ATTORNEY | SOKOLOFF    20034 |
| RETURN DATE | |
| INDEX NO | 07 CV 10934 |
| INDEX DATE | 11/30/2007 |
| CALENDAR NO | |
| 3rd PARTY INDEX# | |
| HON. JUDGE CASTEL | |

STATE OF NEW YORK: COUNTY OF NASSAU                SS:        **AFFIDAVIT OF SERVICE**

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION
AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/15/2007      at  11:05 AM      at  1854 MONROE AVENUE APT 2E, BRONX, NY 10457

deponent served the within  SUMMONS IN A CIVIL ACTION & COMPLAINT

upon

1854 MONROE AVENUE H.G.F.C. C/O MONICA
ACEVEDO

☑ *Said Documents Were Properly Endorsed with the Index Number and Date of Filing thereon*

witness/defendant/respondent (hereafter called the recipient) therein named.

**A. Individual**  By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient there!
☐

**B. Corp/**  ☑ By delivering to and leaving with    MONICA ACEVEDO                                and that he knew the person
**Prtnshp**  so served and authorized to accept service to ☐ an officer ☐ Director ☑ managing agent or general agen ☐ cashier ☐ AsstCashier
☐ Agent authorized by appointment or by law to receive service.

**C. Suitable**  By delivering thereat a true copy of each to                          a person of suitable age and discretion.
**Age Person**  Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state
☐

**D. Affixing**  By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place
**to Door, Etc.**  ☐ usual place of abode within the state.   Deponent was unable, with due diligence to find recipient or a person of suitable age
☐  discretion, thereat, having called there

@              ,              @              ,              @

Deponent talked to                          who stated that recipient ☐ lived ☐ worked there.

**E. Mailing**  On                          Deponent completed said service under the last two sections by mailing a copy of
**W/B,C or**  the above named process by First Class Mail addressed to the witness/defendant/respondent to the above address of service which
☐  is recipient's: ☐ last known residence ☐ last known place of business  (with additional endorsement of Personal and Confidential
on face of envelope.)

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**F. DRL**  The required notice was legibly printed on the face of the summons.  I identified the defendant by photograph annexed hereto
**Sec232**  which was provided by the plaintiff.
☐

**G.**
**Description**

| SEX | SKIN COLOR | HAIR COLOR | AGE (approx.) | HEIGHT (approx.) | WEIGHT (approx.) |
|---|---|---|---|---|---|
| F | LT BROWN | BLACK | 35 | 5'0" | 140 |

☑  OTHER

**Sec.8001Fee**  A fee of  $0.00 , pursuant to CPLR Section 8001, was tendered to the witness.
☐

**Military**  I asked the person spoken to whether the defendant/respondent was in active military service of the United States or of the
☐  State of New York in any capacity whatever and received a negative reply. Defendant/Respondent wore ordinary civilian
clothers and no military uniform. The source of my information and the grounds of my belief are the conversations and
observations above narrated. Upon information and belief I aver that the defendant/respondent is not in the military service of
New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn Before me this day  17  of

DECEMBER                    2007

_(signature)_
(NOTARY PUBLIC)

DONNA L. ODRISCOLL
NOTARY PUBLIC, State of New York
No. 01OD6126123
Qualified in Nassau County
Commission Expires on 4/25/2009

_(signature)_

DAVID A SMITH #0912050

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                      Plaintiff,

            -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                   Defendants.
---------------------------------------------------------------x

Docket No.: 07-CV-10934
         (PKC)

**CERTIFICATE OF DEFAULT**

      I, J. Michael McMahon, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that a review of the docket entries in the above-entitled action indicates that the defendant 1854 Monroe Avenue H.D.F.C was served through the Secretary of State with the Summons and Complaint in the above-entitled action on December 15, 2007 and that proof of such service thereof was filed on January 30, 2008; and

      I further certify that the docket entries indicate that defendant 1854 Monroe Avenue H.D.F.C has not filed an answer or otherwise moved with respect to the complaint herein.

      The default of the defendant 1854 Monroe Avenue H.D.F.C is hereby noted.

Dated: New York, NY
    3 | 7   , 2008

                         J. Michael McMahon
                         Clerk of the Court

                         By:_____
                             Deputy Clerk

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                                        Plaintiff,

                    -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                                        Defendants.
-------------------------------------------------------------x

Docket No.: 07-CV-10934
            (PKC)

**DEFAULT JUDGMENT**

> **USDS SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> DOC #: _____
> DATE FILED: 4/8/08

This action having been commenced on November 30, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on defendant 1854 Monroe Avenue H.D.F.C on December 15, 2007, and proof of service having been filed on January 30, 2008, the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: that the plaintiff, United National Specialty Insurance Company, is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. in the action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation*, under Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County.

Dated: New York, NY
       _____, 2008

                                        _____
                                        U.S.D.J.

                                        This document was entered on the docket on

                                        _____

1

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                             ) ss.:

COUNTY OF NASSAU    )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on May 21, 2008, deponent served the within **NOTICE OF MOTION AND DECLARATION IN SUPPORT OF SUMMARY JUDGMENT** upon:

Michael C. Beatty
FELDMAN, KRONFELD & BEATTY
Attorneys for the Defendant Eulalia Balaguer
42 Broadway, 19th Floor
New York, NY 10004

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Leila Krim

Sworn to before me this 21 st
day of May 2008.

_____
NOTARY PUBLIC

KATHLEEN C. WITT
Notary Public, State of New York
No. is 01WI5054504
Qualified in Nassau County
Commission Expires January 16, 2010