UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                            Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                            Defendants.
------------------------------------------------------------------------x

DocketNo:07-CV-10934 (PKC)(THK)

## MEMORANDUM OF LAW

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for Plaintiff - UNITED NATIONAL INSURANCE COMPANY
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No. 07-544

Of counsel:
      Steven Verveniotis, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………………………..ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

POINT I ................................................................................................................................2

    BALAGUER, AS A CLAIMANT TO THE POLICY, CAN HAVE NO GREATER
    RIGHT AGAINST UNITED NATIONAL THAN ITS INSURED, MONROE, AND
    BALAGUER IS COLLATERALLY ESTOPPED FROM RELITIGATING THIS
    COURT'S DETERMINATION OF MONROE'S RIGHTS UNDER THE POLICY........2

CONCLUSION......................................................................................................................7

# **TABLE OF AUTHORITIES**

## Cases

Curiale v. Andra Ins. Co., Ltd. 202 A.D.2d 252, 608 N.Y.S.2d 464 (1st Dep't 1994) .....................5

D'Arata v. New York Central Mutual Fire Insurance Company, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990)...........................................................................................................................3, 4, 5

Douglas Oest, et al. v. Excelsior Insurance National-Nederlanden North American Property and Casualty Group, 170 Misc.2d 787, 656 N.Y.S.2d 89 (2d Dep't 1996) .......................................3

In the Matter of Samuel A. Abady, 22 A.D.3d 71, 800 N.Y.S.2d 651 (1st Dep't 2005) ..............3, 5

Juan C. v. Cortines, 89 N.Y.2d 659, 657 N.Y.S.2d 58 (1997) ........................................................3

Lang v. Hanover Insurance Company, 3 N.Y.3d 350, 787 N.Y.S.2d 211 (2004)...........................2

Martin v. Geico Direct Ins., 31 A.D.3d 505, 818 N.Y.S.2d 265 (2d Dep't 2006) ..........................3

New York Central Mutual Fire Insurance Company v. Kilmurry et al., 181 A.D.2d 40, 585 N.Y.S.2d 599 (3rd Dep't 1992) .................................................................................3, 4, 6

Royal Zenith Corp. v. New York Marine Managers, 192 A.D.2d 390, 596 N.Y.S.2d 65 (1st Dep't 1993)...........................................................................................................................................3

Shoretz v. Nationwide Ins. Co, 2002 WL 1492135 (SDNY 2002) .................................................3

Wenig v. Glen Falls Indemnity Company, 294 N.Y.2d 195, 61 N.E.2d 442 (1945) ......................3

## Statutes

Insurance Law § 3420(b)(1). ..........................................................................................................2

## **PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY's ("United National") motion for summary judgment against claimant, EULALIA BALAGUER ("Balaguer").

This is an insurance coverage action in which the parties seek a declaratory judgment with respect to a claimant's rights under an insurance policy. Briefly, this Court entered a default judgment against United National's insured, 1854 MONROE AVENUE H.D.F.C. ("Monroe"), declaring that United National has no duty to defend or indemnify Monroe in an underlying personal injury action brought against Monroe by Balaguer ("underlying action"). Under New York Law, a claimant does not have standing to bring an action directly against an insurer, unless that claimant has a judgment against the insured. Therefore, as Balaguer has not obtained a judgment against Monroe, she currently has no standing to bring a direct action against United National.

Additionally, Balaguer is collaterally estopped from re-litigating the issue of Monroe's rights under its insurance policy with United National. Under New York Law, after obtaining a judgment against an insured, that claimant may bring an action directly against that insured's insurer. However, when a claimant, such as Balaguer, brings a direct action against an insurer, it does so as a subrogee of the insured and can have no greater right against an insurer than the insured. As this Court has already entered a judgment declaring that Monroe has no right to defense or indemnity from United National under the policy, this issue has been fully litigated. Therefore, even if Balaguer obtains a judgment against Monroe, she will be estopped from relitigating the issue of Monroe's rights under the policy, preventing her from collecting on that judgment from United National.

Therefore, United National is entitled to summary judgment against Balaguer, as she currently lacks standing to bring an action directly against United National, and will be estopped from bringing such an action at any time in the future.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Steven Verveniotis, Affidavit of Mark Smith and 56.1 Statement. The Court is respectfully referred to same.

## POINT I

**BALAGUER, AS A CLAIMANT TO THE POLICY, CAN HAVE NO GREATER RIGHT AGAINST UNITED NATIONAL THAN ITS INSURED, MONROE, AND BALAGUER IS COLLATERALLY ESTOPPED FROM RELITIGATING THIS COURT'S DETERMINATION OF MONROE'S RIGHTS UNDER THE POLICY**

Under New York law[1], it is well established that a claimant is permitted to bring a direct action against an insurer. See Insurance Law § 3420(b)(1). However, a claimant lacks standing to bring a direct action against an Insurance Company unless it: 1) obtains a judgment against the alleged tortfeasor insured by the insurance company; 2) serves the insurance company with a copy of the judgment; and 3) awaits payment for thirty (30) days. See Lang v. Hanover Insurance Company, 3 N.Y.3d 350, 787 N.Y.S.2d 211 (2004). At bar, as Balaguer has not obtained a judgment against United National's insured, Monroe, she has no standing to bring an action directly against United National.

