UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                         Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                         Defendants.
------------------------------------------------------------------x

DocketNo:07-CV-10934
(PKC)(THK)

**56.1 STATEMENT**

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY, (hereinafter "United National"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, as and for their required statement of material facts, pursuant to Rule 56.1 of the Local Rules of this Court, state that there are no material issues of fact with respect to the following:

**POLICY**

1. United National issued a policy of insurance to, to 1854 Monroe Avenue H.D.F.C. ("Monroe") numbered L718054 for the period from May 5, 2006, through May 5, 2007 (hereinafter "the policy"). See Exhibit "A" to the Affidavit of Mark Smith for a copy of the policy.

**OCCURRENCE AND DISCLAIMER**

2. Claimant Eulalia Balaguer alleges in her complaint in an underlying personal injury action commenced against Monroe in the Supreme Court for the State of New York, Bronx County, captioned Eulalia Balaguer v. 1854 Monroe Avenue Housing and

Development Corporation, under index number 15713/07 that on or about December 20, 2006, while lawfully on the premises located at 1854 Monroe Avenue, Bronx, New York, which is owned, operated and maintained by Monroe she was caused to fall and injure herself due to the negligence of Monroe. See Exhibit "B" to the Affidavit of Mark Smith for a copy of Balaguer's complaint in the underlying action.

3. On July 20, 2007, United National received its first notice of the occurrence and claim involving Balaguer's fall on December 20, 2006; this was a delay of seven months. See Exhibit "B" to the Affidavit of Mark Smith for a copy of the Acord Loss form, fax cover sheets from Monroe's insurer, Murphy and Jordan, LLC and United National's agent, Morstan General Agency, along with the summons and complaint in the underling action.

4. On August 2, 2007, United National sent a letter to Monroe urging Monroe to cooperate with United National's investigation into Balaguer's claim so that United National could render a coverage decision, or United National would be forced to disclaim coverage based on Monroes lack of cooperation. See Exhibit "C" to the Affidavit of Mark Smith for a copy of United National's demand for cooperation.

5. On August 21, 2007, after having an opportunity to adequately investigate Balaguer's claim, United National disclaimed coverage to Monroe and Balaguer based on their failure to comply with the policy's precondition to coverage that United National receive timely notice of an occurrence or claim. See Exhibit "D" to the Affidavit of Mark Smith for a copy of United National's Disclaimer.

**DECLARATORY JUDGMENT ACTION**

6. On or about October 9, 2007, United National commenced the instant Declaratory Judgment action against its insured Monroe and the claimant Balaguer, seeking a

declaration by the Court that United National has no duty to defend and indemnify either party with regards to the underlying personal injury action commenced by Balaguer against Monroe. See Exhibit "A" to the Verveniotis Declaration for a copy of United National's declaratory judgment complaint.

7. In the complaint, United National sought a declaration that it had no duty to defend or indemnify Monroe and Balaguer, based on their failure to provide United National with timely notice of the occurrence and claim giving rise to the underlying personal injury action commenced by Balaguer against Monroe in violation of a precondition to coverage under the policy issued by United National to Monroe. See Exhibit "A" to the Verveniotis Declaration for a copy of United National's declaratory judgment complaint.

8. Monroe failed to answer United National's declaratory judgment complaint or to otherwise appear in this coverage action, and United National on notice to all parties, filed a motion for a default judgment against Monroe on or about March 20, 2008. See Exhibit "B" to the Verveniotis Declaration for a copy of United National's Motion for Default.

9. Neither Monroe nor Balaguer submitted opposition to United National's motion for default despite having a full and fair opportunity to do so.

10. On or about April 8, 2008, this Court entered a default judgment against Monroe and Ordered, Adjudged and Decreed that United National has no obligation to defend or indemnify its insured Monroe in the underlying personal injury action brought by Balaguer. See Exhibit "C" to the Verveniotis Declaration for a copy of the Court's default judgment against Monroe.

**WHEREFORE**, United National requests an order from the Court granting United National summary judgment declaring:

1) that this Court's previous finding against 1854 Monroe Avenue H.D.F.C. in this action is binding as against Eulalia Balaguer and warrants summary judgment against Eulalia Balaguer as a matter of law; and

2) that United National is entitled to a declaration that it has no obligation to Eulalia Balaguer under the policy of insurance that United National issued to 1854 Monroe Avenue H.D.F.C. with regards to the claims asserted or any judgment obtained in an underlying personal injury action commenced by Eulalia Balaguer against 1854 Monroe Avenue H.D.F.C. in the Supreme Court for the State of New York, Bronx County, captioned <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation</u>, under index number 15713/07; and

3) for such other and further relief as this court deems just, equitable and proper.

DATED:  Mineola, New York
        May 13, 2008

_____
SEVEN VERVENIOTIS (SV-8800)

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on May 21, 2008, deponent served the within **56.1 STATEMENT** upon:

Michael C. Beatty
FELDMAN, KRONFELD & BEATTY
Attorneys for the Defendant Eulalia Balaguer
42 Broadway, 19th Floor
New York, NY 10004

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Leila Krim

Sworn to before me this 21st
day of May 2008.

_____
NOTARY PUBLIC

**KATHLEEN C. WITT**
**Notary Public, State of New York**
**No. is 01WI5054504**
**Qualified in Nassau County**
**Commission Expires January 16, 2010**