# FELDMAN, KRONFELD & BEATTY
### ATTORNEYS AT LAW
42 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10004

TEL: (212) 425-0230
FAX: (212) 809-6174

LONG ISLAND OFFICE
45 NORTH STATION PLAZA
GREAT NECK, N.Y. 11021
(516) 482-2282

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-08
```

# MEMO ENDORSED

June 9, 2008

Via facsimile (212)805-7949
Honorable Justice P. Kevin Castel
United State District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: United National Specialty v. 1854 Monroe, *et al.*
         Docket No. 07 CV 10934 (PKC) (THK)

Dear Judge Castel:

  We represent the co-defendant, Eulalia Balaguer in this declaratory judgment action. We write in regard to the request of co-defendant's counsel seeking a stay for the purpose of vacating the default against 1854 Monroe Avenue.

  As we have previously stated, it is our position that the plaintiff's claim has no merit in that there was an untimely – and therefore, null – disclaimer. The New York cases support our contention. See, *First Financial Insurance Company v. Jetco Contracting*, 1 NY3rd 64, 769 NYS2d 459 (2003) and *Sirius American Insurance Company v. Vigo Construction Corp, et al.*, 48 AD3rd 450, 852 NYS2d 176 (2nd Dept. 2008).

  The presence of recently retained counsel by 1854 Monroe Avenue raises significant questions regarding the willfulness, or lack of same, on the part of the defendant in not appearing in a timely manner. Since the default may well serve as a basis for the carrier to avoid its contractual obligation, it is urged that the opportunity for a Rule 55(c) and or Rule 60(b)(3) application be provided and the additional time be granted. Of course, the thrust of our opposition and cross motion for summary judgment will be substantially altered should the

Re: United National Specialty v. 1854 Monroe, *et al.*
  Docket No. 07 CV 10934 (PKC) (THK)

  Page 2

default be vacated. It is notable that an underlying allegation in the carrier's complaint, is by its own admission, incorrect. It is also noteworthy that the single misstated fact regarding the date of the disclaimer -- August 2, 2007 versus August 21, 2007 -- runs to the gravamen of the matter and is the one single fact upon which the carrier's case might very well fail.

  We, therefore, join in co-defendant's application. Since the substance of their motion will materially alter the nature of our opposition and cross motion for summary judgment, it is requested that co-defendant be directed to file their papers one week before our submission.

                                             Respectfully submitted,

                                             FELDMAN, KRONFELD & BEATTY

                                             By: /s/ Michael C. Beatty
                                                 MICHAEL C. BEATTY (4144)

MCB:ab
cc: Miranda Sokoloff Sambursky Slone Verveniotis
    ATTN: Steven Verveniotis
    Via facsimile 516-741-9060

    McDermott & McDermott
    ATTN: Michael J. McDermott, Esq.
    Via facsimile 212-557-5051

[Handwritten annotation:] The application of defendant Balaguer to have a default judgment against it vacated without it having been entered is a motion which is not addressed. DENIED. SO ORDERED. /s/ P.K.C. USDJ 6-9-08