# McDERMOTT & McDERMOTT
Attorneys and Counselors at Law

| 286 Madison Avenue | Mill Pond Offices |
|---|---|
| 14th Floor | 293 Route 100 |
| New York, New York 10017 | Suite 210 |
| | Somers, New York 10589 |
| Tel: 212-557-3000 | |
| Fax: 212-557-5051 | Tel: 914-276-2747 |
| | Fax: 914-276-7608 |

**MEMO ENDORSED**

Please respond to Somers address

June 9, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-08

District Judge P. Kevin Castel
United Stated Courthouse
500 Pearl Street
New York, New York 10007

Re: United National Specialty Insurance Company v. 1854 Monroe Avenue HDFC and Eulalia Balaguer
Docket No.: 07- Civ. 10934 (PKC)(THK)

Dear Judge Castel:

This firm represents 1854 Monroe Avenue HDFC ("1854") in the above action. In the instant action United National Specialty Insurance Company ("United") seeks a judgment of this Court, inter alia, that United is not obligated to defend 1854 in the personal injury claim maintained by Eulalia Balaguer

In a letter to the Court dated June 6, 2008, 1854 requested a stay of the proceedings since this firm had recently been retained. United opposed the request in a letter dated June 6, 2008 from Steven Verveniotis, attorney for United.

Specifically, 1854 is seeking a stay of the proceedings in this action for thirty (30) days, including the motion for summary judgment, which is pending in this Court. The purpose of the stay would be to afford 1854 sufficient time to prepare a motion of vacatur pursuant to FRCP Rule 55(c), setting aside the default judgment which had been previously granted to United. 1854 would also move pursuant to FRCP Rule 60(b) to vacate the default judgment based on the inaccuracy of the information submitted to this Court in United's motion for a default judgment. 1854 would also seek leave of the Court to file an answer to the Complaint pursuant to FRCP Rule 12.

In support of the instant application for a stay, 1854 relies upon the documented inaccuracies in the motion for a default judgment. In support of the application for a default judgment against 1854 United submitted a declaration in the form of an affirmation from an attorney, Adam I. Kleinberg. United did not submit an affidavit from a representative from

District Judge P. Kevin Castel
United Stated Courthouse
June 9, 2008
Page 2

United, but relied upon the unverified Complaint for the substantive claim for relief sought in the Complaint. In paragraph 20 of the Complaint, United claims that it disclaimed coverage via a letter dated August 2, 2008. However, in paragraph 11 of the affidavit of Mark Smith, United's Senior Claims Examiner, submitted in support of the motion for summary judgment, United stated that the August 2, 2007 was only a warning letter. In paragraph 20, Smith stated that the purported disclaimer was not mailed to 1854 until August 21, 2007.

The difference between the August 2, 2007 versus August 21, 2007 mailing date, would be to make United's instant action untimely since United unreasonably delayed in sending a disclaimer to 1854. Sirius America Insurance. Co. v. Vigo Construction, 48 A.D.3d 450 ($2^d$ Dept. 2008); (The insurer relied upon a disclaimer that was sent 34 days after it knew or should have known of the basis for denying coverage. The appellate court found that since there was no explanation for that delay, pursuant to Insurance Law § 3420(d), it was unreasonable as a matter of law and ineffective. Therefore, the insurer was obligated to defend the contractor in the underlying action. Consequently, the trial court erred in denying the underlying plaintiff's motion for summary judgment); First Financial Ins. Co v. Jetco Contracting Corp, 1 N.Y.3d 64 (2003) (Answering the certified questions, the court held that the insurer's delay of 48 days in notifying the policyholder of disclaimer was unreasonable as a matter of law where the purpose of delay was to investigate other sources of insurance.

Indeed, in the instant matter, 1854 would challenge the purported disclaimer. 1854 submits that not granting the request for a stay to submit a motion to vacate the default judgment would allow United to escape a contractual obligation based on a technical ruling. The chain reaction of a procedural, technical victory by United against 1854 is against all public policy considerations.

FRCP Rule 60(b)(3) permits vacatur if there is fraud, misrepresentation or other misconduct by an adverse party. The "fraud, misrepresentation or other misconduct" in this case is based, in part, on the fact that it is proven by United's own admission that the factual allegations set forth in the Complaint were untrue.

The law relating to vacatur of a default judgment is well-known. "Defaults, often referred to as 'the weapon of last resort', are disfavored, especially when the case presents issues of fact. In Re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985). A court should resolve all doubts in favor of determination on the merits. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, courts should liberally grant motions to vacate default judgments so that a trial on the merits may be had and justice be done. Trad Energy Corp. v. McNell, 110 F.R.D 382 (S.D.N.Y. 1986)." Adidas Sportschuhfabriken Adi Dassler Stiftung & Co., 1990 U.S. Dist. LEXIS 3953 (S.D.N.Y. 1990)

District Judge P. Kevin Castel
United Stated Courthouse
June 9, 2008
Page 3

      1854 submits that in its motion to vacate the default judgment it will satisfy the requirements: "that its default was not willful, that it has a meritorious defense and that vacating the default will not result in unfair prejudice to plaintiff." Schroeder v. Indorsky, Comm. Fut. L. Rep., 1991 U.S. Dist. LEXIS 11186 (S.D.N.Y. 1991)

      Accordingly, we are requesting that the proceedings be stayed for thirty (30) days so that 1854 may prepare and file the motion to vacate the default and leave to file the answer to the Complaint. Thank you for the Court's attention to this matter.

Respectfully,

Michael J. McDermott

MJM:az
Cc:

Steven Verveniotis, Esq.
Miranda, Sokoloff, Sambursky, Slone, Verveniotis, LLP
Attorneys for United National Specialty Insurance Company
240 Mineola Blvd
Mineola, New York 11501

Michael Beatty, Esq.
Feldman, Kronfeld & Beatty
Attorneys for Eulalia Balaguer
42 Broadway, 19th Floor
New York, New York 10004

Ms. Martha Gutierrez, President
1854 Monroe Avenue HDFC
850 Bronx River Road
Yonkers, New York 10708

*[Handwritten note from judge:] Premotion conference is waived to permit 1854 Monroe Avenue HDFC to move to vacate the judgment against it. Having no stay of the proceedings is warranted. SO ORDERED. PKC 6-9-08*