UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                                   Plaintiff,

           -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                               Defendants.
-------------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC)

TABLE OF CONTENTS

TABLE OF EXHIBITS

TABLE OF AUTHORITIES

NOTICE OF MOTION

56.1 RESPONSE

56.1 STATEMENT IN SUPPORT OF SUMMARY JUDGMENT MOTION

AFFIRMATION IN OPPOSITION TO SUMMARY JUDGMENT MOTION, IN
SUPPORT OF MOTION TO VACATE AND IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT ON BEHALF OF THE DEFENDANT, EULALIA BALAGUER

                                 FELDMAN, KRONFELD & BEATTY
                                 Attorneys for defendant, EULALIA BALAGUER
                                 42 Broadway, 19th Floor
                                 New York, New York 10004
                                 (212)425-0230

Of Counsel:
      Michael C. Beatty, Esq.

TABLE OF CONTENTS

BACKGROUND………………………………………………………………………....1

PROCEDURAL BACKGROUND……………………………………………………….2

POINT I
       THE UNDERLYING ISSUES WERE NOT LITIGATED BUT WERE
       DETERMINED ON DEFAULT ONLY AND THE DOCTRINE OF
       COLLATERAL ESTOPPEL DOES NOT APPLY………………………………2
       ..
POINT II/CROSS MOTION FOR VACATUR
       VACATING THE THE UNDERLYING DEFAULT …………………...…….4
          a)Fraudulent allegations and or misrepresentation as a basis
            to vacate the default
          b)Good cause pursuant to FRCP 55(c) as a basis to vacate the default

       UNDERLYING ACTION………………………………………………………..…10

POINT III/CROSS MOTION
       THE CO-DEFENDANT, EULALIA BALAGUER, HAS STANDING
       TO SEEK SUMMARY JUDGMENT…………………………………………..11

POINT IV/CROSS MOTION
       THE CARRIER MUST DISCLAIM AS "SOON AS REASONABLY
       PRACTICABLE" …………………………………………………………………….12

POINT V/CROSS MOTION
       THE CARRIER DID NOT DISCLAIM AS SOON AS "REASONABLY
       PRACTICABLE"AND THE DISCLAIMER IS INVALID…………………….13
         a)Timeliness forms the basis of the instant disclaimer
         b)The plaintiff is limited to a claim of untimely notice, only,
           as a basis for disclaimer
     …c)The carrier did not disclaim for 32 days, a period that was
           unreasonable in length
        d)Alleged disclaimer of August 2, 2007 is no longer a fact in controversy
          as the plaintiff acknowledges that it did not disclaim on that day.

POINT VI/CROSS MOTION
IN THE ALTERNATIVE, TIMELY NOTICE WAS GIVEN TO THE CARRIER…...16

TABLE OF EXHIBITS

Balaguer Affidavit………………………………………………………………………….Ex. A

UNITED's Summons & Complaint…………………………………………………...Ex. B

Balaguer's Answer………………………………………………………………………..Ex. C

Summons & Complaint – Balaguer v. 1854 Monroe……………………………..Ex. D

Affidavit of Service……………………………………………………………………….Ex. E
.
Murphy & Jordan notice of lawsuit dated July 20, 2007……………………………….Ex. F

Extension of time dated July 24, 2007………………………..……………….Ex. G

UNITED letter of disclaimer dated August 21, 2007………………..……………...Ex. H

Investigator report of UNITED………………………………………….………Ex. I

Report of United Process Service…………………………………..….………..Ex. J

Portions of UNITED claims file………………………………………….………Ex. K

TABLE OF AUTHORITIES

*Briggs v Nationwide Mutual Ins. Co.,* 176 AD2d 1113; 575 N.Y.S.2d 413 (3rd Dept. 1991)…18

*Brooklyn Hospital Center v. Centennial Insurance Co.,* 685 NYS2d 267………………………15

*Byron v. Bleakley Trasnportation Co.,* 43 F.R. D. 413, 415-416 (S.D.N.Y. 1967)……………6

*Cavalliotis v. Salomon,* 357 F.2d 157 (2d Cir. 1966)…………………………………………..6

*Children's Hospital of Buffalo v. Employers Reinsurance Corp,* 84 AD2d 933
    446 N.Y.S.2d 695 (4th Dept. 1981)………………………………………………...…17

