# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
EULALIA BALAGUER,

                         Plaintiff,

             -against-

1854 MONROE AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

                       Defendant.

-----------------------------------------------------------------------X
STATE OF NEW YORK)
COUNTY OF BRONX  ) ss.

Index No.: 15713/2007

AFFIDAVIT

      EULALIA BALAGUER, being duly sworn, deposes and says:

      I am the plaintiff in the above-entitled matter and submit this affidavit in support of my case against the defendant.

      On December 20, 2006 I resided at 1854 Monroe Avenue, Apartment 1A, Bronx, New York. My apartment was undergoing some renovation that required tiles to be removed from the floor of my apartment, specifically in my kitchen. The work was being done by worker's employed by the landlord. The Head Officer of the defendant is Monica Acevedo.

      On the evening of December 20, 2006 the workers had pulled up some of the tiles on the floor. I did not know that they had also placed glue or other sticky material on the floor. I walked into the kitchen to get some medicine and my foot stuck to the floor causing me to fall.

      When I fell I broke my leg. I was taken by ambulance to St. Barnabas Hospital where I was admitted. I had to have a surgery and there was a rod inserted in my leg. The hospital bill was approximately $95,000.00.

Since the time of the accident I have suffered a great deal of pain. I have been unable to walk properly and have undergone a great deal of physical therapy to help me heal. I don't know if I will ever be without pain again.

Dated:        New York, New York
              November 19, 2007

                                    _Eulalia Balaguer_
                                    EULALIA BALAGUER

Sworn to before me this
19th day of November, 2007

_Y. A. Darkoah_
NOTARY PUBLIC

11/28/07

YVONNE A. DARKOAH
NOTARY PUBLIC, State of NY
No. 01DA6053795
Qualified in Bronx County
Commission Expires Jan. 16, 20

2

# Exhibit B

JUDGE CASTEL

07 CV 1093

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED    NATIONAL    SPECIALTY    INSURANCE         CIV:
COMPANY,

                              Plaintiff,                          **COMPLAINT**

                    -against-

1854  MONROE  AVENUE  H.D.F.C.  and  EULALIA
BALAGUER,

                              Defendants.
------------------------------------------------------------------------x

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED

NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE

VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as

follows:

**THE PARTIES**

1.  At all times hereinafter mentioned, plaintiff was and still is a corporation duly

    incorporated in the State of Wisconsin under the laws of Wisconsin conducting and

    licensed to do business in New York.

2.  At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance

    in the State of New York.

3.  Upon information and belief, at all times hereinafter mentioned, defendant 1854

    MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under

    and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York 10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED NATIONAL'S policy of insurance number L7180545, as well as the provisions of said policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability Policy, policy number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

### SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**2. Duties In The Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

(2) The name and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.     If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to indemnify MONROE or EULALIA BALAGUER.

**WHEREFORE**, plaintiff, UNITED NATIONAL prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545, with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:    Mineola, New York
          November 27, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for the Plaintiff
                              **UNITED NATIONAL SPECIALTY**
                              **INSURANCE      COMPANY**


                         By:_____
                              Michael A. Miranda
                              The Esposito Building
                              240 Mineola Boulevard
                              The Esposito Building
                              Mineola, New York 11501
                              (516) 741-7676
                              Our File No.: 07-544

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

------------------------------------------------------------------X
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

CIV: 07 CV 10934

Plaintiff,

-against-

VERIFIED ANSWER
AND COUNTERCLAIM

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER

Defendants

------------------------------------------------------------------X

PLEASE TAKE NOTICE, that the defendant, EULALIA BALAGUER, by her attorneys,

FELDMAN, KRONFELD & BEATTY, upon information and belief, answers the complaint as

follows:

THE PARTIES

1.    Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraphs designated "1" and "2".

2.    Admits each and every allegation contained in paragraphs designated "3" and "4".

JURISDICTION

3.    Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraphs designated "5" through "8", but refers all questions of law to

the Court.

POLICY

4.    Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in paragraphs designated "9".

1

THE UNDERLYING ACTION

5.     Admits the allegations contained in paragraphs "10" and "11".

6.     Denies knowledge or information to form a belief as to each and every allegation contained in paragraphs designated "12" but admits that attorneys have appeared on behalf of the co-defendant, 1854 MONROE AVENUE H.D.F.C.

IN RESPONSE TO FIRST CAUSE OF ACTION

7.     Repeats and reiterates each and every denial and admission in paragraphs "1." through "6." as though set forth more fully at length herein.

8.     Denies knowledge or information to form a belief as to each and every allegation contained in paragraphs designated "14".

9.     Admits the allegations contained in paragraph "15".

10.    Denies knowledge or information to form a belief as to each and every allegation contained in paragraphs designated "16". "17", "18", "19" and "20"and refers all questions of law to the Court.

11.    Denies each and every allegation contained in paragraphs designated "21", "22" and "23".

AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

That the declaratory relief sought by the plaintiff is inapplicable as a matter of law.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

That the plaintiff failed to properly conform to the requirements of its insurance contract with the co-defendant and was negligent and unlawful in failing to provide a timely defense to the underlying action.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

2

The Court lacks jurisdiction over the answering defendant, in that service was improperly effectuated.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:</u>

That the plaintiff did, in an untimely and negligent manner, assign the defense of the underlying action to attorneys who have failed to protect the interests of their client and that the relief requested herein is part of a pattern of behavior to avoid their legal and contractual obligations to the co-defendant, all thereby thereby constituting a fraud.

<u>AS AND FOR A COUNTERCLAIM HEREIN</u>

1.      At all times hereinafter mentioned, the plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY, was an insurance company affording liability insurance to the co-defendant, 1854 MONROE AVENUE H.D.F.C.

2.      That on or before July 23, 2007, the plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY, received notice of the underlying lawsuit on behalf of EULALIA BALAGUER, naming their insured, 1854 MONROE AVENUE H.D.F.C., as a party defendant.

3.      That the allegations in the lawsuit commenced by EULALIA BALAGUER, were of the kind that the aforementioned liability coverage was intended to include.

4.      That on or about July 23, 2007, the plaintiff, by its agents, servants, and/or employees contacted the attorneys for EULALIA BALAGUER, specifically the law firm of FELDMAN, KRONFELD & BEATTY to advise of the available coverage.

5.      That on or about July 23, 2007 a representative of the plaintiff specifically and unequivocally assumed the duty to protect the interests of the co-defendant, 1854 MONROE AVENUE H.D.F.C.

3

6.     That as part of the duty expressed and in the role of the liability carrier, and without any expressed or implied reservation, the plaintiff, by its agents, servants, and/or employees did assume the duty to afford the coverage to which it was contractually obligated to provide.

7.     That as part of the assumption of the duty to afford said coverage, the plaintiff, by its agents, servants, and/or employees did also assume the duty to defend the underlying lawsuit and to provide defense counsel for those purposes.

8.     That the plaintiff has failed, to the present time, to afford coverage to the co-defendant, 1854 MONROE AVENUE H.D.F.C.

9.     That the failure of the plaintiff to afford coverage to the co-defendant has damaged EULALIA BALAGUER.

10.     That the failure of the plaintiff to afford coverage to the co-defendant was an intentional act to defraud the defendants.

11.     That the plaintiff failed to timely defend the underlying lawsuit, despite its assumed, implied and express obligation to do so.

12.     That the failure of the plaintiff to defend the underlying lawsuit has damaged EULALIA BALAGUER.

13.     That as a result of the foregoing, the defendant EULALIA BALAGUER is entitled to monetary damages that are punitive damages.

