UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED    NATIONAL    SPECIALTY    INSURANCE
COMPANY,

|  |  |
|---|---|
| Plaintiff, | DocketNo:07-CV-10934<br>(PKC)(THK) |

-against-

1854   MONROE   AVENUE   H.D.F.C.   and   EULALIA
BALAGUER,

Defendants.

------------------------------------------------------------------------x


### PLAINTIFF'S OPPOSITION TO BALAGUER'S CROSS-MOTION AND REPLY ON MOTION


MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Plaintiff - UNITED
NATIONAL INSURANCE COMPANY
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No. 07-544


Of Counsel:
    Steven Verveniotis, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

REPLY ARGUMENT .............................................................................................2

POINT I .................................................................................................................2

THE DEFAULT JUDGMENT AGAINST MONROE SHOULD NOT BE VACATED  AND BALAGUER SHOULD BE BOUND BY THE JUDGMENT AGAINST MONROE ..................2

POINT II..............................................................................................................6

UNITED NATIONAL PROPERLY INVESTIGATED THE COVERAGE ISSUES AND NOTIFIED ALL CONCERNED OF DENIAL OF COVERAGE IN A REASONABLE PERIOD OF TIME ................................................................................................................6

POINT III............................................................................................................12

BALAGUER AND MONROE'S NOTICE WAS UNTIMELY AND IN VIOLATION  OF THE PRECONDITION OF COVERAGE SET FORTH IN THE POLICY .........................................12

CONCLUSION.....................................................................................................19

# **TABLE OF AUTHORITIES**

## **Cases**

1329 Realty, LLC v. United States Liability Insurance Group, 2006 WL 3150823 (E.D.N.Y.) ............... 13

2540 Associates, Inc. v. Assicurazioni Generali, 271 A.D.2d 282, 283-84, 707 N.Y.S.2d 59, 61 (1st Dept. 2000) .................................................................................................................................... 7

2540 Associates, Inc., 271 A.D.2d at 284, 707 N.Y.S.2d at 61 ................................................... 7

Aetna Cas. & Sur. Co. v. General Tire Corp., 704 F.2d 80, 82 (2d Cir.1983) ............................... 3

Aetna Casualty & Surety Company v. Pennsylvania Manufacturers Association Insurance Company, 57 A.D.2d 982, 394 N.Y.S.2d 330 (3d Dep't 1977) ...................................................... 8

Aetna Casualty and Surety Company v. Brice, 72 A.D.2d 927, 928, 422 N.Y.S.2d 203, 206 (4th Dept. 1979) ...................................................................................................................... 9

American Manufacturers Mut. Ins. Co., et al., v. CMA Enterprises, Ltd., et al., 246 A.D.2d 373, 667 N.Y.S.2d 724 (1st Dep't 1998) ...................................................................................... 12

Argo Corp. v. Greater New York Mutual Ins. Co., 4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005) ................................................................................................................... 18

Blue Ridge Insurance Co. v. Biegelman, 36 A.D.3d 736, 829 N.Y.S.2d 575 (2nd Dep't 2007) ............. 13

Cillo v. Resjefal Corp.,13 A.D.3d 292, 787 N.Y.S.2d 269 (1st Dep't, 2004) ................................. 3

Congregation B'nai Israel, 900 F. Supp. at 647, 648 ................................................................ 7

DeGeorge v. Ace American Insurance Company, 2008 WL 180786 (S.D.N.Y.) ............................... 13

Deso v. London & Lancashire Inc.. Co., 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) ......................... 13

Farmbrew Realty Corp. v. Tower Ins. Co. of New York, 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dept. 2001) ............................................................................................................... 7, 8

First Financial Ins. Co. v. Jetco Contracting Corp., N.Y. 3d 64, 769 N.Y.S.2d 459 (2003) ................. 10

Fleet Bank v. Powerhouse Trading Corp., 267 A.D.2d 276, 700 N.Y.S.2d 53 (2d Dep't, 1999) ................. 3

G Simons & Co. S.A. v. New Bar of North America, 2005 WL 1137348 (S.D.N.Y.) ......................... 13

Glusband v. Fittin Cunningham Lauzon Inc., 1987 WL 8343 at *4 (S.D.N.Y. 1987) ......................... 9

Haas Tobacco Co. v. American Fidelity Co., 227 N.Y. 343 (1919) ............................................. 13

Hartford Acc. & Indem. v. CNA Ins. Companies, 99 A.D.2d 310, 472 N.Y.S.2d 342 (1st Dep't 1984) .... 13

Heydt Contracting Corp. v. American Home Assurance Co., 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989), appeal dismissed, 74 N.Y.2d 651, 542 N.Y.S. 520 (1989) ................................................. 14

In re Latimore, 252 A.D.2d 217, 683 N.Y.S.2d 526, (1st Dep't 1999) .......................................................... 4

In re Prudential Prop. & Cas. Ins. Co., 213 A.D.2d 408, 623 N.Y.S.2d 336 (2d Dept. 1995) ...................... 8

Kanat v. Ochsner, 301 A.D.2d 456, 755 N.Y.S.2d 371 (1st Dep't 2003) ....................................................... 4

Klaxon Co. v. Stenor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) .................................................................. 3

Lang v. Hanover Insurance Company, 3 N.Y.3d 350, 787 N.Y.S.2d 211 (2004) ......................................... 2

