UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                        Plaintiff,

                      -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                        Defendants.
-------------------------------------------------------------------x

DocketNo:07-CV-10934
(PKC)(THK)

**56.1 RESPONSE**

Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY, (hereinafter "United National"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, responds to the statement of material facts, pursuant to Rule 56.1 of the Local Rules of this Court, submitted by Eulalia Balaguer, as follows:

      11.    Denied as to the policy number only. The policy number given by Balaguer repeats the policy number in plaintiff's 56.1, which was an inadvertent typo and is incorrect. The correct policy number is L7180545. Plaintiff admits to the policy with the corrected number. See Exhibit "A" to the affidavit of Mark Smith in support of summary judgment for a copy of the policy.

      12.    Plaintiff admits that a lawsuit was filed but denies knowledge of the date the suit was filed. See Exhibit "D" to Balaguer's cross-motion for a copy of the summons and complaint in the underlying action.

1

13. Denied. See Exhibit "A" to the affidavit of Mark Smith in support of summary judgment for a copy of the policy.

14. Denied. The exact date of notice to the insurer is known and it was July 20, 2007 and came from the insured, Monroe. See Exhibit "B " to the affidavit of Mark Smith for a copy of the first notice.

15. Admitted.

16. Admitted.

17. Denied. The insurer had no obligation to submit an answer in the underlying action as they were not a party to it. See Exhibit "D" to Balaguer's cross-motion for a copy of the summons and complaint in the underlying action. The insurer also had no obligation to answer on behalf of Monroe in that the insurer had disclaimed coverage in its August 21, 2007 letter. See Exhibit "D" the affidavit of Mark Smith for a copy of the disclaimer. Further, Balaguer has admitted receipt of the August 21, 2007 disclaimer. See Balaguer's 56.1 response, paragraph 5.

18. Admitted.

19. Admitted, but it was an inadvertent typo.

20. Denied. See Exhibit "C" to the affidavit of Mark Smith for a copy of United National's letter to the insured requesting the insured cooperate in United National's investigation and Exhibit "D" to the affidavit of Mark Smith for a copy of United Nationals disclaimer which was sent to both the insured and Balaguer, and which Balaguer's counsel admitted receiving in paragraph 5 of his 56.1 response. See also Exhibit "B" to the affirmation

of Steven Verveniotis in support of summary judgment for the affidavit of service proving service of United National's default motion against Monroe to both Balaguer, and Monroe.

21. Denied. See Exhibit "B" to the affidavit of Mark Smith for a copy of the first notice United National received of Balaguer's alleged accident and injuries, Exhibit "C" to the affidavit of Mark Smith for a copy of United National's letter to the insured requesting the insured cooperate in United National's investigation and Exhibit "D" to the affidavit of Mark Smith for a copy of United Nationals disclaimer which was sent to both the insured and Balaguer, and which Balaguer's counsel admitted receiving in paragraph 5 of his 56.1 response. These documents demonstrate that United National received its first notice on July 20, 2007 and immediately commenced an investigation; and that United National's investigation was impeded by its insured's lack of cooperation and that after finally after receiving the insured's cooperation, United National timely disclaimed on August 21, 2007.

22. Denied. See Exhibit "B" to the affidavit of Mark Smith for a copy of the first notice United National received of Balaguer's alleged accident and injuries, Exhibit "C" to the affidavit of Mark Smith for a copy of United National's letter to the insured requesting the insured cooperate in United National's investigation and Exhibit "D" to the affidavit of Mark Smith for a copy of United Nationals disclaimer which was sent to both the insured and Balaguer, and which Balaguer's counsel admitted receiving in paragraph 5 of his 56.1 response. These documents show that upon receiving first notice, United National commenced an investigation and disclaimed coverage upon completing that investigation merely 32 days after receipt of that first notice, despite the insured's lack of cooperation.

23.     Denied. <u>See</u> Exhibit "D" to the affirmation of Steven Verveniotis for a copy of the default judgment against Monroe, which New York Courts have held constitutes an adjudication on the merits.

24.     Denied. <u>See</u> Exhibit "B" to the affirmation of Steven Verveniotis in Support of summary judgment for the default motion which was served on Balagauer, and to which Balaguer submitted no opposition.

25.     Admitted that United National disclaimed 32 days after receipt of its first notice of the alleged occurrence from the insured. <u>See</u> Exhibit "B" to the affidavit of Mark Smith for a copy of the first notice United National received of Balaguer's alleged accident and injuries and <u>Exhibit</u>"D" to the affidavit of Mark Smith for a copy of United Nationals disclaimer which was sent to both the insured and Balaguer, and which Balaguer counsel admitted receiving in paragraph 5 of his 56.1 response.

26.     Denied. <u>See</u> Exhibit "B" to the affidavit of Mark Smith for a copy of the first notice United National received of Balaguer's alleged accident and injuries, Exhibit "C" to the affidavit of Mark Smith for a copy of United National's letter to the insured requesting the insured cooperate in United National's investigation and Exhibit "D" to the affidavit of Mark Smith for a copy of United Nationals disclaimer which was sent to both the insured and Balaguer, and which Balaguer's counsel admitted receiving in paragraph 5 of his 56.1 response. These documents demonstrate that United National received its first notice on July 20, 2007 and immediately commenced an investigation; and that United National's investigation was impeded

by its insured's lack of cooperation and that after finally receiving the insured's cooperation, United National timely disclaimed on August 21, 2007.

DATED:   Mineola, New York
         June 23, 2008

                    MIRANDA SOKOLOFF SAMBURSKY
                    SLONE VERVENIOTIS LLP
                    Attorneys for the Plaintiff
                    **UNITED NATIONAL SPECIALTY**
                    **INSURANCE COMPANY**

By: _____
                    Steven Verveniotis (SV-8800)
                    The Esposito Building
                    240 Mineola Boulevard
                    Mineola, New York 11501
                    (516) 741-7676
                    Our File No.: 07-544

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on June 24, 2008, deponent served the within **56.1 RESPONSE** upon:

Michael C. Beatty
FELDMAN, KRONFELD & BEATTY
Attorneys for the Defendant Eulalia Balaguer
42 Broadway, 19th Floor
New York, NY 10004

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Leila Krim

Sworn to before me this 24th
day of June 2008.

_____
NOTARY PUBLIC

GABRIELLA CAMPIGLIA
Notary Public, State of New York
No. is 02CA6144909
Qualified in Nassau County
Commission Expires May 01, 2010