Even if Balaguer were able to obtain a judgment against Monroe, she would still be estopped from bringing a direct action against United National to collect on that judgment. When a claimant maintains a direct action against an insurer on a policy to which that claimant is a stranger, the claimant stands in the shoes of the insured and can have no greater rights against

---

[1] New York law applies in this diversity dispute as the policy was issued to a New York insured in New York.

2

the insurer than the insured. See D'Arata v. New York Central Mutual Fire Insurance Company, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990); Wenig v. Glen Falls Indemnity Company, 294 N.Y.2d 195, 61 N.E.2d 442 (1945); Douglas Oest, et al. v. Excelsior Insurance National-Nederlanden North American Property and Casualty Group, 170 Misc.2d 787, 656 N.Y.S.2d 89 (2d Dep't 1996); Royal Zenith Corp. v. New York Marine Managers, 192 A.D.2d 390, 596 N.Y.S.2d 65 (1st Dep't 1993); New York Mutual Fire Insurance Co. v. Kilmurray, et al., 181 A.D.2d 40, 585 N.Y.S.2d 599 (3d Dep't 1992); Shoretz v. Nationwide Ins. Co, 2002 WL 1492135 (SDNY 2002).

Under the above-referenced law, Balaguer could seek to collect a judgment against United National only if she could first prove that United National owed some duty of defense or indemnity to Monroe. As Balaguer can have no rights against United National that Monroe does not have, Balaguer would have to litigate Monroe's rights under the policy. See D'Arata *supra*. However, at bar, this Court has already entered a judgment declaring that United National is not obligated to defend or indemnify its insured, Monroe under the policy issued by United National to Monroe.

Estoppel is an equitable doctrine based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it. Under New York Law, estoppel has two requirements: 1) the identical issue was necessarily decided in the prior action and is decisive in the present action; and 2) the party to be precluded from relitigating must have had a full and fair opportunity to litigate. D'Arata, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990); Juan C. v. Cortines, 89 N.Y.2d 659, 657 N.Y.S.2d 58 (1997); Martin v. Geico Direct Ins., 31 A.D.3d 505, 818 N.Y.S.2d 265 (2d Dep't 2006); In the Matter of Samuel A. Abady, 22 A.D.3d 71, 800 N.Y.S.2d 651 (1st Dep't 2005).

3

The Court of Appeals has held that for collateral estoppel purposes, a claimant is in privity with an insured party, when that claimant seeks a direct action against the insured party's insurer. See D'Arata *supra*. (holding the inevitable consequence of claimant's election to proceed against defendant under Insurance Law § 3420(b)(1) is that he is in legal privity with the name insured for collateral estoppel analysis). See also New York Mutual Fire Insurance Co. v. Kilmurray, 181 A.D.2d 40, 585 N.Y.S.2d 599 (3d Dep't 1992). Therefore, if Balaguer were to obtain a judgment against Monroe and commence a direct action against Monroe's insurer, as a subrogee of Monroe, Balaguer and Monroe would be considered to be in privity for the purpose of estoppel analysis.

After establishing privity, the next prong of the estoppel analysis seeks to determine whether the identical issue was necessarily decided in the prior action and is decisive in the present action. See D'Arata *supra*. This Court has entered a judgment declaring that United National has no duty to defend or indemnify Monroe. The issue of United National's obligations to Monroe is precisely the same issue that Balaguer would seek to relitigate if she brings a direct action against United National after securing a judgment against Monroe. In order for a future Court to determine that United National is obligated to compensate Balaguer for a judgment against Monroe, that Court would first have to find that United National is obligated to compensate Monroe for that expense under the policy. However, this Court has already Ordered, Decreed and Adjudged that United National has no duty to defend or indemnify Monroe under the policy; therefore Balaguer will be attempting to re-litigate this issue.

Further, it is clear that this Court's determination of United National's obligations to Monroe in the current action, would be decisive in a future action brought by Balaguer against

4

United National. Balaguer would be seeking to collect its judgment against Monroe from United National, as a subrogee of Monroe. See D'Arata *supra*. This means that Balaguer would be stepping into Monroe's shoes and assuming whatever rights Monroe has as against United National. Therefore, this Court's determination as to Monroe's rights in this action would be decisive in Balaguer's potential action.