*Curiale v. Andra Insurance Company,* 608 NYS2d 464 (1st Dept. 1994)……………………..4

*D'Aloia v. Travelers Insurance Co.,* 85 N.Y.2d 825; 623 N.Y.S.2d 837 (1995)……………….18

*D'Aratav. New York Central Mutual Fire Insurance Company,* 563 NYS2d 24 (1990)……..…3

*Estate of Murdoch v. Pennsylvania,* 432 F.2d 867 (3d Cir. Pa. 1970)……………………......5

*Farmbrew Realty Corp. v. Tower Insurance Company,* 734 NYS2d 592……………………...15

*First Financial Insurance Co. v. Jetco Contracting Corp,* 1 NY3rd 64, 66,
    769 NYS2d 459 (2003)……………………………………………………………….…12

*Forest Ave. Corp. v. Aetna Casualty and Surety Company,* 37 A.D.2d 11
    322 N.Y.S.2d 53 (1st Dept. 1971)…………………………………………………………18

*General Accident Insurance Group v. Cirucci,* 46 N.Y.2d 862; 414 N.Y.S.2d 512 (1979)…13,16

*GLG Contracting v. Aetna Casualty,* 215 AD2d 821; 626 NYS2d 307 (3rd Dept. 1995……….18

*Hartford Insurance Company v. County of Nassau,* 46 NY2d 1028, 416 NYS2d 539 (1979)…12

*Horn v. Intelectron Corp.,* 294 F. Supp. 1153, 1155 (S.D.N.Y. 1968)…………………………6

*Huntington Cab Co. v. American Fidelity & Casualty Co.,* (D.C.S.D.W.Va.1945)
    5 F.R.D. 496…………………………………………………………………………...6

*Juan C. v. Cortines,* 657 NYS2d 58 (1997)………………………………………………......3

*Lauritano v. American Fidelity Fire Insurance Company,* 3 AD2d 564; 162 N.Y.S.2d
    553 (1st Dept. 1957)……………………………………………………….……………11,17

*Martin v. Geico Direct Insurance,* 818 NYS2d 265 (2d Dept. 2006)……………………..…....3

*Massachusetts Bay Insurance Company, Respondent, v. Flood*, 128 A.D.2d 683
   513 N.Y.S.2d 182 (2nd Dept. 1987)……………………………………………….……………17

*Matter of Allstate Ins. Co. v. Swinton,* 811 NYS2 108……………………………………….15

*Matter of Samuel A. Abady,* 800 NYS2d 651 (1st Dept. 2005)………………………….……….3

*Meehan v. Snow,* 652 F.2d 274 (2d Cir. 1981)……………………………………………...7

*Momah v. Albert Einstein Medical Center*, 161 F.R.D 304, 307 (E.D Pa. 1995)…………………7

*Moore v. Ewing,* 781 NYS2d 51…………………………………………………………………15

*New York Mutual Fire Insurance Company v. Kilmurray,* 585 NYS2d 599
    (3rd Dept. 1992)……………………………………………………………………..........3

*Oest v. Excelsior Insurance National-Nederlanden North American Property
    and Casualty Group,* 656 NYS2d 89 (2d Dept. 1996)…………………………………..……..3

*Pawley Interior Contr; Inc. v. Harleysville Insurance Co.,* 782 NYS2d 660…………………..15

*Royal Zenith Corp. v. New York Marine Managers*, 596 NYS2d 65 (1st Dept. 1993)…..……….3

*Shoretz v. Nationwide Insurance Company,* 2002 WL 1492135 (SDNY 2002)………………....3

*Sirius America Insurance Company v. Vigo Construction Corp., et al.*, 48 AD3rd 450, 852
    NYS2d 176 (2nd Dept. 2008)……………………………………………………………..15

*Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951)…………………………...6

*Walters v. Atkins*, 179 AD2d 1067; 579 NYS2d 525, 527 (4th Dept. 1992)…………..…………17

*Wenig v. Glen Falls Indemniy Company,* 294 NY2d 195 (1945)…………………..………..…3

Statutes

Federal Rule of Civil Procedure, section 55(c)………………………………………………….6, 7

Federal Rule of Civil Procedure, section 60(b)(3)……………………………………………..….5

New York Insurance Law §3420…………………………………………………………………11,12

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED NATIONAL SPECIALTY INSURANCE         Docket No: 07-CV-109334
COMPANY,                                                            (PKC)