14.     That as a result of the foregoing, the plaintiff is entitled to general damages that are monetary damages for her pain, suffering and loss of quality of life.

15.     That the claim for general damages arises from the failure of the plaintiff to

4

perform those duties for which it was obligated.

16.    That the claim for punitive damages arises from the intentional and fraudulent acts of the plaintiff, specifically an invalid, illegal and untimely disclaimer of coverage and the failure to timely defend the underlying action.

17.    By reason of the foregoing the defendants are entitled to a declaration that UNITED NATIONAL SPECIALTY INSURANCE COMPANY has a duty to provide coverage in the underlying action.

18.    By reason of the foregoing the defendants are entitled to a declaration the UNITED NATIONAL SPECIALTY INSURANCE COMPANY has a duty to defend the co-defendant, 1854 MONROE AVENUE H.D.F.C., to the extent still available.


WHEREFORE, the defendant, EULALIA BALAGUER, demands judgment against the plaintiff herein, dismissing the Complaint together with the costs and disbursements of this action and on the COUNTERCLAIM, the defendant, EULALIA BALAGUER, demands judgment against the plaintiff for a declaration that UNITED NATIONAL SPECIALTY INSURANCE COMPANY has a duty to provide coverage in the underlying action, for a declaration that UNITED NATIONAL SPECIALTY INSURANCE COMPANY has a duty to defend the co-defendant, 1854 MONROE AVENUE H.D.F.C. in the underlying action, for general damages in the amount of FIVE MILLION AND 00/100 DOLLARS ($5,000,000.00) and punitive damages in the amount of FIFTEEN MILLION AND 00/100 DOLLARS ($15,000,000.00) together with the cost, interest, attorneys fees and disbursements of this action.

Dated:  New York, New York

5

March 7, 2008

Yours, etc.

MICHAEL C. BEATTY (4144)
FELDMAN, KRONFELD & BEATTY
Attorneys for Defendant, EULALIA BALAGUER
42 Broadway, 19th Floor
New York, New York 10004
212-425-0230

TO:

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for the plaintiff, UNITED NATIONAL
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
File No. 07-544

Barry McTiernan & Moore
Attorneys for co-defendant ,
1854 MONROE AVENUE HOUSING DEVELOPMENT FUND CORPORATION
55 Church Street
White Plains, NY 10601

6

## ATTORNEY'S VERIFICATION BY AFFIRMATION

MICHAEL C. BEATTY, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at FELDMAN, KRONFELD & BEATTY, attorneys of record for defendant, EULALIA BALAGUER. I have read the annexed **ANSWER and COUNTERCLAIM** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

I make the foregoing affirmation because defendant, EILALIA BALAGUER, is not presently in the county wherein I maintain my offices.

DATED:    New York, New York
          March 7, 2008


_____
MICHAEL C. BEATTY (4144)

7

# Exhibit D



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
EULALIA BALAGUER,

                              Plaintiff,

              -against-

1854 MONROE AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

                              Defendant.

-------------------------------------------------------------------X

Index No.: 15713-07
Date Purchased: 5/30/07
**SUMMONS**

Plaintiffs designate BRONX
County as the place of trial.

The basis of venue is:
Plaintiff residence

Plaintiff resides at:
1854 Monroe Avenue
Bronx, New York 10457
County of BRONX

To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        NEW YORK, NEW YORK
              May 25, 2007

                                        _____
                                        MICHAEL C. BEATTY
                                        FELDMAN, KRONFELD & BEATTY
                                        Attorneys for Plaintiff
                                        EULALIA BALAGUER
                                        42 Broadway, 19th Floor
                                        New York, New York 10004
                                        212-425-0230

TO:
1854 MONROE AVENUE HOUSING
DEVELOPMENT FUND CORPORATION
1854 Monroe Avenue
Bronx, NY 10457

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
EULALIA BALAGUER,

          Plaintiff,

    -against-

1854 MONROE AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

         Defendant.
-----------------------------------------------------------------------X

Index No.:

Date Purchased:

<u>VERIFIED COMPLAINT</u>

*[stamp: BRONX COUNTY COUNTY CLERK 2007 MAY 30 AM 9:27 RECEIVED]*

   Plaintiff, by FELDMAN, KRONFELD & BEATTY, her attorneys, as and for her complaint herein, respectfully alleges:

   FIRST:  That upon information and belief, at all times hereinafter mentioned, the defendant, 1854 MONROE AVENUE HOUSING DEVELOPMENT FUND CORPORATION, was and still is engaged in owning, operating and maintaining a residential apartment complex, and more particularly owned, operated and maintained such premises located at 1854 Monroe Avenue, Bronx, New York.

   SECOND:  That at all times hereinafter mentioned, the defendant was a domestic corporation and/or foreign corporation authorized to do business and doing business in the State of New York.

   THIRD:  That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants and/or employees, operated the premises located as aforesaid.

   FOURTH:  That upon information and belief, at all time hereinafter mentioned, the defendant, its agents servants and/or employees, maintained the premises located as aforesaid.

1

FIFTH:    That upon information and belief, at all the times hereinafter mentioned, the defendant, its agents servants and/or employees, controlled the premises located as aforesaid.

SIXTH:    That upon information and belief, at all the times hereinafter mentioned, the defendant, its agents, servants and/or employees, at and prior to the times hereinafter mentioned, wholly disregarded their duty and failed to use reasonable care in the ownership, operation, maintenance, use care and control of the aforesaid premises, and failed to keep same in a safe condition, and for a long period of time, carelessly and negligently caused and permitted an unlawful and dangerous condition to exist and remain thereat, in that the defendant, its agents, servants and/or employees, caused and permitted a defective flooring thereat and to remain in a dangerous and hazardous condition, thereby creating a dangerous, hazardous and unsafe condition, trap and a toe hold, and failed to correct the said unsafe condition, and defendant failed in any manner to warn or notify persons lawfully traversing the same and more particularly the plaintiff, of the said dangerous and unsafe condition, or to have any barricades, signs or other precautions, all of which condition the defendant had actual as well as constructive notice.

SEVENTH:    That on or about December 20, 2006, while the plaintiff was lawfully at the aforesaid premises owned, operated, maintained, and controlled by the defendant as aforesaid, and without any fault or negligence on the part of the plaintiff, and wholly and solely by reason of the negligence of the defendant, its agents, servants and employees, in the ownership operation, maintenance and control of the aforesaid premises as more particularly set forth in paragraph "SIXTH" of this Complaint, she was caused to be precipitated and fall, causing the plaintiff to sustain severe injuries hereinafter more fully set forth.

EIGHTH:    That the plaintiff was injured.

NINTH:    That as a direct and immediate result of the foregoing, and without any act on the part of the plaintiff contributing thereto, the plaintiff sustained severe personal injuries and suffered great bodily pains and mental anguish as well as nervous shock, all of which rendered her sick, sore, lame and disabled and prevented her from attending to her usual duties and functions, and the plaintiff was obliged to and did submit to medical aid and assistance in an endeavor to be cured of said injuries, and was confined to bed and home for a period of time as a result of the said injuries, some of which injuries, upon information and belief, will be permanent, and was thereby caused to suffer a loss of quality of life.

TENTH:    That no act or omission on the part of the plaintiff caused or contributed to the happening of said accident, and it was caused solely and wholly by the negligence of the defendant, its agents, servants and employees.

ELEVENTH:  That by reason thereof, the plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demands judgment against the defendant herein in a sum that exceeds the jurisdictional limits of all lower courts, together with the interest, costs and disbursements of this action.