Liberty Mutual Insurance Company v. Dombroski, 235 A.D.2d 606, 651 N.Y.S.2d 711 (3d Dept. 1997) .. 8

Maldonado v. C.L.-M.I. Properties, Inc., 39 A.D.3d 822, 823, 835 N.Y.S.2d 335, 336-37 (2d Dep't 2007) ............................................................................................................................................................ 17

Massachusetts Bay Ins. Co. v. Flood, 128 A.D.2d 683, 513 N.Y.S.2d 182, 183 (2d Dep't 1987), app. denied, 70 N.Y.2d 612, 523 N.Y.S.2d 496, 518 N.E.2d 7 (1987) .................................................. 15, 16, 17

MCI LLC v. Rutgers Cas. Ins. Co., 2007 WL 2325867 (S.D.N.Y. 2007) ..................................................... 17

Mendall on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724 (2d Cir. 1990), aff'd 501 U.S.115 (1991) ..... 5

Mount Vernon Fire Ins. Co. v. Harris, 193 F. Supp.2d 674, 678 (E.D.N.Y. 2002) .............................. 6, 7, 8

Mount Vernon Fire Ins. Co. v. Orange Intercept, Ltd., No. CV-92-1986, 1992 WL 368085, at *3 (E.D.N.Y. Nov. 19, 1992) ...................................................................................................... 8, 15, 16

Mount Vernon Fire Insurance Co. v. Orange Intercept, Ltd. 1992 WL 368085 (E.D.N.Y. 1992) ............. 15

National Union Fire Insurance Company v. State Insurance Fund, 266 A.D.2d 518, 699 N.Y.S.2d 111 (2nd Dep't 1999) ............................................................................................................................................ 12

Power Authority of the State of New York v. Westinghouse Electric Corp., 117 A.D.2d 336, 502 .......... 14

Ringel v. Blue Ridge Ins. Co., 293 A.D.2d 460, 740 N.Y.S.2d 109, 111 (2d Dep't 2002) .................... 16, 17

Rodriguez v. Gary Plastic Packing Corp., 1997 WL 232328 (S.D.N.Y.) ....................................................... 5

Rushing v. Commercial Casualty Ins., 251 N.Y. 302 (1929) (22 days) ........................................................ 13

Rzeznik v. East Coast Insurance Company, 39 A.D.2d 722, 331 N.Y.S.2d 803 (2d Dept. 1972) ................. 8

Security Mutual Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d 902 (1972) ........ 13, 18

Security Mutual, 340 N.Y.S.2d at 772, 905 ................................................................................................... 13

Shaw Temple A.M.E. Zion Church v. Mount Vernon Fire Ins. Co., 199 A.D.2d 374, 605 N.Y.S.2d 370 (2d Dep't 1993) .............................................................................................................................................. 13

iii

Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 206 (S.D.N.Y. 2002)..................................7

Travelers Ins. Co. v. Volmar Construction Co., 2002 WL 31723191 at *4 (1st Dept. 2002)......................7

U.S. Liability Ins. Co. v. Winchester Fine Arts Services, Inc. 337 F.Supp.2d 435 (S.D.N.Y. 2004)....16-17

U.S. Underwriters Ins. Co. v. Congregation B'nai Israel, 900 F. Supp. 641 (E.D.N.Y. 1995)....................7

U.S. Underwriters Ins. Co. v. Kum Gang, Inc., 443 F. Supp. 2d. 348 (E.D.N.Y. 2006) ...........................13

U.S. Underwriters Insurance Corp v. 203-211 West 145th Street Associates, L.P. 2001 WL 604060
    (S.D.N.Y.) ......................................................................................................................................3

Utica Mutual Ins. Co. v. Firemen's Fund Ins. Co., 748 F.2d 118, 121 (2d Cir. 1984) ........................13, 18

Wasserman v. City of New York, 149 F.R.D. 457 (E.D.N.Y. 1993)............................................................5

Webster v. Mt. Vernon Fire Ins. Co., 368 F.3d 209 (2d Cir. 2004) ........................................................17

Wilczak v. Ruda & Capozzi, Inc., 203 A.D.2d 944, 945, 611 N.Y.S.2d 73 (4th Dept. 1994).................7, 8

Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 760 N.Y.S.2d 727 (2003) .........................................3

## Statutes

§ 3420(a)(3)............................................................................................................................................17

CPLR § 5015a .........................................................................................................................................3

Fed. Rule Civ. Pro. 55 ..............................................................................................................................6

Fed. Rule Civ. Pro. 60(b)(3)......................................................................................................................5

N.Y. Ins. L. Sec 3420 (a)(3) (McKinney's 2007) ....................................................................................15

New York Insurance Law § 3420(d)..........................................................................................................6

Rule 60(b) ................................................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("United National") submits this memorandum of law in opposition to the cross-motion for defendant EULALIA BALAGUER ("Balaguer") and in reply to the opposition submitted by Balaguer to United National's motion for Summary Judgment. Not only should the default not be vacated but judgment should be entered, binding against all, in favor of United National.

This Court should not vacate the default judgment it issued against 1854 Monroe Avenue H.D.F.C. ("Monroe") and that judgment should be binding against Balaguer. First, under New York State Insurance Law § 3420, Balaguer lacks standing to challenge the default judgment against Monroe. Second, under New York Law, a default judgment is considered to be a judgment on the merits. Third, Balaguer had a full and fair opportunity to challenge United National's motion for default prior to entry of the judgment, but Balaguer failed to oppose the motion and should not be allowed now to move to vacate that judgment. Finally, the only ground Balaguer can assert for vacating the default is based on an inadvertent typographical error, which had no bearing on United National's right to the default judgment against Monroe and does not invalidate the disclaimer of coverage.