The final prong of the estoppel analysis is whether the party seeking to re-litigate the issue had a full and fair opportunity to litigate the issue in the proceeding below. See D'Arata *supra*. At bar, Balaguer had a full and fair opportunity to litigate this issue before the default judgment was entered against Monroe. United National made its motion for default on notice to both Monroe and Balaguer, yet neither party submitted opposition to that motion. Balaguer was a party to the proceeding and had a full and fair opportunity to raise her objections to the entry of a default against Monroe or to inform the Court of how that default may affect her rights. New York Courts have held that collateral esstoppel will apply to default judgments where the party against whom preclusion is sought appears in the prior action, yet does not take part in the proceeding despite an opportunity to do so. See In re Abady *supra*; see also Curiale v. Andra Ins. Co., Ltd., 202 A.D.2d 252, 608 N.Y.S.2d 464 (1st Dep't 1994). Therefore, as Balaguer was a party to the default action and failed to participate in it, she cannot claim that she did not have a fair opportunity to litigate the coverage issue when she elected to allow a default judgment to be entered against the insured without raising any objection.

Even if Balaguer obtains standing to bring an action directly against United National by obtaining a judgment against Monroe, Balaguer will be collaterally estopped from bringing that action, as she will be attempting to relitigate this Court's determination of United National's

obligations to Monroe under the policy. Balaguer will be collaterally estopped from bringing the direct action because she is in privity with Monroe for purposes of a collateral estoppel assessment. The determination of United National's obligations to Monroe under the policy is the precise issue litigated at bar and would be the precise issue to be litigated again in the direct action, and Balaguer was part of the default action and had a full and fair opportunity to litigate it.

The same result was reached in New York Central Mutual Fire Insurance Company v. Kilmurry et al., 181 A.D.2d 40, 585 N.Y.S.2d 599 (3rd Dep't 1992). In that case, New York Mutual brought a declaratory judgment action against its insured Kilmurry and a claimant Czapko, seeking a declaration that it had no duty to defend or indemnify either in an underlying action commenced by Czapko against Kilmurry. A judgment was entered upon consent with the insured declaring that plaintiff had no duty to defend or indemnify the insured, and then New York Mutual moved for and received summary judgment against claimant Czapko. Czapko appealed to the Third Department. On appeal, the majority of the Court held that since the insured Kilmurry would be precluded from re-litigating the issue of their rights under the policy of insurance with New York Mutual, the preclusive effect of the judgment is also applicable to the claimant Czapco; therefore, New York Mutual was entitled to a declaration that Czapko was barred from bringing a direct action against the insured. However, Justice Mikoll, while agreeing with the outcome, applied a more simple rationale in his concurring opinion. Justice Mikoll stated that because the claimant stands in the shoes of the insured and can have no greater rights under the policy than the insured, the entry of a judgment against the insured extinguished the claimant's claim against the insurer.

The bottom line is that once this Court entered a judgment declaring that United National had no duty to defend or indemnify Monroe, it also immediately extinguished any claim that Balaguer could have against United National. Balaguer, even if she had standing to bring the action as subrogee of Monroe, she would be "stepping into the shoes" of a party that has no right to indemnity from United National under the policy. Therefore Balaguer has no basis to recover any damages imposed against Monroe from United National. Consequently, United National is entitled to summary judgment declaring that it has no obligations to Balaguer under the policy that it issued to Monroe.

## CONCLUSION

In view of the foregoing, defendant United National Specialty Insurance Company requests that the Court grant its motion for summary judgment declaring:

1) that this Court's previous finding against 1854 Monroe Avenue H.D.F.C. in this action is binding as against Eulalia Balaguer and warrants summary judgment against Eulalia Balaguer as a matter of law; and

2) that United National is entitled to a declaration that it has no obligation to Eulalia Balaguer under the policy of insurance that United National issued to 1854 Monroe Avenue H.D.F.C. with regard to the claims asserted or any judgment obtained in an underlying personal injury action commenced by Eulalia Balaguer against 1854 Monroe Avenue H.D.F.C. in the Supreme Court for the State of New York, Bronx County, captioned <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation</u>, under Index Number 15713/07; and

3) for such other and further relief as this court deems just, equitable and proper.

Dated: Mineola, New York
      May 14, 2008

                MIRANDA SOKOLOFF SAMBURSKY
                SLONE VERVENIOTIS LLP
                Attorneys for UNITED NATIONAL SPECIALTY
                INSURANCE COMPANY

                _____
                Steven Verveniotis (SV-8800)
                240 Mineola Boulevard
                The Esposito Building
                Mineola, New York 11501
                (516) 741-7676
                Our File No. 07-544\

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on May 21, 2008, deponent served the within **MEMORANDUM OF LAW** upon:

Michael C. Beatty
FELDMAN, KRONFELD & BEATTY
Attorneys for the Defendant Eulalia Balaguer
42 Broadway, 19th Floor
New York, NY 10004

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Leila Krim

Sworn to before me this 21st
day of May 2008.

_____
NOTARY PUBLIC

**KATHLEEN C. WITT**
**Notary Public, State of New York**
**No. is 01WI5054504**
**Qualified in Nassau County**
**Commission Expires January 16, 2010**