                            Plaintiff,             NOTICE OF CROSS MOTION

    -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                            Defendants.
-----------------------------------------------------------------X

     PLEASE TAKE NOTICE, that upon the annexed Affirmation of Michael C. Beatty dated June 13, 2008 and the exhibits annexed thereto and upon all prior pleading and proceedings had herein, the undersigned will cross-move this Court, before the Honorable P. Kevin Castel on a date and time to be designated by the Court , t the United States Courthouse for the Sourther District of new York, located at 500 Pearl Street, New York, New York 10007, for an order vacating the default judgment as tot 1954 Monroe Avenue H.D.F.C. pursuant to Rules 55 (c) and 60(b)(3) of the Federal Rules of Civil Procedure and for an Order pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for summary judgment on behalf of the defendant, Eulalia Balaguer on the ground that the plaintiff failed to timely notify its insured of a disclaimer of coverage and dismissing the Complaint with prejudice together with such other an further relief as this Court deems just, equitable and proper.

    Dated: New York, New York
          June 13, 2008
                                    FELDMAN, KRONFELD & BEATTY

                                    By: /s/
                                       MICHAEL C. BEATTY
                                  Attorneys for defendant, EULALIA BALAGUER
                                  42 Broadway, 19th Floor

              New York, New York 10004
              (212)425-0230

TO:
MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for the plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY
240 Mineola Boulevard
Mineola, New York  11501
(516)741-7676

McDERMOTT & McDERMOTT
Attorneys for defendant, 1854 MONROE AVENUE H.D.F.C.
286 Madison Avenue, 14th Floor
New York, New York,  10017
(212)557-3000

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED NATIONAL SPECIALTY INSURANCE            Docket No: 07-CV-109334
COMPANY,                                                                      (PKC)

                           Plaintiff,            56.1 RESPONSE

      -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                          Defendants.
-----------------------------------------------------------------X

      Defendant, EULALIA BALAGUER, by its attorneys, FELDMAN, KRONFELD & BEATTY, as and for their required response to the statement of material facts, pursuant to Rule 56.1 of the Local Rules of this Court, states as follows:

      1.    United National issued a policy of insurance to 1854 Monroe Avenue H.D.F.C. numbered L718054 for the period from May 5, 2006 through May 5, 2007.a

          ADMITTED.

      2.    Eulalia Balaguer alleges in her complaint in an underlying personal injury actions commenced against Monroe in the Supreme Court for the State of New York, Bronx County, captioned <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation,</u> under index number 15713/07 that on or about December 20, 2006, while lawfully on the premises located at 1854 Monroe Avenue, Bronx, New York, which is onwed,operated and maintained by Monroe she was caused to fall and injure herself due to the negligence of Monroe.

          ADMITTED.

      3.    On July 20, 2007, United National received its first notice of the occurrence and claim involving Balaguer's fall on December 20, 2006; this was a delay of seven months.

  The defendant ADMITS that a notice of the occurrence and claim was received by United National on July 20, 2007.  The plaintiff has no knowledge as to whether it was the first notice.  The plaintiff ADMITS that the period from December 20, 2006 to July 20, 2007 was a period of seven months but does not admit to the use of the term "delay"

  4. On August 2, 2007, United National sent a letter to Monroe urging Monroe to cooperate with United National's investigation into Balaguer's claim so that United National could render a coverage decision, or United National would be forced to disclaim coverage based on Monroe's lack of cooperation.

  The defendant ADMITS that the record contains a letter dated August 2, 2007.  There is no proof of mailing of such letter nor was same received by the injured party and and has no legal weight as a result.  See <u>Colon v. N.Y. Mutual Fire Ins. Co.,</u> 801 N.Y.S.2d 231 (2nd Dept 2005).

  5. On August 21, 2007, after having an opportunity to adequately investigate Balaguer's claim, United National disclaimed coverage to Monroe and Balaguer based on their failure to comply with the policy's precondition to coverate that United National receive timely notice of an occurrence or claim.

  The defendant ADMITS that your affirmant received the referenced letter.  There is no proof of mailing of the letter to the insured or the injured party.  There was no such need for an "adequate investigation" and based on the theory of timely notice was a fatal delay in notifying the insured of the carrier's late decision.

  6. On or about October 9, 2007 United National commenced the instant Declaratory Judgment action against its insured Monroe and the claimant Balaguer, seeking declaration by the Court that United National has no duty to defend and indemnify either party with regards to

the underlying personal injury action commnenced by Balaguer against Monroe.