Dated: New York, New York
          May 25, 2007

FELDMAN, KRONFELD & BEATTY

By: _____
      MICHAEL C. BEATTY
FELDMAN, KRONFELD & BEATTY
Attorneys for Plaintiff, EULALIA BALAGUER
42 Broadway, 19th Floor
New York, New York 10004
(212)425-0230

3

**ATTORNEY'S VERIFICATION**

MICHAEL C. BEATTY, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at FELDMAN, KRONFELD & BEATTY, attorneys of record for Plaintiff, Eulalia Balaguer. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein that are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           May 25, 2007

_____
MICHAEL C. BEATTY

# Exhibit E

```
                State of New York - Department of State
                          Receipt for Service


Receipt #:  200707030324                    Cash #: 200707030274
Date of Service:  07/02/2007               Fee Paid: $40 - CHECK
Service Company:  85 AAA/ALBANY ATTORNEY SERVICES

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  1854 MONROE AVENUE HOUSING DEVELOPMENT FUND CORPOR
               ATION


Plaintiff/Petitioner:
               BALAGUER, EULALIA



Service of Process Address:
1854 MONROE AVENUE HOUSING DEVELOPMENT F
1854 MONROE AVENUE
BRONX,  NY 00000

                                        Secretary of State
                                        By  DONNA CHRISTIE
```

GLOBAL PROCESS SERVICE CO., INC.
291 BROADWAY, SUITE 1304
NEW YORK, NY 10007
LIC. # 887-054

SUPREME COURT BRONX COUNTY
**COUNTY OF** BRONX

**Index No.** 15713/07

EULALIA BALAGUER

**Plaintiff(s)**

- against-

**AFFIDAVIT OF SERVICE**

1854 MONROE AVENUE HOUSING DEVELOPMENT FUND
CORPORATION

**Defendant(s)**   SUMMONS & VERIFIED COMPLAINT

**STATE OF NEW YORK: COUNTY OF NEW YORK**       **ss:**

DANIEL MILLER       BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY
TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

**That on** 07/02/07 at 0955AM Hours at C/O SECRETARY OF STATE 41 STATE STREET ALBANY, NY
**deponent served the within** SUMMONS & VERIFIED COMPLAINT                              therein named,                     on

1854 MONROE AVENUE HOUSING DEVELOPMENT FUND
CORPORATION

**INDIVIDUAL**
**A** ☐
by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein.       (S) He identified (her) himself as such.

**CORPORATION**
**B** ☐ XX
a (domestic) (foreign) corporation by delivering therein XXX two copies of each to   DONNA CHRISTIE
personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said
individual to be   AUTHORIZED AGENT   thereof

**SUITABLE**
**AGE PERSON**
**C** ☐
by delivering thereat a true copy of each to
a person of suitable age and discretion. Said premises is recipient's (actual place of business ) (dwelling house) (usual place of abode) within the state.       (S) He identified (her) himself as     of recipient

**AFFIXING TO**
**DOOR, ETC.**
**D** ☐
by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there on the dates below:

Service upon the N.Y.S. Secretary of State under Section
306 of the B.C.L. and tendering a fee of $40.00

**MAILING**
**USE WITH**
**C or D**
☐
Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient at                                   and deposited
said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State.
Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLOND | 35 | 5'5 | 140 |

**MILITARY**
**SERVICE**
☐
Above person has asked, whether the recipient (s) was (were) in the military service of the State of New York or the United States and
received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that
the recipient (s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes
of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person (s) so served as aforesaid to be the same person (s) mentioned and described
as the defendant(s) in this action.

\*\*\* ABOVE PAPERS WERE ENDORSED WITH THE INDEX NUMBER AND THE DATE OF FILING, 05/30/07 \*\*\*

**USE IN**
**NYC CIVIL CT.**
The language required by NYCRR 2900.2(e). (f) & (h) was set forth on the face of said summons (es).

**Sworn to before**
**me on the**

07/05/07

SANDRA FARRON
Notary Public, State of New York
No. 01FA4784241
Qualified in Nassau County
Commission Expires Sept. 30, 2009

DANIEL MILLER
**LICENSE No.**

# 110434

# Exhibit F

Morstan Agency        7/20/2007 12:37 PM   PAGE   2/017   Fax Server

07/20/2007 12:13    2125148303         MURPHY&JORDAN,LLC           PAGE 01/09

# MURPHY & JORDAN, LLC

*ESTABLISHED 1926*

*INSURANCE BROKERS*

32 OLD SLIP, 8TH FL.

NEW YORK, NY 10005

TEL: (212) 899-8981

FAX: (212)514-8303

phayes@brownstoneagency.com

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Hilda | FROM:<br>Pamela Hayes |
|---|---|
| COMPANY:<br>Morstan General Agency | DATE:<br>July 20, 2007 |
| FAX NUMBER:<br>(516) 302-8050 | TOTAL NO. OF PAGES INCLUDING COVER:<br>9 |
| PHONE NUMBER:<br>(516) 488-4747 | SENDER'S REFERENCE NUMBER: |
| RE:<br>Insured: 1854 Monroe Avenue HDFC<br>Date of Loss: 12/20/06<br>Type of Loss: Liability Claim | YOUR REFERENCE NUMBER:<br>Policy No.: L7180545<br>Company: United National Specialty Ins Co.<br>Claimant: Eulalia Balaguer |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

1ᵗ Report attached along with Summons and Verified Complaint. Please process accordingly.

Kindly acknowledge receipt with the claim number and name of the adjuster assigned.

Thank you.

*P.O. Box 4500, Manhasset, NY 11030*
*Tele: 516-488-4747 Ext. 3226*
*Fax: 516-302-8050*
*Email: Hrivera@morstan.com*

**Morstan General
Agency, Inc.**

# Fax

| | | | |
|---|---|---|---|
| **To:** | *United National ( Gl Claims Dept* | **From:** | *Hilda Rivera-DeLeon* |
| **Fax:** | *610-660+-8885* | **Pages:** | |
| **Re:** | *1854 Monroe Ave, H.D.F.C* | **Date:** | *7/20/07* |
| **Pol#:** | *L7180545* | | |

**Date of Loss: 12/20/06      Claimant: Eulalia Balaguer**

*Enclosed please find accord loss form along with Summons.*

*We ask for your further review and acknowledgement as this is a first notice to our office.*

*Copy of policy is attached for coverage verification.*

*Thank you,*
*Hilda Rivera*

*Cc: Pamela @ Murphy & Jordan*

Morstan Agency        7/20/2007 12:37 PM  PAGE   3/017   Fax Server

07/20/2007  12:13   2125148303                MURPHY&JORDAN, LLC                    PAGE  02/09

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

| | | DATE (MM/DD/YYYY) |
|---|---|---|
| | | 07/20/2007 |

| AGENCY | PHONE (A/C, No, Ext): 212-962-5520 | NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|
| MURPHY & JORDAN LLC | | NOTICE OF CLAIM | 12/20/06 | PM | | YES / NO |
| 32 OLD SLIP | | EFFECTIVE DATE | EXPIRATION DATE | POLICY TYPE | | RETROACTIVE DATE |
| NEW YORK, NY 10005 | | 05/05/2006 | 05/05/2007 | OCCURRENCE | CLAIMS MADE | |

| FAX (A/C, No): | | COMPANY | NAIC CODE | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|---|---|
| E-MAIL ADDRESS: | | UNITED NATIONAL SPECIALTY INS. CO. | | |
| CODE: | SUB CODE: | POLICY NUMBER | | REFERENCE NUMBER |
| AGENCY CUSTOMER ID: | | L7180545 | | |