Even if this Court were to vacate the default and this matter were to be re-adjudicated on the merits, the disclaimer still must be upheld and judgment entered against all in favor of United National. United National's disclaimer of coverage to its insured, Monroe, also copied to claimant, Balaguer, was timely and proper. United National received its first notice of the occurrence giving rise to the underlying personal injury action seven months after its alleged occurrence. Upon receipt of that notice, United National commenced an investigation into the

facts surrounding Balaguer's alleged accident, in an effort to determine whether United National

had valid grounds to disclaim coverage. However, due to the insured's failure to cooperate with

United National, the investigation into the incident was slightly delayed and it was not until

August 20, merely 31 days after receiving its first notice of the incident, that United National

uncovered that Monroe knew of the accident when it happened and had not provided timely

notice to United National. The disclaimer that was issued on August 21, to both Monroe and

Balaguer, was proper and receipt has been admitted in Balaguer's 56.1. See Balaguer 56.1 at

paragraph 5.

## REPLY ARGUMENT

## POINT I

## THE DEFAULT JUDGMENT AGAINST MONROE SHOULD NOT BE VACATED AND BALAGUER SHOULD BE BOUND BY THE JUDGMENT AGAINST MONROE

Defendant Balaguer, is not an insured but merely a claimant having asserted claims in the

underlying action against United National's insured, Monroe. In that capacity, Balaguer lacks

standing to challenge the default judgment entered against Monroe.

The Court of Appeals has held, in Lang v. Hanover Insurance Company, 3 N.Y.3d 350,

787 N.Y.S.2d 211 (2004), that a claimant has no direct action against an insurance company until

certain conditions are met by statute. The Court of Appeals held that, under Insurance Law

§3420, a claimant, like Balaguer, has standing to bring a direct action against an insurer only if it

first satisfies all of the following conditions precedent to such suit: 1) obtain a judgment against

the alleged tortfeasor insured of the insurance company; 2) serve the insurance company with a

copy of the judgment; and 3) await payment for thirty (30) days.

Here, the record clearly shows that Balaguer, a stranger to the contract of insurance

between Monroe and United National, has not obtained a judgment against United National's insured, Monroe. Thus, there has been no judgment served upon United National for which Balaguer has requested payment. Accordingly, Balaguer, as a claimant to the Policy issued to Monroe, has not satisfied any of the conditions precedent to confer standing upon her to move this Court to vacate the default entered against Monroe.

Even if Balaguer had standing to move this Court to vacate the default that has been entered against Monroe, Balaguer does not assert any valid grounds for this Court to do so in her cross-motion. Balaguer argues throughout her cross-motion, that the default should be vacated in order to allow the coverage issues to be decided on the merit. However, under New York Law a default judgment is a finding on the merits. See CPLR § 5015a; Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 760 N.Y.S.2d 727 (2003); Cillo v. Resjefal Corp.,13 A.D.3d 292, 787 N.Y.S.2d 269 (1st Dep't, 2004); Fleet Bank v. Powerhouse Trading Corp., 267 A.D.2d 276, 700 N.Y.S.2d 53 (2d Dep't, 1999).   Additionally, a Federal Court deciding a case in diversity must apply the law of the state in which it sits. Klaxon Co. v. Stenor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Aetna Cas. & Sur. Co. v. General Tire Corp., 704 F.2d 80, 82 (2d Cir.1983). Thus, the law of New York governs this case as to insurance coverage. U.S. Underwriters Insurance Corp v. 203-211 West 145th Street Associates, L.P. 2001 WL 604060 (S.D.N.Y.). Therefore, this Court's entry of a default judgment against Monroe, decided this coverage matter on the merits.

Balaguer also argues in her cross-motion that she did not have a full and fair opportunity to litigate the coverage issues since it was obtained through default. However Balaguer's opposition misses the point, which is that she cannot claim that she was not given an opportunity to litigate the coverage issue before the default was entered when she was a party to the action,

was served with the motion and chose not to submit timely opposition. See Kanat v. Ochsner, 301 A.D.2d 456, 755 N.Y.S.2d 371 (1st Dep't 2003); In re Latimore, 252 A.D.2d 217, 683 N.Y.S.2d 526, (1st Dep't 1999).

Balaguer was served with the default motion both through ECF and through regular mail. See Exhibit "B" to the Declaration of Steven Verveniotis for a copy of the default motion along the affidavit of service of that motion. Balaguer was fully aware of the motion, turned a blind eye to it and now seeks to use those failures as a reason to vacate the default and to avoid being bound by it. Balaguer's cross-motion focuses on the fact that United National did not provide her with a return date for that motion. However, the motion was made returnable on "a date and time to be determined by the Court." See Exhibit "B" to declaration of Steven Verveniotis. Under the circumstances, United National provided Balaguer with the appropriate notice of the default motion against Monroe and Balaguer's failure to challenge that motion neither warrants vacating the default judgment nor limiting its preclusive affect against Balaguer.