   ADMITTED.

  7. In the complaint, United National sought a declaration that it had no dutyh to defend or indemnify Monroe and Balaguer, based on their failure to provided United National with timely notice of the occurrence and claim giving rise to the underlying personal injury action commenced by Balaguer against Monroe in violation of a precondition to coverage under the policy issued by United National to Monroe.

   ADMITTED.

  8. Monroe failed to answer United nationals declaratory judgment complaint of otherwise appear in this coverage action, and Unitied National on notice to all parties, filed a motion for a default judgment against Monroe on or about March 20, 2008.

   ADMITTED to the extent that at the time of the filing of the summary judgment motion, 1854 had not appeared. As of present, counsel McDermott & McDermott have filed a notice of appearance.

  9. Neither Monroe nor Balaguer submitted opposition to United National's motion for default despite having a full and fair opportunity to do so.

   The reason that no opposition was filed at the time of the return of the motion is detailed on pages 9 and 10 of the Affirmation in Opposition.

  10. On or about April 8, 2008, this Court entered a default judgment against Monroe and Ordered, Adjudged and Decreed that united National has no obligation to defend or indemnify its insured Monore in the underlying personal injury action brought by Balaguer.

   ADMITTED to the extent that a default was entered and the Court should interpret the Order as it was intended.

Dated: New York, New York
       June 13, 2008

                                                                                           /S/_____
                                                                                            MICHAEL C. BEATTY, (4144)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED NATIONAL SPECIALTY INSURANCE        Docket No: 07-CV-109334
COMPANY,                                                            (PKC)

                          Plaintiff,                <u>56.1 STATEMENT</u>

      -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                        Defendants.
-----------------------------------------------------------------X

      Defendant, EULALIA BALAGUER, by its attorneys, FELDMAN, KRONFELD & BEATTY, as and for their required statement of material facts, pursuant to Rule 56.1 of the Local Rules of this Court, state that there are not material issues of fact with respect to the following:

      11.    United National issued a policy of insurance to 1854 Monroe Avenue H.D.F.C. numbered L718054 for the period from May 5, 2006 through May 5, 2007.

      12.    Eulalia Balaguer filed suit in the Supreme Court, Bronx County bearing index number 15713/2007 on May 30, 2007 naming 1854 Monroe Avenue H.D.F.C. as a party defendant. .

      13.    The aforestated policy was in effect and provided coverage to 1854 Monroe Avenue H.D.F.C. for the type of claim alleged by Eulalia Balaguer the stated lawsuit.

      14.    The exact date of notice to the plaintiff carrier is unknown however, a notice of this matter was received by the plaintiff on July 20, 2007.

      15.    The plaintiff carrier conducted an extensive investigation of this claim and solicited and obtained an extension of time to answer in the underlying Bronx case.

16. The carrier issued a disclaimer of coverage based on the sole claim of untimely notice on August 21, 2007.

17. The carrier failed to interpose a timely Answer in the underlying action.

18. A default judgment was entered against 1854 Monroe Avenue H.D.F.C. on April 8, 2008.

19. The allegation that the carrier issued a disclaimer on August 2, 2007 in its complaint is untrue.

20. There is no proof of mailing or other proof of service of any correspondence to the insured.

21. A notice of disclaimer must be served on all concerned parties in a timely fashion.

22. New York law has defined timely notice of disclaimer to be as short as 34 days. See *Sirius America Insurance Company v. Vigo Construction Corp., et al.*, 48 AD3rd 450, 852 NYS2d 176 (2nd Dept. 2008).

23. The underlying merits of the complaint by United National have never been litigated on their merits..

24. There has not been a full and fair opportunity to litigate the underlying issues by the defendants.

25. A disclaimer notice was not sent out for at least 32 days.

26. The mailing of a disclaimer notice based on lack of timely notice to the carrier after 32 days is proof of an untimely disclaimer as a matter of New York law.

WHEREFORE, the defendant, EULALIA BALAGUER, requests an order from the Court granting summary judgment to the defendant and dismissing the complaint of UNITED NATIONAL SPECIALTY INSURANCE COMPANY together with such other and further relief

as the Court may deem just and proper.

    Dated: New York, New York
          June 13, 2008

/S/_____
MICHAEL C. BEATTY, (4144)