## INSURED

|  | CONTACT | CONTACT INSURED | |
|---|---|---|---|
| **NAME AND ADDRESS** SOC SEC# OR FEIN: | **NAME AND ADDRESS** MONICA ACEVEDO | | WHERE TO CONTACT |
| 1854 MONROE AVENUE H.D.F.C. | | | |
| C/O MONICA ACEVEDO | | | |
| 1854 MONROE AVENUE | | | WHEN TO CONTACT |
| BRONX, NY 10457 | | | |

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No. Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No. Ext) (718) 299-1483 | |
| CELL PHONE (A/C, No) | E-MAIL ADDRESS | CELL PHONE (A/C, No) | E-MAIL ADDRESS | |

## OCCURRENCE

| LOCATION OF OCCURRENCE (include city & state) | 1854 MONROE AVENUE BRONX, NY | AUTHORITY CONTACTED |
|---|---|---|

**DESCRIPTION OF OCCURRENCE** (use separate sheet, if necessary) EULALIA BALAGUER ALLEGEDLY SLIPPED AND FELL AT THE ABOVE LOCATION DUE TO INSURED'S NEGLIGENCE. SUMMONS AND VERIFIED COMPLAINT ATTACHED.

## POLICY INFORMATION

**COVERAGE PART OR FORMS** (insert form title and edition dates)

| GENERAL AGGREGATE | PROD/COMP/OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|
| $2,000,000 | $2,000,000 | $1,000,000 | $50,000 | $5,000 | | BI |

| UMBRELLA/EXCESS | UMBRELLA | EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | BI/PD DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | OWNER | TENANT | OTHER: | TYPE OF PREMISES | |
|---|---|---|---|---|---|
| OWNER'S NAME & ADDRESS (if not insured) | | | | OWNER'S PHONE (A/C, No. Ext) | |
| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | TYPE OF PRODUCT | |
| MANUFACTURER'S NAME & ADDRESS (if not insured) | | | | MANUFACT PHONE (A/C, No. Ext) | |
| WHERE CAN PRODUCT BE SEEN? | | | | | |
| OTHER LIABILITY IN.. (OWNED/COMPLETED OPERATIONS (Explain)) | | | | | |

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | EULALIA BALAGUER C/O FELDMAN, KRONFELD & BEATTY 42 BROADWAY, 19TH FLOOR  - NEW YORK, NY 10004 | PHONE (A/C, No. Ext) (212) 425-0230 |
|---|---|---|
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No. Ext) |
| DESCRIBE INJURY | | WHERE TAKEN | WHAT WAS INJURED DOING? | |
| FATALITY | | | | |
| DESCRIBE PROPERTY (Type, model, etc) | PERSONAL INJURIES | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No. Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

| REMARKS | INSURED RECEIVED THE SUMMONS ON 7/16/07. |
|---|---|

| REPORTED BY | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|
| INSURED | MURPHY & JORDAN | | Pamela Hayes |

ACORD 3 (2006/02)          NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    © ACORD CORPORATION 1986-2006

Morstan Agency        7/20/2007 12:37 PM  PAGE    4/017   Fax Server

07/20/2007  12:13    2125148303              MURPHY&JORDAN,LLC              PAGE  03/09

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
 1854 MONROE AVENUE HOUSING DEVELOPMENT      BALAGUER, EULALIA
FUND CORPORATION


 1854 MONROE AVENUE HOUSING DEVELOPMENT F
 1854 MONROE AVENUE
 BRONX,  NY 00000


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 07/02/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                      Division of Corporations

# Exhibit G



**Penn-America Group, Inc.**®
Penn-America Insurance Company®
Penn-Star Insurance Company®
Penn-Patriot Insurance Company

**United National Group**®
United National Insurance Company®
Diamond State Insurance Company®
United National Specialty Insurance Company®
United National Casualty Insurance Company®

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

July 24, 2007

Michael C. Beatty, Esq.
Feldman, Kronfeld & Beatty
42 Broadway
New York, NY 10004

RE: Insured:   1854 Monroe Avenue H.D.F.C.
        D/L.:       12/20/2006
        File No.:   07004801
        Claimant:  Eulalia Balaguer

Dear Mr. Beatty:

This will confirm our telephone conversation of July 25, 2007 concerning a lawsuit filed in The Supreme Court of the State of New York County Of Bronx, Index No. 15713/07, Eulalia Balaguer v 1854 Monroe Avenue Housing Development Fund Corporation.

You have graciously granted us a 30 day extension to answer. Your courtesies in this matter are appreciated.

Very truly yours,

UNITED NATIONAL SPECIALTY INSURANCE COMPANY


Stanley Doniger
Claims Examiner

cc:

# Exhibit H

✪ **UnitedAmerica** Insurance Group

Penn-America Group, Inc.®
Penn-America Insurance Company®
Penn-Star Insurance Company®
Penn-Patriot Insurance Company

**United National Group**®
United National Insurance Company®
Diamond State Insurance Company®
United National Specialty Insurance Company®
United National Casualty Insurance Company®

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

August 21, 2007

**VIA UPS GROUND**
**AND U.S. FIRST CLASS MAIL**

1854 Monroe Avenue H.D.F. C.
C/O Monica Acevedo
1854 Monroe Avenue
Bronx, NY 10457

|  |  |  |
|------|------------|--------------------------------|
| Re: | Claim No: | 07004861 |
|      | Insured: | **1854 Monroe Avenue H.D.F.C.** |
|      | Claimant: | **Eulalia Balaguer** |
|      | Date/Loss: | **12/20/2006** |

Dear Ms. Acevedo:

United National Specialty Insurance Company was notified of the pendency of a lawsuit filed in the Supreme Court of The State of New York, County of Bronx, Index #15713/07, entitled Eulalia Balaguer vs. 1854 Monroe Avenue Housing Development Corporation.

United National Specialty Insurance Company was notified of this claim by virtue of it having issued its' Commercial Lines General Liability policy L7180545, effective from May 5, 2006 to May 5, 2007 to 1854 Monroe Avenue H D F C. The policy has a potential to provide $1,000,000 Combined Single Limits Liability Coverage, subject to a policy year general aggregate of $2,000,000 and $5000 medical payments coverage.

When I wrote to you on August 2, 2007 advising you of your lack of cooperation and asking for you or your representative to immediately contact me, Beatriz Echavarria contacted me, representing she is the president of the management company for your company at the location involved and was speaking to us on your behalf. She informed us she hired her brother to complete repairs in the claimant's apartment. The claimant, Ms. Balaguer, had made complaints to the City of New York about conditions in her apartment which you were aware of. In the process of making the repairs to the apartment in question, Ms. Balaguer was injured. With days of the injury, you were made aware of this injury, as related by Ms. Echavarria.

---

Three Bala Plaza East • Suite 300 • Bala Cynwyd, PA 19004 • P: 610.664.1500 • F: 610.660.8885
*A member of **UnitedAmerica** Indemnity. Ltd.*

07004861-8181/2007

Page 2

**The purpose of this letter is to inform you there is no coverage under the terms of United National Specialty Insurance Company's policy for this loss.**

The policy of insurance issued to 1854 Monroe Avenue H.D.F.C. reads as follows:

### SECTION I - COVERAGES
### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III Limits of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is Covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A & B.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2) The "bodily injury" or "property damage" occurs during the policy period.

   c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

We now direct your attention to Section V - Definitions, which states as follows:

### SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Page 3

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

We now direct your attention to SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS, which states as follows:

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or a "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received, and

        (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2) Authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit'; and

Page 4

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

**United National Specialty Insurance Company did not receive notice of this loss for over 7 months after the date of the loss. There is no coverage for this loss because of your violation of the conditions section of the policy.**

**By copy of this letter to the claimant's attorney ,we are also disclaiming directly to claimant's attorney as he also failed to comply with the policy conditions set forth above by failing to notify us of the "occurrence" and or claim as soon as practicable.**

If any additional information affects our position in this matter, United National Specialty Insurance Company reserves the right to withdraw, revise or supplement this letter. Further, this letter should not be construed to limiting any other defenses potentially available under the policy as additional provisions may limit or exclude coverage for the claims asserted. We also reserve the right to institute a Declaratory Judgment action on the issues relating to coverage, if we believe this is appropriate.