Balaguer's final argument to vacate the default judgment against Monroe is based on a minor typographical error in United National's complaint. An error which Balaguer claims changes the entire complexion of the case, but which in reality has no effect on the validity of United National's disclaimer or United National's entitlement to a default judgment against Monroe. Balaguer desperately attempts to paint this inadvertent and benign typo as fraud or misconduct warranting this Court's vacating the default; however, this mischaracterizes the nature of the error.

It is true that the complaint filed by United National does inadvertently refer to the date of disclaimer as August 2, 2007, rather than August 21, 2007. See Exhibit "A" to the Declaration of Steven Verveniotis for a copy of the complaint. This was an inadvertent typo,

nothing more.  Under Fed. Rule Civ. Pro. 60(a), the Court may correct a clerical mistake or a mistake arising from an oversight or omission when one is found in a judgment order or other part of the record.  The Court may do so on its own, with or without notice or on motion.  United National requests that the Court use this provision of the Federal Rules to correct this <u>clerical mistake</u> in the record, as it should be found to have had no effect on the granting of United National's default against Monroe.

The relief Balaguer sought under Fed. Rule Civ. Pro. 60(b)(3) should not be granted.  Balaguer asserts that the above-referenced typo represents fraud, misrepresentation or misconduct by United National in obtaining the default judgment against Monroe.  First, it should be noted that United National made no attempt to mislead Balaguer or this Court as to the date of the actual disclaimer, as it provided the disclaimer as an exhibit to this motion for summary judgment.  Additionally, as discussed at greater length in Point II of this brief, the difference between August 2, 2007 and August 21, 2007 has no effect on the validity of United National's disclaimer of coverage.

The granting of relief under Rule 60(b) is committed to the sound discretion of the Court and is generally granted only upon the showing of exceptional circumstances.  <u>See</u> <u>Wasserman v. City of New York</u>, 149 F.R.D. 457 (E.D.N.Y. 1993), citing <u>Mendall on Behalf of Viacom, Inc. v. Gollust</u>, 909 F.2d 724 (2d Cir. 1990), aff'd 501 U.S.115 (1991).  Further, relief under Rule 60(b)(3) should be granted only when the alleged fraud, misrepresentation or misconduct was material to the Court's original decision to grant the judgment.  <u>See</u> <u>Wasserman</u> <u>supra</u>; <u>see also</u> <u>Rodriguez v. Gary Plastic Packing Corp.</u>, 1997 WL 232328 (S.D.N.Y.).

Under the circumstances, a minor typo cannot be considered the exceptional circumstances necessary to satisfy the strict standard for vacating a judgment under Rule 60(b).

Additionally, the complaint with the incorrect date was included as an exhibit to the default motion to prove that United National had in fact served Monroe with the complaint, not as evidence of the validity of United National's disclaimer against Monroe. Therefore, this typo cannot be said to be material to the Court's entry of default judgment against Monroe. Additionally, Balaguer's counsel admits that he received United National's August 21, 2007 disclaimer on August 24, 2007. Therefore, if counsel truly believed that the typo was material, he could have used this typo as a ground for opposing United National's motion rather than waiting for after that motion was decided in order to now use it in an attempt to vacate the default judgment.

Finally, Balaguer's arguments under Fed. Rule Civ. Pro. 55 are also unpersuasive as they are based upon mere speculation. Balaguer cannot argue that Monroe had a reasonable excuse for failing to appear in this coverage action as Balaguer has no idea why Monroe has failed to appear. This speculation does not warrant vacating the default judgment against Monroe. Monroe was served and ignored process. Balaguer cannot step in and undo Monroe's default on that record.

**POINT II**

**UNITED NATIONAL PROPERLY INVESTIGATED THE COVERAGE ISSUES AND NOTIFIED ALL CONCERNED OF DENIAL OF COVERAGE IN A REASONABLE PERIOD OF TIME**

The record is clear and has not been disputed that United National provided notice of its disclaimer after reasonable investigation and evaluation of coverage issues. United National did not act unreasonably as a matter of law, and Balaguer has offered no credible evidence to oppose this motion. Pursuant to New York Insurance Law § 3420(d), an insurer is required to provide a written disclaimer "as soon as is reasonably possible." See also Mount Vernon Fire Ins. Co. v. Harris, 193 F. Supp.2d 674, 678 (E.D.N.Y. 2002); U.S. Underwriters Ins. Co. v. Congregation

B'nai Israel, 900 F. Supp. 641 (E.D.N.Y. 1995). "[T]he moment from which the timeliness of an insurer's disclaimer is measured is the date on which it first receives information that would disqualify the claim, not the date on which it receives the insured's notice of claim." 2540 Associates, Inc. v. Assicurazioni Generali, 271 A.D.2d 282, 283-84, 707 N.Y.S.2d 59, 61 (1st Dept. 2000). See also Harris, 193 F. Supp.2d at 677 (holding that the reasonableness of the delay must be measured from the time the insurer was aware of sufficient facts to disclaim); Congregation B'nai Israel, 900 F. Supp. at 647 (same); Travelers Ins. Co. v. Volmar Construction Co., 2002 WL 31723191 at *4 (1st Dept. 2002).