Should you wish to take this matter up with the New York State Insurance Department, you may write to, or visit the Consumer Services Bureau, New York State Insurance Department, at either 25 Beaver Street, New York, New York 10004; Agency Building, 1 Governor A. Rockefeller, Empire State Plaza, Albany New York 12257; or the Walter Mahoney Office Building, 65 Court Street, Buffalo, New York 14202. You may also contact them at their toll free number at (800) 342) 342-3736.

We will be happy to discuss with you any concerns 1854 Monroe Avenue H.D.F.C. may have about the coverage issues raised in this letter. If you have any questions or concerns, you can reach me at (610) 747-1046.

Sincerely,
UNITED NATIONAL SPECIALTY INSURANCE COMPANY


Stanley Doniger
Claims Examiner

/SD

Page 5

cc:     Morstan General Agency
        P O Box 4500
        Manhasset, NY  11030-4500

        Murphy & Jordan
        32 Old I Slip 8th Floor
        New York, NY  10006

        Michael C. Beatty, Esq.
        Feldman, Kronfeld & Beatty
        42 Broadway 19th Floor
        New York, NY  10004

# Exhibit I

Investigations    Trial Preparation    Adjusting



# BRAATEN
## ASSOCIATES

email: abraa@optonline.net

597 Colonial place
Baldwin, ny 11510
telephone    516-546-4054
fax          516-546-5118

## INITIAL REPORT

August 3, 2007

Attn:  Mr. Stanley Doniger
**UNITED NATIONAL GROUP**
3 Bala Plaza East – Suite 300
Bala Cynwyd, PA  19004

| | | |
|---|---|---|
| Claim no. | : | 07004861 |
| Claimant | : | Eulalia Balaguer |
| Insured | : | 1854 Monroe Avenue, HDFC |
| Date/Acc | : | 12/20/2006 |
| Our file no. | : | BA-827 |

## ENCLOSURES

1.  ███████████████████████████
2.  ████████████████████████████████████████
    ██████████████
3.  █████████████████████████████████████
4.  ████████████████

## DESCRIPTION OF LOSS

This case is in suit. ████████████████████████████
██████████████

1

## SCENE CANVASS/PHOTOS

On 08/01/07 we proceeded to 1854 Monroe Avenue, Bronx, NY and ██████████ ██████████████████████████████ The building seems to be in fair condition. The claimant lives in apt. 1B on the ground floor. ████████ ████████

This is a walk-up and the super, ██████ lives in the basement. He was not at home. I canvassed the building and some tenants, all Hispanic, did not really know the claimant, who stays to herself. They were not aware of her injuries, saying she does not get out much. They did not recall an ambulance at the house, but they are not always home. They were able to provide the super ████████ phone number, ████████████ We have left messages with no response to date.



## PROPERTY DEED

We obtained a copy of the subject Property Deed which indicates the insured acquired this property on 05/01/1998.

2

**CLAIMANT/REPRESENTATION**

**Eulalia Balaguer** resides in apt. 1B in our insured's building.  She is represented by the law firm of Feldman, Kronfeld and Beatty, 32 Broadway, 19th floor, New York, NY  10004, telephone (212) 425-0230.

**WORK TO BE DONE**

1.     Continue our attempts to contact and interview the building super, ▉▉▉▉ and obtain his version of the incident.



Respectfully submitted,
**Allen Braaten** – Adjuster
***BRAATEN ASSOCIATES***

Investigations   Trial Preparation   Adjusting



## BRAATEN
### ASSOCIATES

email: abraa@optonline.net

597 Colonial place
Baldwin, ny 11510
telephone     516-546-4054
fax               516-546-5118

## FINAL REPORT

August 20, 2007

Attn:  Mr. Stanley Doniger
**UNITED NATIONAL GROUP**
3 Bala Plaza East – Suite 300
Bala Cynwyd, PA  19004

| | | |
|---|---|---|
| Claim no. | : | 07004861 |
| Claimant | : | Eulalia Balaguer |
| Insured | : | 1854 Monroe Avenue, HDFC |
| Date/Acc | : | 12/20/2006 |
| Our file no. | : | BA-827 |

## DESCRIPTION OF LOSS

This case is in suit.  She is alleging ████████████████████████████
████████████████████████████

## SCENE CANVASS

As instructed, on 08/15/07 we returned to 1854 Monroe Avenue, Bronx, NY.
The super named ██████ was nowhere to be found.  He lives in the basement
apartment.  A reply memo was left at his door.

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



messages on his phone and with relatives at his phone number ▮▮▮▮▮▮▮.

## CLAIMANT/REPRESENTATION

**Eulalia Balaguer** resides in apt. 1B in our insured's building.   She is represented by the law firm of Feldman, Kronfeld and Beatty, 32 Broadway, 19th floor, New York, NY 10004, telephone (212) 425-0230.

## WORK COMPLETED

You recently indicated you were able to determine that the claimant slipped on flooring glue put down by her "brother" who apparently was doing the work. Therefore, as instructed, we will inactivate our file at this time. In the meantime, should you have any questions or comments, please contact this office at 516-546-4054.

Respectfully submitted,
**Allen Braaten** – Adjuster
***BRAATEN ASSOCIATES***

# Exhibit J

**GLOBAL PROCESS SERVICE CO., INC.**

291 Broadway, Suite 1504

Tel. (212) 227-4901-8

Fax (212) 227-5008

Date _6/15_

REPORT _____

vs. _1854 Monroe Ave P._

1. Moved, left no forwarding address.
2. ☐ Not listed in the Phone Book.
3. Not known at address given.
4. Out of business.
5. No such address.
6. No longer employed at given place.
7. Called numerous times — never in.
8. Has only mail and telephone privileges at address.
9. "Outside man", very seldom in office.
10. Can you furnish us either residence — business — better address — Apt. No.
11. No access at ☐ P.O.B. ☐ Apt.
12. Separated ................................ only here.
    Whereabouts of Deft. refused:
13. Evading Service.
14. Shall we serve by Sub. Service?

   **MUST HAVE EXTRA COPY**

   **MUST HAVE LAST KNOW RESIDENCE**

15. Defendant in Military Service.
16. Suggest 3rd party or Witness Supoena for
    ...........................................................
17. Return by request ....................................
18. Can you authorize an additional charge? Special Service is necessary.
19. Expired. Please redate and return.
20. Attempted to trace for better address.
21. Cannot verify employment.
22. Can sub only on your authorization.