The time to disclaim runs from completion of investigation in that "New York courts have consistently held that an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage." Congregation B'nai Israel, 900 F. Supp. at 648. See also Harris, 193 F. Supp.2d at 678 ("The Court sees no point in discouraging insurers from conducting thorough investigations before disclaiming coverage, as long as they are not used as a dilatory tactic."); Farmbrew Realty Corp. v. Tower Ins. Co. of New York, 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dept. 2001). "It is perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence." Harris, 193 F. Supp. 2d at 678. "Piecemeal denials of coverage would frustrate [the insurer's] right to investigate claims." Wilczak v. Ruda & Capozzi, Inc., 203 A.D.2d 944, 945, 611 N.Y.S.2d 73 (4th Dept. 1994). See also Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 206 (S.D.N.Y. 2002) ("Premature denial may also engender needless conflict between the insured and its carrier, as well as litigation over something that never may come to pass."); 2540 Associates, Inc., 271 A.D.2d at 284, 707 N.Y.S.2d at 61 (holding that "reasonable investigation is preferable to piecemeal disclaimers"); Harris, 193 F. Supp. 2d at 678. "It is

perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence." It is true that New York courts typically hold that <u>unexplained</u> delays of two months or more are unreasonable but the same courts have also held that "a prompt, good faith investigation of the claim by the insurer may justify a delay that would normally be deemed unreasonable absent explanation." <u>Harris</u>, 193 F. Supp.2d at 677. <u>See also</u> <u>In re Prudential Prop. & Cas. Ins. Co.</u>, 213 A.D.2d 408, 623 N.Y.S.2d 336 (2d Dept. 1995); <u>Wilczak</u>, 203 A.D.2d at 945. Delays in disclaiming coverage as long as about four months have in the past been held to be justified.

In <u>Farmbrew Realty Corp. v. Tower Insurance Co. of New York</u>, the Court held that a delay of almost two months in disclaiming was reasonable based on the inability of Tower's investigator, through no fault of its own, to interview the insured's principal and employees. 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dept. 2001). In <u>Mount Vernon Fire Ins. Co. v. Orange Intercept, Ltd.</u>, 1992 WL 368085 (E.D.N.Y.) the Court held that a delay of almost two months by the insurer was valid since the insured was investigating relevant information to its late notice disclaimer. <u>Liberty Mutual Insurance Company v. Dombroski</u>, the Court held that a three and a half month delay was by no means unreasonable due to the insured's failure to complete and return forms requested by the insurer. 235 A.D.2d 606, 651 N.Y.S.2d 711 (3d Dept. 1997). Likewise, in <u>Rzeznik v. East Coast Insurance Company</u>, a three and a half month delay was found to be not so extreme as to be deemed unreasonable. 39 A.D.2d 722, 331 N.Y.S.2d 803 (2d Dept. 1972). Moreover, in <u>Aetna Casualty & Surety Company v. Pennsylvania Manufacturers Association Insurance Company</u>, an almost three month delay in disclaiming was found reasonable due to the lack of a response to the insurance company's request for information. 57 A.D.2d 982, 394 N.Y.S.2d 330 (3d Dep't 1977).

In addition, the Court in <u>Aetna Casualty and Surety Company v. Brice</u>, in holding that more than a four month delay was reasonable, stated that "no particular time lapse is deemed undue delay." 72 A.D.2d 927, 928, 422 N.Y.S.2d 203, 206 (4th Dept. 1979). The Court further stated that "[r]easonableness is the standard by which the insurer's action is judged and reasonableness is a question of fact determined upon the circumstances of the case which require the insurer to take more or less time to make, complete and act diligently on the investigation of its coverage." <u>See id.</u> In <u>Brice</u>, the more than four month delay was justified even though the disclaimer may have been based ultimately on facts known to the insurer more than three months earlier. The Court determined that the insurer "could not have been aware that it had all the necessary facts until a reasonable investigation was in fact concluded." <u>See id.</u> at 929, 422 N.Y.S.2d at 206.

The Southern District of New York has itself ruled that a delay of six months is not necessarily unreasonable. In <u>Glusband v. Fittin Cunningham Lauzon Inc.</u>, the Southern District held that it could not rule that a six month delay was unreasonable without giving the insurer an opportunity to address the issue in an affidavit by a person from the insurer with personal knowledge of why the determination as to coverage could not have been done sooner. 1987 WL 8343 at *4 (S.D.N.Y. 1987). "[W]hether liability has been disclaimed as soon as reasonably possible is a question of fact that depends on the circumstances of the case and the length of and reason for the delay." <u>Id.</u> Here, United National has presented the Court with an affidavit of a person with personal knowledge of this matter, the claims examiner.

Under the circumstances here, it took United National a mere 32 days to investigate and issue a disclaimer. There was no delay. United National acted quickly even when faced with the non-cooperation and delay of the insured. Counsel for Balaguer incorrectly asserts on page 14 of

his Affirmation that the only dispositive fact required to form a basis for the late notice disclaimer was the date of the accident. The date of the accident does not necessarily translate to the date that the insured knew of the accident, until there is proof on that point. In order to have a valid ground to disclaim on late notice, the insurer must know not only the date of the occurrence but also the date on which the insured had knowledge of that occurrence. (See First Financial Ins. Co. v. Jetco Contracting Corp. holding that for purposes of determining timeliness of disclaimer the clock began to run from the date the insurer confirmed that the insured was aware of the accident since the date it occurred. N.Y. 3d 64, 769 N.Y.S.2d 459 (2003).) While United National knew the first relevant date on July 20, 2007, it could only discover the second date through an investigation into that occurrence. Such an investigation required discussions with the insured and their employees, but the insured initially did not cooperate. That certainly cannot be held against the insurer.