REMARKS:

_Residence - Not Known_

# Exhibit K

PAGE  02/06

08/14/2007  14:42     7189334022                    ROSY



**UnitedAmerica** Insurance Group

Penn-America Group, Inc.
Penn-America Insurance Company
Penn-Star Insurance Company
Penn-Patriot Insurance Company

United National Group
United National Insurance Company
Diamond State Insurance Company
United National Specialty Insurance Company
United National Casualty Insurance Company

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

August 2, 2007

**VIA UPS GROUND**
**AND U.S. FIRST CLASS MAIL**

1854 Monroe Avenue H.D.F. C.
C/O Monica Acevedo
1854 Monroe Avenue
Bronx, NY  10457

Re:   Claim No:      07004861
      Insured:       **1854 Monroe Avenue H.D.F.C.**
      Claimant:      **Eulalia Balaguer**
      Date/Loss:     **12/20/2006**

Dear Ms. Acevedo:

United National Specialty Insurance Company was notified of the pendancy of a lawsuit filed in the Supreme Court of The State of New York, County of Bronx, Index #15713/07, entitled Eulalia Balaguer vs. 1854 Monroe Avenue Housing Development Corporation.

United National Specialty Insurance Company was notified of this claim by virtue of it having issued its' Commercial Lines General Liability policy L7180545, effective from May 5, 2006 to May 5, 2007 to 1854 Monroe Avenue H D F C. The policy has a potential to provide $1,000,000 Combined Single Limits Liability Coverage, subject to a policy year general aggregate of $2,000,000 and $5000 medical payments coverage.

We are writing to you due to your failure, to date, to cooperate in the investigation of this matter and your lack of assistance in arranging for the interviewing and statementizing of knowledgeable people with reference to the work done in the claimant's apartment which allegedly caused her to be injured. We are unable to identify the people who did the work and what was there relationship to you.

Three Bala Plaza East • Suite 300 • Bala Cynwyd, PA 19004 • P: 610.664.1500 • F: 610.660.8685
*A member of UnitedAmerica Indemnity, Ltd.*

07004861-5407/2007

08/14/2007  14:42    7189334022                ROSY
                                                    PAGE  03/06

Page 2

**The purpose of this letter is to inform you there will be no coverage under the terms of United National Insurance Company's policy for this claim if you do not immediately cooperate with the investigation and defense of this claim. You have 10 business days to comply with the terms of this letter. We have obtained an extension of time to answer the complaint until August 25, 2007. After that time, you will be in default and your assets will be exposed.**

The policy of insurance issued to 1854 Monroe Avenue H.D.F.C. reads as follows:

### SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section III Limits of Insurance; and

        (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is Covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A & B.

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2)    The "bodily injury" or "property damage" occurs during the policy period.

    c.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

08/14/2007  14:42     7189334022                            ROSY

PAGE   04/06

Page 3

We now direct your attention to Section V - Definitions, which states as follows:

### SECTION V – DEFINITIONS

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

12.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

We now direct your attention to SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS, which states as follows:

2.    **Duties In The Event Of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or a "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received, and

        (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

    c.    You and any other involved insured must:

Page 4

   (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2)    Authorize us to obtain records and other information;

   (3)    Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

   (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d.    No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

  e.    Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

**Your continued lack of cooperation in accordance with the terms and conditions of the policy of insurance issued to your company may result in the denial of coverage in this matter. I urge you to contact me immediately and assist me in the investigation of this claim.**

If any additional information affects our position in this matter, United National Specialty Insurance Company reserves the right to withdraw, revise or supplement this letter. Further, this letter should not be construed to limiting any other defenses potentially available under the policy as additional provisions may limit or exclude coverage for the claims asserted. We also reserve the right to institute a Declaratory Judgment action on the issues relating to coverage, if we believe this is appropriate.

We will be happy to discuss with you any concerns 1854 Monroe Avenue H.D.F.C. may have about the coverage issues raised in this letter. If you have any questions or concerns, you can reach me at (610) 747-1046.

Sincerely,

UNITED NATIONAL SPECIALTY INSURANCE COMPANY

Stanley Doniger
Claims Examiner

/SD

08/14/2007  14:42    7189334022                    ROSY                              PAGE  06/06

Page 5


cc:     Morstan General Agency
        P O Box 4500
        Manhasset, NY  11030-4500

        Murphy & Jordan
        32 Old I Slip 8th Floor
        New York, NY  1000



**UnitedAmerica** insurance Group

Penn-America Group, Inc.[32]
Penn-America Insurance Company[®]
Penn-Star Insurance Company[®]
Penn-Patriot Insurance Company

United National Group[®]
United National Insurance Company[®]
Diamond State Insurance Company[®]
United National Specialty Insurance Company[®]
United National Casualty Insurance Company[®]

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

August 21, 2007

**VIA UPS GROUND**
**AND U.S. FIRST CLASS MAIL**

1854 Monroe Avenue H.D.F. C.
C/O Monica Acevedo
1854 Monroe Avenue
Bronx, NY 10457

Re:　Claim No:　07004861
　　　Insured:　1854 Monroe Avenue H.D.F.C.
　　　Claimant:　Eulalia Balaguer
　　　Date/Loss:　12/20/2006

Dear Ms. Acevedo:

United National Specialty Insurance Company was notified of the pendency of a lawsuit filed in the Supreme Court of The State of New York, County of Bronx, Index #15713/07, entitled Eulalia Balaguer vs. 1854 Monroe Avenue Housing Development Corporation.

United National Specialty Insurance Company was notified of this claim by virtue of it having issued its' Commercial Lines General Liability policy L7180545, effective from May 5, 2006 to May 5, 2007 to 1854 Monroe Avenue H D F C. The policy has a potential to provide $1,000,000 Combined Single Limits Liability Coverage, subject to a policy year general aggregate of $2,000,000 and $5000 medical payments coverage.

When I wrote to you on August 2, 2007 advising you of your lack of cooperation and asking for you or your representative to immediately contact me, Beatriz Echavarria contacted me, representing she is the president of the management company for your company at the location involved and was speaking to us on your behalf. She informed us she hired her brother to complete repairs in the claimant's apartment. The claimant, Ms. Balaguer, had made complaints to the City of New York about conditions in her apartment which you were aware of. In the process of making the repairs to the apartment in question, Ms. Balaguer was injured. With days of the injury, you were made aware of this injury, as related by Ms. Echavarria.

---

Page 2

**The purpose of this letter is to inform you there is no coverage under the terms of United National Specialty Insurance Company's policy for this loss.**

The policy of insurance issued to 1854 Monroe Avenue H.D.F.C. reads as follows:

### SECTION I - COVERAGES
### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III Limits of Insurance; and

    (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is Covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A & B.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    (2) The "bodily injury" or "property damage" occurs during the policy period.

    c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

We now direct your attention to Section V - Definitions, which states as follows:

### SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Page 3

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

We now direct your attention to SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS, which states as follows:

2. **Duties In The Event Of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or a "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received, and

        (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2) Authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

Page 4

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e.  Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

**United National Specialty Insurance Company did not receive notice of this loss for over 7 months after the date of the loss. There is no coverage for this loss because of your violation of the conditions section of the policy.**

**By copy of this letter to the claimant's attorney ,we are also disclaiming directly to claimant's attorney as he also failed to comply with the policy conditions set forth above by failing to notify us of the "occurrence" and or claim as soon as practicable.**

If any additional information affects our position in this matter, United National Specialty Insurance Company reserves the right to withdraw, revise or supplement this letter. Further, this letter should not be construed to limiting any other defenses potentially available under the policy as additional provisions may limit or exclude coverage for the claims asserted. We also reserve the right to institute a Declaratory Judgment action on the issues relating to coverage, if we believe this is appropriate.

Should you wish to take this matter up with the New York State Insurance Department, you may write to, or visit the Consumer Services Bureau, New York State Insurance Department, at either 25 Beaver Street, New York, New York 10004; Agency Building, 1 Governor A. Rockefeller, Empire State Plaza, Albany New York 12257; or the Walter Mahoney Office Building, 65 Court Street, Buffalo, New York 14202. You may also contact them at their toll free number at (800) 342) 342-3736.