Counsel's unsubstantiated allegations regarding the purpose of United National's disclaimer are nothing more than mere conjecture and an attempt to distract. United National's investigation clearly sought information relevant to the insured's notice of the incident. Information regarding the extent of Balaguer's injuries and treatment address the issue of the insured's knowledge of the incident and was only secondary or an additional issue. In any event, information as to a hospital visit, exiting the scene of the accident by ambulance, or wearing a cast, would all be relevant to what the insured and its employees and agent knew and when they knew it.

Further, Balaguer's counsel ignores the affidavit of Mark Smith, submitted in support of United National's motion for summary judgment and the exhibits attached thereto, which proves that United National diligently investigated this matter and was impeded by the insured's failure

10

to cooperate. It was only after a letter dated August 2, 2007, which United National sent to its insured threatening to disclaim for lack of cooperation, that the insured finally aided United National in the investigation, as they were required to do under the policy. See Exhibit "C" to the Affidavit of Mark Smith for a copy of the August 2, 2007 letter. United National was not derelict in performing its duties and, instead, it completed its investigation as quickly as possible under the circumstances.

The redacted Braaten Associates investigation reports, attached as Exhibit I to Balaguer's Cross-Motion, demonstrate that United National was diligent in issuing its disclaimer. After receiving Braaten's second report on August 20, 2007, which contained additional information, United National disclaimed the very next day. Obviously, United National did not have all the information necessary to disclaim on August 2, 2007. Rather, it is clear that the investigation was ongoing at that point and United National disclaimed as soon as that investigation was completed. See Exhibit I to Balaguer's Cross-Motion for a copy of the two investigation reports.

The key piece of information that United National needed, which is when Monroe had knowledge of the incident involving Balaguer, was finally confirmed in an August 20, 2007 email sent from claims examiner Diane Cruz to claims examiner Stan Doniger. See Exhibit I to Balaguer cross-motion for a copy of that email. The information in this email indicates that Ms. Cruz confirmed on August 20, 2007 that she spoke with the insured, who acknowledged having notice of Balaguer's incident and injuries within a few days of the occurrence. Upon receiving this vital piece of evidence, Mr. Doniger disclaimed coverage to both Balaguer and Monroe the very next day. See Exhibit D to the Affidavit of Mark Smith for a copy of the disclaimer.

Based on the facts and well-settled law, United National acted reasonably here in investigating the coverage issues and issuing its disclaimer.

## POINT III

### BALAGUER AND MONROE'S NOTICE WAS UNTIMELY AND IN VIOLATION OF THE PRECONDITION OF COVERAGE SET FORTH IN THE POLICY

Under New York law, it is well established that the insured is under an obligation to provide the insurer with prompt notice of an occurrence, claim and suit. See e.g., National Union Fire Insurance Company v. State Insurance Fund, 266 A.D.2d 518, 699 N.Y.S.2d 111 (2nd Dep't 1999); American Manufacturers Mut. Ins. Co., et al., v. CMA Enterprises, Ltd., et al., 246 A.D.2d 373, 667 N.Y.S.2d 724 (1st Dep't 1998). As the insured Monroe and Claimant Balaguer failed to comply with this obligation as to notice of occurrence and claim, United National's disclaimer was proper.

The subject policy was issued by United National to its named insured, Monroe. The insured was under an obligation to comply with the standard conditions precedent of the policy, which provide in pertinent part:

### SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

2.      Duties in the Event of Occurrence, Claim or Suit:

      a.      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

            (1) How, when and where the "occurrence" or offense took place;

            (2) The names and addresses of any injured person and witness and

            (3) The nature and location of any injury or damage arising out of

               the "occurrence" or offense.

<u>See</u> Exhibit "A" to the Affidavit of Mark Smith.

An insurer's coverage obligation is not triggered unless the insured gives timely notice of the loss pursuant to the aforesaid condition precedent to coverage. <u>See Security Mutual Ins. Co. v. Acker-Fitzsimons Corp.</u>, 31 N.Y.2d 436, 340 N.Y.S.2d 902 (1972); <u>Utica Mutual Ins. Co. v. Firemen's Fund Ins. Co.</u>, 748 F.2d 118, 121 (2d Cir. 1984); <u>Shaw Temple A.M.E. Zion Church v. Mount Vernon Fire Ins. Co.</u>, 199 A.D.2d 374, 605 N.Y.S.2d 370 (2d Dep't 1993); <u>U.S. Underwriters Ins. Co. v. Kum Gang, Inc.</u>, 443 F. Supp. 2d. 348 (E.D.N.Y. 2006); <u>DeGeorge v. Ace American Insurance Company</u>, 2008 WL 180786 (S.D.N.Y.).

The failure to satisfy the notice requirement vitiates the policy and relieves the insurer from having to establish prejudice in order to assert the defense of late notice. <u>See Utica Mutual</u>, 748 F.2d at 121; <u>Security Mutual</u>, 340 N.Y.S.2d at 905; <u>Hartford Acc. & Indem. v. CNA Ins. Companies</u>, 99 A.D.2d 310, 472 N.Y.S.2d 342 (1st Dep't 1984).