We will be happy to discuss with you any concerns 1854 Monroe Avenue H.D.F.C. may have about the coverage issues raised in this letter. If you have any questions or concerns, you can reach me at (610) 747-1046.

Sincerely,
UNITED NATIONAL SPECIALTY INSURANCE COMPANY

Stanley Doniger
Claims Examiner

/SD

Page 5

cc:     Morstan General Agency
P O Box 4500
Manhasset, NY 11030-4500

Murphy & Jordan
32 Old I Slip 8th Floor
New York, NY 10006

Michael C. Beatty, Esq.
Feldman, Kronfeld & Beatty
42 Broadway 19th Floor
New York, NY 10004

**Doniger, Stanley**

| | |
|---|---|
| **From:** | Cruz, Diane |
| **Sent:** | Monday, August 20, 2007 10:52 AM |
| **To:** | Doniger, Stanley |
| **Subject:** | 07004861 |

I spoke with the insured - Beatrice Echavarria at 718-299-1975, she is the owner and president of the management company for this location. She "hired" her brother to complete repairs in the Balaguer apartment. When he returns home from work this evening, she will ask him if she ever paid him for his services as she does not remember. The tenant had complained to the City about the lack of repairs to the unit and the insured was understandably upset by this. The brother, completed some repairs in both the bathroom and the kitchen. In the kitchen he was replacing floor tiles. The tenant wears long pants and shuffles around in slippers. She was warned to stay out of the kitchen until the glue for the floor tiles had set. She entered the kitchen, her slipper or pant leg stuck to the glue and she was caused to fall. The tenant is described as difficult.

The insured was made aware of the event and resultant injury a few days after Balaguer returned from the hospital. However, the insured was not aware that a claim would be made until she received the lawsuit.

**Diane Cruz**
Senior Claims Examiner II
Professional Liability Claims Department
**UnitedAmerica** Insurance Group
  *Members*
  Penn-America Group
  United National Group
Three Bala Plaza East
Suite 300
Bala Cynwyd, PA 19004
610.660.5473
610.660.8885 fax

Commercial Binding Authority products, visit www.penn-america.com.
Specialty and Brokerage products, visit www.unitednat.com.

This message is intended only for the addressee and may contain information that is confidential or privileged. Any use of this information other than by the intended recipient is prohibited. If you received this message in error, please send a reply e-mail to the sender and delete the e-mail.



























08/28/2007 09:52 AM 906C0_9556

## FELDMAN, KRONFELD & BEATTY
### ATTORNEYS AT LAW
42 BROADWAY, 19ᵗʰ FLOOR
NEW YORK, NEW YORK 10004

TEL: (212) 425-0230
FAX: (212) 809-6174

LONG ISLAND OFFICE
45 NORTH STATION PLAZA
GREAT NECK, N.Y. 11021
(516) 482-2282

August 24, 2007

United America Insurance Group
Three Bala Plaza East
Suite 300
Bala Cynwyd, PA 19004

Attention: Stanley Doniger

Re:     Your Insured: 1854 Monroe Avenue HDFC
        Claim #: 07004801
        D/A: December 20, 2006

Dear Mr. Doniger:

We are in receipt of your correspondence dated August 21, 2007.

The position you have chosen to adopt is unfounded. As proof of same, *inter alia*, you failed to properly preserve your rights within the statutory time period to interpose an Answer in this matter or take other action in response to the lawsuit herein. I refer specifically to your self serving letter of July 24, 2007 in which you refer to a "30 day extension to Answer". Without addressing the general validity of your asserted right, it is noted that no reference is made concerning a time for the purpose of allowing a disclaimer to follow and you – as the entity obligated to defend – have placed the insured in default.

We intend to move on that default. As you were advised, the extent of the plaintiff's injuries are significant, having a value in excess of your stated limits of $1,000,000.00. You have now foregone the opportunity to provide a valid defense to your insured. The obvious

J:\NEWSAGAPM\DOCS\MICHAEL\CORRESP\20023.doc

**08/28/2007 09:52 AM 906C0_9556**

Re:    Your Insured: 1854 Monroe Avenue HDFC
Claim #: 07004801
D/A: December 20, 2006
Page 2

economic impact on both your company, as the carrier, and the defendant, by permitting this matter to proceed to inquest is potentially enormous. However, once a judgment has been obtained we will seek to enforce it against United America Insurance Group. I am sure you are aware of the numerous cases in which the carrier has been compelled to pay under similar fact patterns.

We will provide your office with an additional 10 days in which to review your decision. This is not to be deemed as extension of your rights. You must advise within that time period, in writing, as to any modified decision at which you have arrived. We will then take such information, if provided, into consideration before proceeding.

Very truly yours,

FELDMAN, KRONFELD & BEATTY

By: MICHAEL C. BEATTY

MCB:ab



**Penn-America Group, Inc.®**
Penn-America Insurance Company®
Penn-Star Insurance Company®
Penn-Patriot Insurance Company

**United National Group®**
United National Insurance Company®
Diamond State Insurance Company®
United National Specialty Insurance Company®
United National Casualty Insurance Company®

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

July 25, 2007

Michael C. Beatty, Esq.
Feldman, Kronfeld & Beatty
42 Broadway
New York, NY 10004

RE: Insured:  1854 Monroe Avenue H.D.F.C.
     D/L:      12/20/2006
     File No.:  07004861
     Claimant: Eulalia Balaguer

Dear Mr. Beatty:

This will confirm our telephone conversation of July 25, 2007 concerning a lawsuit filed in The Supreme Court of the State of New York County Of Bronx, Index No. 15713/07, Eulalia Balaguer v 1854 Monroe Avenue Housing Development Fund Corporation.

You have graciously granted us a 30 day extension to answer. Your courtesies in this matter are appreciated.

Very truly yours,

UNITED NATIONAL SPECIALTY INSURANCE COMPANY

Stanley Doniger
Claims Examiner

cc:

## Doniger, Stanley

| | |
|---|---|
| **From:** | Cruz, Diane |
| **Sent:** | Monday, August 20, 2007 10:52 AM |
| **To:** | Doniger, Stanley |
| **Subject:** | 07004861 |

I spoke with the insured - Beatrice Echavarria at 718-299-1975, she is the owner and president of the management company for this location. She "hired" her brother to complete repairs in the Balaguer apartment. When he returns home from work this evening, she will ask him if she ever paid him for his services as she does not remember. The tenant had complained to the City about the lack of repairs to the unit and the insured was understandably upset by this. The brother, completed some repairs in both the bathroom and the kitchen. In the kitchen he was replacing floor tiles. The tenant wears long pants and shuffles around in slippers. She was warned to stay out of the kitchen until the glue for the floor tiles had set. She entered the kitchen, her slipper or pant leg stuck to the glue and she was caused to fall. The tenant is described as difficult.

The insured was made aware of the event and resultant injury a few days after Balaguer returned from the hospital. However, the insured was not aware that a claim would be made until she received the lawsuit.

**Diane Cruz**
Senior Claims Examiner II
Professional Liability Claims Department
**UnitedAmerica** Insurance Group
  *Members*
  Penn-America Group
  United National Group
Three Bala Plaza East
Suite 300
Bala Cynwyd, PA 19004
610.660.5473
610.660.8885 fax

Commercial Binding Authority products, visit www.penn-america.com.
Specialty and Brokerage products, visit www.unitednat.com.