The policy before the Court (like most policies) requires that notice of an occurrence be given to the insurer "as soon as practicable." Such notice provisions have been consistently construed to require that notice of an occurrence be swiftly given. <u>Security Mutual</u>, 340 N.Y.S.2d at 772; <u>Blue Ridge Insurance Co. v. Biegelman</u>, 36 A.D.3d 736, 829 N.Y.S.2d 575 (2nd Dep't 2007). Although there is no precise yardstick to measure what constitutes late notice, delays <u>much</u> shorter than the five (5) months after the accident have been found to constitute late notice. <u>See 1329 Realty, LLC v. United States Liability Insurance Group</u>, 2006 WL 3150823 (E.D.N.Y.) (3 months); <u>G Simons & Co. S.A. v. New Bar of North America</u>, 2005 WL 1137348 (S.D.N.Y.) (60 days); <u>Deso v. London & Lancashire Inc.. Co.</u>, 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) (51 days); <u>Rushing v. Commercial Casualty Ins.</u>, 251 N.Y. 302 (1929) (22 days); <u>Haas Tobacco Co. v. American Fidelity Co.</u>, 227 N.Y. 343 (1919) (10 days); <u>Heydt Contracting Corp. v. American Home Assurance Co.</u>, 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989), <u>appeal</u>

dismissed, 74 N.Y.2d 651, 542 N.Y.S. 520 (1989) (4 months); Power Authority of the State of New York v. Westinghouse Electric Corp., 117 A.D.2d 336, 502.

At bar, the alleged occurrence giving rise to Balaguer's underlying lawsuit occurred on December 20, 2006. See Exhibit "B" to the Affidavit of Mark Smith for a copy of the underlying complaint. United National received its first notice of the occurrence on July 20, 2007, over seven months after the occurrence. First notice came in the form of a fax with a General Liability Notice of Occurrence form sent from Monroe's broker, Murphy and Jordan, LLC, to United National's agent, Morstan General Agency, Inc. This notice was forwarded from Morstan General Agency, Inc to United National on that same day. See Exhibit "B" to the Affidavit of Mark Smith for a copy of the first notice United National received.

In its investigation, United National discovered that Monroe had knowledge of Balaguer's accident and injuries within days of their occurrence on December 20, 2007. See Exhibit I to Balaguer's cross-motion for the August 20, 2007 email between Diane Cruz and Stan Doniger. Yet, despite being aware of the incident shortly after its occurrence, Monroe inexplicably waited seven months to inform United National of the occurrence and potential claim. This constitutes late notice under the above-cited New York Law and violated the precondition to coverage cited above.

Balaguer claims on page 16 of her brief that she provided United National with notice of this incident and then proceeds to cite case law regarding the standards applicable to the timeliness of notice when provided by the claimant. However, the Affidavit of Mark Smith submitted in support of United National's motion for Summary Judgment establishes that United National received its first notice of the incident involving Balanguer on July 20, 2007 and that

such notice came from the insured Monroe. <u>See</u> the Affidavit of Mark Smith at paragraph 10, see also Exhibit "B" to the Smith Affidavit.

New York allows a claimant to give notice of claim to an insurer if the insured fails to do so. The statute makes it clear that the claimant's right is to step in and satisfy the insured's obligation. The statute provides:

> (a) No policy or contract insuring against liability for injury to person, except as provided in subsection (g) hereof, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors:
> * * *
>
> (3) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.

N.Y. Ins. L. Sec 3420 (a)(3) (McKinney's 2007). The statute, however, does not contemplate successive notices that each will be examined for timeliness. Rather, the statute contemplates both the insured and the claimant having an independent right to give **first** notice to the insurer. Once the insurer has received the first notice, any subsequent notice serves no practical purpose.

This issue was examined in <u>Mount Vernon Fire Insurance Co. v. Orange Intercept, Ltd.</u> 1992 WL 368085 (E.D.N.Y. 1992) and ruled squarely in favor of the insurer. In that case the injured party argued that, although the insured had already given Mount Vernon late notice, the injured party could cure that defect by later tendering his own notice. The court disagreed, holding:

> However, defendant's argument is misplaced. In Massachusetts Bay Ins. Co. v. Flood, the court held that **once an insured gives late notice to the**

> **insurer an injured party cannot give timely notice under section 3420(a)(4) because "any subsequent information provided by the injured party was, for notice purposes, superfluous...."** 128 A.D.2d 683, 684, 513 N.Y.S.2d 182, 183-84 (2d Dep't), app. denied, 70 N.Y.2d 612, 523 N.Y.S.2d 496, 518 N.E.2d 7 (1987).

*Id.* (Emphasis added).

The <u>Mount Vernon</u> ruling also has been adopted in the Southern District of New York. In a similar action, the court, citing <u>Mount Vernon</u>, wrote:

> Claimants did not cure Winchester's untimely notice because they (the Claimants) were not the first to notify U.S. Liability of the state court action. Although there is no statutory requirement that the injured party's notice must occur prior to any notice by the insured, several courts applying § 3420(a)(3) have so held. See, e.g., Ringel v. Blue Ridge Ins. Co., 293 A.D.2d 460, 740 N.Y.S.2d 109, 111 (2d Dep't 2002) (stating that "where the insured is the first to notify the carrier, even if that notice is untimely, any subsequent information provided by the injured party is superfluous for notice purposes"); Massachusetts Bay Ins. Co. v. Flood, 128 A.D.2d 683, 513 N.Y.S.2d 182, 183 (2d Dep't 1987) (noting that where the insured had already notified the insurer, the injured party's subsequent notice was "superfluous"); Mount Vernon Fire Ins. Co. v. Orange Intercept, Ltd., No. CV-92-1986, 1992 WL 368085, at *3 (E.D.N.Y. Nov. 19, 1992) (stating that "once the insured gives late notice to the insurer an injured party cannot give timely notice under section 3420(a)(4) because 'any subsequent information provided by the injured party [is] ..., for notice purposes, superfluous ....' ") (citation omitted).