This message is intended only for the addressee and may contain information that is confidential or privileged. Any use of this information other than by the intended recipient is prohibited. If you received this message in error, please send a reply e-mail to the sender and delete the e-mail.



## UNITED NATIONAL SPECIALTY INSURANCE COMPANY
### MILWAUKEE, WISCONSIN

# RENEWAL CERTIFICATE
## *VALUABLE - ATTACH TO YOUR POLICY*

**Policy Number:** *L7180545*

**Named Insured:** *1854 MONROE AVENUE, H.D.F.C.*

**Mailing Address:** *C/O MONICA ACEVEDO*
**Street:** *1854 MONROE AVE.*

**City:** *BRONX*
**State & Zip Code:** *NY 10457*

**Renewal Period: From:** *May 5, 2006*          **To:** *May 5, 2007*
at 12:01 A.M. Standard Time at the mailing address shown above.

**Producer Name:** *Morstan General Agency*
**Address:** *P.O. BOX 4500*

*MANHASSET*              *NY 11030-4500*
**Producer Number:** *01076*

---

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM SHOWN BELOW, THE COVERAGE INDICATED IS RENEWED AND SUBJECT TO ALL THE TERMS AND CONDITIONS OF THE PREVIOUS POLICY INCLUDING FORMS AND ENDORSEMENTS, UNLESS OTHERWISE SPECIFIED. CHANGES IF ANY: IL 0985

THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial General Liability Coverage Part | $5,939.00 |

| TOTAL | $5,939.00 |
|---|---|

By: _____
Countersignature

05/08/06
EPA-100 (8-95)                    INSURED

Morstan Agency         7/20/2007 12:37 PM   PAGE   12/017   Fax Server

Policy Change
Number 01

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

IL 12 01 11 85

## POLICY CHANGES

| POLICY NO. | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| L7180545 | 05/05/2004 | UNITED NATIONAL SPECIALTY INSURANCE COMPANY |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| 1854 MONROE ST. H.C.F.C. | MORSTAN GENERAL AGENCY, INC. |

**COVERAGE PARTS AFFECTED**

Commercial General Liability

### CHANGES

IT IS HEREBY UNDERSTOOD AND AGREED THAT THE NAMED INSURED IS AMENDED
TO READ AS FOLLOWS:

1854 MONROE AVENUE, H.D.F.C.
C/O MONICA ACEVEDO

NO CHANGE IN PREMIUM
11/16/04    AS
BRK: MURPHY & JORDAN, INC.

_____
Authorized Representative Signature

Copyright, Insurance Services Office, Inc , 1983
Copyright, ISO Commercial Risk Services, Inc , 1983

Morstan Agency        7/20/2007 12:37 PM   PAGE  13/017   Fax Server

# POLICY BANNER PAGE

**POLICY NUMBER:**  L7180545

**INSURED:**   1854 MONROE ST. H.C.F.C.

## POLICY FORMS ARE COMPLETE

Morstan Agency          7/20/2007 12:37 PM  PAGE  14/017   Fax Server

1854 MONROE ST. H.C.F.C.                                    L7180545

## SCHEDULE OF POLICY FORMS AND ENDORSEMENTS

Form(s) and Endorsement(s) made a part of this policy at time of issue.

| Form Number | Edition Date | Description |
|---|---|---|
| COMMON | | |
| DPA100 | 0898 | COMMON POLICY DECLARATIONS |
| EAA100 | 0798 | IN WITNESS CLAUSE |
| IL0003 | 1185 | CALCULATION OF PREMIUM |
| IL0017 | 1198 | COMMON POLICY CONDITIONS |
| IL0021 | 1185 | NUCLE ENERGY LIAB EXCL (BROAD) |
| IL0185 | 0498 | NY CHANGES - CALC OF PREM |
| IL0268 | 0498 | NY CHANGES - CANC & NON RENL |
| IL0985 | 0103 | DISCLOSURE TERROR RISK INSURANCE |
| COMMERCIAL GENERAL LIABILITY | | |
| CL150 | 0995 | CGL COVERAGE PART DECLARATIONS |
| CG0001 | 0196 | CGL COVERAGE FORM |
| CG0163 | 0798 | NY CHANGES - CGL COVERAGE FORM |
| CG2144 | 1185 | LIMIT OF COV DES PREM PROJECT |
| CG2147 | 1093 | EMPLYMNT RELATED PRACTICE EXCL |
| CG2149 | 0196 | TOTAL POLLUTION EXCL ENDT |
| CG2621 | 1091 | NY CHANGES/TRANSFER OF DUTIES |
| CG2624 | 0892 | NY CHANGES - LEGAL ACTION / US |
| SL4 | 0298 | EXCL - ASSAULT & BATTERY |
| SL11 | 0598 | EXCL - ASBESTOS |
| SL31 | 0298 | EXCL - LEAD LIABILITY |
| SL65 | 0698 | EXCL PUNITIVE & EXEMPLARY DAMG |
| ** | | END OF GL FORMS |

## In Witness Clause

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

_Secretary_

_President_

Morstan Agency        7/20/2007 12:37 PM    PAGE    16/017    Fax Server

POLICY NUMBER: L7180545                                    IL 09 85 01 03

**THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK INSURANCE ACT OF 2002. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

# DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT OF 2002

| SCHEDULE* |
| --- |
| Terrorism Premium (Certified Acts) $ _EXCLUDED_ |
| Additional Information, if any, concerning the terrorism premium: |
| |
| * Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations. |

**A. Disclosure of Premium**

In accordance with the federal Terrorism Risk Insurance Act of 2002, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under that Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

**B. Disclosure of Federal Participation in Payment of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention.

IL 09 85 01 03              ISO Properties, Inc., 2003              Page 1 of 1 ☐

Morstan Agency          7/20/2007 12:37 PM   PAGE   17/017   Fax Server

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

EFFECTIVE DATE: May 5, 2004
12:01 A.M., Standard Time

POLICY NO.: L7180545

| LIMITS OF INSURANCE | | |
|---|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $ | 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ | INCLUDED |
| Personal and Advertising Injury Limit | $ | 1,000,000 |
| Each Occurence Limit | $ | 1,000,000 |
| Fire Damage Limit | $ | 50,000  ANY ONE FIRE |
| Medical Expense Limit | $ | 5,000  ANY ONE PERSON |

**RETROACTIVE DATE   (CG 00 02 ONLY)**

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown here:

(Enter Date or "None" if no Retroactive Date applies)

**FORM OF BUSINESS**

[ ] Individual      [ ] Joint Venture      [ ] Partnership      [X] Organization (other than Partnership or Joint Venture)

**LOCATION OF PREMISES**

Location of All Premises You Own, Rent or Occupy:
Loc #
001   1854 MONROE AVE.,BRONX, NY                                              10457

**PREMIUM**

| Loc # | Classification | Code No. | Premium Basis | Rate Pr/Co  All Other | Advance Premium Pr/Co  All Other |
|---|---|---|---|---|---|
| 001 | APART GREATER NY W/OUT ELVTR | 60022 | UNITS 25 | INCLUDED 237 554 | INCLUDED 5939 |
| ** | PRODUCTS-COMPLETED OPERATIONS | | | | |
| | ARE SUBJECT TO THE GENERAL | | | | |
| | AGGREAGTE LIMIT** | | | | |

Total Advance Premium          $5,939.00

| FORMS AND ENDORSEMENTS |
|---|
| SEE ATTACHED SCHEDULE OF POLICY FORMS AND ENDORSEMENTS SAA-100 |

CL-150 (9/95)