<u>U.S. Liability Ins. Co. v. Winchester Fine Arts Services, Inc.</u> 337 F.Supp.2d 435 (S.D.N.Y. 2004). It should be noted that in Winchester, the court specifically considered case law to the contrary and rejected it, explicitly adopting the Mt Vernon rule, holding:

> The Court agrees with the rationale of these courts. Once an insurer has received notice from the insured, whatever notice requirements may be applicable are *prima facie* satisfied (subject to any challenge by the

insurer). Thus, the ability of an injured party to provide notice to the insurer in lieu of the insured under § 3420(a)(3) is moot once notice has been accomplished by the insured. [FN16]

FN16. Lending further support, albeit indirectly, to a "first-notice" requirement, a recent Second Circuit case interpreting New York law held that an insurer need not specifically disclaim as to an injured party when the injured party provides notice after the insured because the injured parties' notice in that case would be "superfluous." *Webster v. Mt. Vernon Fire Ins. Co.*, 368 F.3d 209 (2d Cir. 2004) (citation omitted).

Id.at 448.

As noted in <u>Winchester Fine Arts Services</u>, the Second Circuit, in fact, has held that the type of subsequent notice that Balaguer uses as the basis for this motion is "superfluous" when the insured has provided notice already. <u>Webster v. Mt. Vernon Fire Ins. Co.</u>, 368 F.3d 209 (2d Cir. 2004). Thus, the law is well-settled on this point. <u>See also</u> <u>Ringel v. Blue Ridge Ins. Co.</u>, 293 A.D.2d 460 (2d Dep't 2002); <u>Massachusetts Bay Ins. Co. v. Flood</u>, 128 A.D.2d 683 (2d Dep't 1987).

Where an insured provides notice of an occurrence before an injured party exercises its independent right to notify an insurer of an occurrence, a disclaimer issued to the insured for failure to satisfy the notice requirement of the policy will be effective as against the injured party as well. <u>See</u> <u>Maldonado v. C.L.-M.I. Properties, Inc.</u>, 39 A.D.3d 822, 823, 835 N.Y.S.2d 335, 336-37 (2d Dep't 2007); <u>Massachusetts Bay Ins. Co. v. Flood</u>, 128 A.D.2d 683, 684, 513 N.Y.S.2d 182, 183-84 (2d Dep't 1987), <u>see also</u>, <u>MCI LLC v. Rutgers Cas. Ins. Co.</u>, 2007 WL 2325867 (S.D.N.Y. 2007).

Under the above cited facts and law, United National's first receipt of notice from Monroe was untimely and any subsequent communications between United and Balaguer were

irrelevant for notice purposes. The argument that Balaguer could provide United National with timely notice of the occurrence after United National had already received untimely notice from its insured has been rejected by the Appellate Division and both the Southern and Eastern Districts. Therefore, United National received untimely notice.

Balaguer also attempts to circumvent her failure to provide United National with timely notice of the occurrence and claim by arguing on page 18 of her cross-motion that United National was not prejudiced by the late notice of occurrence and claim. However, New York Law has clearly established that an insurer need not demonstrate they were prejudiced by receiving late notice, all the insurer need prove is that the notice was in fact late. See Argo Corp. v. Greater New York Mutual Ins. Co., 4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005); Security Mutual Ins. Co. v. Acker Ftizsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d 903 (1972), See also Utica Mutual Ins. Co. v. Firemen's Fund Ins. Co., 748 F.2d 118, 121 (2d Cir. 1984).

## CONCLUSION

The default judgment against Monroe should not be vacated and Balaguer should be bound by that judgment. United National's disclaimer to both Monroe and Balaguer was reasonable under the circumstances and effective against both parties. Additionally, both Monroe and Balaguer failed to provide United National with notice of the alleged occurrence in a timely manner, in violation of a precondition to coverage between United National and Monroe.

Dated: Mineola, New York
      June 23, 2008

                    MIRANDA SOKOLOFF SAMBURSKY
                    SLONE VERVENIOTIS LLP
                    Attorneys for UNITED NATIONAL SPECIALTY
                    INSURANCE COMPANY

                    Steven Verveniotis(SV-8800)
                    240 Mineola Boulevard
                    Mineola, New York 11501
                    (516) 741-7676
                    Our File No. 07-544\

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NASSAU    )

      Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

      That on June 24, 2008, deponent served the within **PLAINTIFF'S OPPOSITION TO BALAGUER'S CROSS-MOTION AND REPLY ON MOTION** upon:

Michael C. Beatty
FELDMAN, KRONFELD & BEATTY
Attorneys for the Defendant Eulalia Balaguer
42 Broadway, 19th Floor
New York, NY 10004

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                        _____
                                          Leila Krim

Sworn to before me this 24th
day of June 2008.

NOTARY PUBLIC

GABRIELLA CAMPIGLIA
Notary Public, State of New York
No. is 02CA6144909
Qualified in Nassau County
Commission Expires May 01, 2010