UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

———————————————————X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

**NOTICE OF MOTION**

Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

Defendants.

———————————————————X

SIRS:

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Monica Acevedo sworn to on June 20, 2008, the annexed affidavit of Josh Koppel sworn to on June 26, 2008, the annexed affirmation of Michael J. McDermott dated June 30, 2008, the exhibits annexed thereto, the accompanying memorandum of law, upon all the pleadings and proceedings heretofore had herein, the undersigned attorneys representing Defendant 1854 Monroe Avenue H.D.F.C. ("Monroe") will move this Court, before Hon. P. Kevin Castel, on a date and time designated by the Court at the United States Courthouse located at 500 Pearl Street, New York, New York 10007 for an order of this Court pursuant to FRCP Rule 60(b) to vacate the default judgment against Monroe by Plaintiff United National Specialty Insurance Company. Monroe also seeks leave of the Court to file an answer to the Complaint pursuant to FRCP Rule 12 and for such other and further

1

relief as this Court deems just, equitable and proper.

Dated:        June 30, 2008
              New York, NY

                                        MCDERMOTT & MCDERMOTT
                                        By:_____
                                        Michael J. McDermott, Esq.
                                        (MM-0074)
                                        Attorneys for Defendant
                                        1854 MONROE AVENUE H.D.F.C.
                                        293 Route 100, Suite 210
                                        Somers, New York 10589
                                        914-276-2747


To:
Steven Verveniotis, Esq.
Miranda, Sokoloff, Sambursky, Slone, Verveniotis, LLP
Attorneys for United National Specialty Insurance Company
240 Mineola Blvd
Mineola, New York 11501

Michael Beatty, Esq.
Feldman, Kronfeld & Beatty
Attorneys for Eulalia Balaguer
42 Broadway, 19th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT                          Docket No.: 07 Civ 10934
SOUTHERN DISTRICT OF NEW YORK                         (PKC) (THK)
_____X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

                              Plaintiff,          **AFFIRMATION OF**
**MICHAEL J.**
**MCDERMOTT**

    -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                          Defendants.
_____X

      Michael J. McDermott, an attorney duly admitted to practice law before the

Courts of this District, affirms under the penalty of perjury:

    1.  I am a member of McDermott & McDermott, attorneys for 1854 Monroe Avenue

H.D.F.C. ("Monroe") in the above action.

    2.  I submit this affirmation in support of the motion pursuant to FRCP Rule 60(b) to

vacate the default judgment against Monroe by United National Specialty Insurance

Company ("United").  Monroe also seeks leave of the Court to file an answer to the

Complaint pursuant to FRCP Rule 12.

    3.  United commenced the above captioned action seeking a declaration that it had no

duty to defend or indemnify Monroe with respect to the claims asserted in the underlying

personal injury action entitled Eulalia Balaguer v. 1854 Monroe Housing Development

Fund Corp., Index Number 15712-2007 venued in the Supreme Court of the State of New

York, Bronx County.  (A copy of the summons and complaint in the above action is

attached hereto as Exhibit A.)

    4.  United claimed that the summons and complaint in the above action were served

on Monica Acevedo ("Acevedo") purportedly as the managing agent or general agent on December 15, 2007. (A copy of the affidavit of service is attached hereto as Exhibit B.)

5. By Notice of Motion for Default dated March 17, 2008, United moved for default judgment against Monroe. (A copy of the motion for default judgment is attached hereto as Exhibit C.)

6. On April 8, 2008, the Court granted the default judgment against Monroe. (A copy of the default judgment is attached hereto as Exhibit D.)

7. By the Memo entered on June 10, 2008, this Court waived the requirement for a pre-motion conference in advance of making the instant motion. (A copy of the Memo is attached hereto as Exhibit E.)

8. Acevedo stated in her affidavit, submitted in support of the instant motion, that she was not served with either the summons and complaint or the motion for a default judgment.

9. Josh Koppel, the property manager for Monroe, ("Koppel") stated in his affidavit that on June 5, 2008 he learned from Michael Beatty, the attorney for co-defendant Eulalia Balaguer ("Balaguer"), that a default judgment had been entered against Monroe. On the same day he spoke with the undersigned requesting confirmation of the default judgment. After being advised that the court's records reflect that a default judgment had in fact been entered, Koppel, on behalf of Monroe, promptly authorized the undersigned to take the steps necessary to request this Court to vacate the default judgment.

10. As set forth in the accompanying memorandum of law, Monroe satisfies the requirements for this court to vacate the default judgment.

11. **The default was not willful.** Acevedo testified in her affidavit that she,

2

purportedly as the managing agent or general agent, did not receive the summons and complaint or the motion for default judgment. Accordingly, there can be no evidence of willfulness of a default if a party was never served with the summons and complaint. Indeed, the underlying personal injury action is names Monroe as a defendant. The relief sought by United in the instant action is to be relieved of defending and indemnifying Monroe on an active personal injury action. Logic does not dictate that Monroe would willfully disregard the pleading. Simply put, Monroe did not respond since it was unaware of the action.

12. **Vacating the default judgment will not result in unfair prejudice to United.** In the letters to the Court requesting a pre-motion conference for the motion to vacate the default judgment, United did not claim or assert any prejudice. (Copies of United's letters to the Court dated June 6, 2008 and June 10, 2008 are attached collectively hereto as Exhibit F.)

13. Indeed, United cannot claim any prejudice should the Court vacate the default judgment. Only limited paper discovery has been conducted in this action. The only other proceeding in this action to have occurred is the filing of the motion for summary judgment by United against Balaguer based on the default of Monroe. The ECF indicates that the motion is still being briefed by the parties. United would not suffer any prejudice should this Court grant the motion to vacate the default and permit Monroe to serve and file an answer.

14. **Monroe has a meritorious defense.** Although discovery in this action has not been completed, certain facts relevant to the instant motion can be established from the motion for summary judgment United filed against Balaguer.

15. The personal injury accident occurred on or about December 20, 2006 when Balaguer allegedly fell on the premises of Monroe. (See Balaguer's Rule 56.1 Response paragraph 2 attached hereto as Exhibit G.). Further, it is uncontested that United received notice of the personal injury claim on July 20, 2007. (See Balaguer's Rule 56.1 Response paragraph 3 attached hereto as Exhibit G.)

16. However, there were important documented inaccuracies in the United's motion for a default judgment which justify vacatur of the default judgment. In support of the application for a default judgment against Monroe, United submitted a declaration in the form of an affirmation from an attorney, Adam I. Kleinberg. United did not submit an affidavit from a representative from United, but relied upon the unverified complaint for the substantive claim for relief sought in the complaint.

17. In paragraph 20 of the complaint United claims that it disclaimed[1] coverage to Monroe for the underlying personal injury claim via a letter dated August 2, 2007.

18. However, in paragraph 11 of the affidavit of Mark Smith, United's Senior Claims Examiner, submitted in support of United's motion for summary judgment against Balaguer, United stated that the August 2, 2007 was only a warning letter. Further, in paragraph 20, Smith stated that the purported disclaimer was not mailed to Monroe until August 21, 2007. (A copy of the affidavit of Mark Smith is attached hereto as Exhibit H.)

---

[1] The basis for the disclaimer, as stated by United in its letter of August 21, 2007, was as follows:

> United National Specialty Insurance Company did not receive notice of this loss for over 7 months after the date of loss. There is no coverage for this loss because of your violation of the conditions section of the policy. [A copy of the August 21, 2007 is attached hereto as Exhibit I, page 4].

19. Notwithstanding the obvious contradiction in the dates, United attempted to minimize the defect by claiming that the mistaken date was merely a "typo". (See Steven Verveniotis' letter to the Court dated June 10, 2008, included in Exhibit F hereto.)

20. However, United received notice of the claim on July 20, 2007, but the disclaimer was not mailed to Monroe until August 21, 2007, a period of 32 days. This unreasonable delay in disclaiming coverage would make United's instant action untimely.

21. As set forth in the accompanying memorandum of law, Monroe has demonstrated that (1) the default was not willful, (2) United will not suffer any prejudice if the default is vacated and (3) Monroe has a meritorious defense since United unreasonably delayed in disclaiming coverage.

22. Monroe requests that the motion to vacate the default judgment be granted in its entirety so that it may file an answer and challenge the purported disclaimer and defend the action and insist that United comply with its contractual obligation to defend and indemnify Monroe from the claims of Balaguer in the underlying personal injury action.

Dated: June 30, 2008
    Somers, New York

_____
Michael J. McDermott

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

——————————————————X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

Plaintiff,

**AFFIDAVIT OF
MONICA ACEVEDO**

-against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

Defendants.

——————————————————X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF BRONX      )

MONICA ACEVEDO, being duly sworn, deposes and states:

1.  I reside at 1854 Monroe Avenue Apartment 2B, Bronx, New York 10457.

2.  I submit this affirmation in support of the motion by 1854 Monroe Avenue HDFC to vacate the default judgment against 1854 Monroe Avenue HDFC and leave of the Court to file an answer to the Complaint.

3.  The attorney for 1854 Monroe Avenue HDFC, Michael J. McDermott, showed me the summons and complaint in the above action.  Mr. McDermott also showed me the affidavit of service which claims that the summons and complaint was served upon me.

4.  I was never served with the summons and complaint.

5.  Therefore, I request that that the Court vacate the default judgment against 1854 Monroe Avenue HDFC and grant permission to 1854 Monroe Avenue HDFC to file an

1

answer to the Complaint.

_Monica Acevedo_
Monica Acevedo

**WALTER HEYLIGER**
Notary Public, State of New York
No. 03-4660623
Qualified in Bronx County
Commission Expires _October 31, 2009_

Sworn to before me this

___ day of June, 2008

Notary Public

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

———————————————————————X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

Plaintiff,

**AFFIDAVIT OF**
**JOSH KOPPEL**

-against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

Defendants.

———————————————————————X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF BRONX      )

    **JOSH KOPPEL**, being duly sworn, deposes and states:

1.  I am the property manager for 1854 Monroe Avenue HDFC.

2.  I submit this affidavit in support of the motion to vacate the default judgment against 1854 Monroe Avenue HDFC and leave of the Court to file an answer to the Complaint.

3.  On or about June 5, 2008, I learned from Michael Beaty, the attorney for co-defendant Eulalia Balaguer, that a default judgment had been entered against 1854 Monroe Avenue HDFC.

4.  On the same day I spoke with the attorney for 1854 Monroe Avenue HDFC, Michael J. McDermott, and asked him to investigate the possibility of a default judgment.

5.  Mr. McDermott subsequently advised me that he had reviewed the court's records

and I authorized him to take the steps necessary to have this Court vacate the default

judgment.

_____
Josh Koppel

Sworn to before me this
26th day of June, 2008

_____
Notary Public

**YVETTE DANGELO**
Notary Public State of New York
Qualified in Westchester County
Registration Number 01DA6077831
My Commission Expires July 15, 20 10

2

Exhibit A

**JUDGE CASTEL**

℘AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____          District of          _____New York_____

UNITED NATIONAL SPECIALTY INSURANCE
COMPANY

V.

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

> 1854 Monroe Avenue H.D.F.C.
> c/o Monica Acevedo
> 1854 Monroe Avenue
> Bronx, New York  10457

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
> Attn:  Steven Verveniotis
> 240 Mineola Boulevard
> Mineola, New York  11501

an answer to the complaint which is served on you with this summons, within _____thirty (30)_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J MICHAEL McMAHON                    NOV 3 0 2007

CLERK                                                     DATE

(By) DEPUTY CLERK



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED   NATIONAL   SPECIALTY   INSURANCE        CIV:
COMPANY,

                              Plaintiff,            COMPLAINT

              -against-

1854  MONROE  AVENUE  H.D.F.C.  and  EULALIA
BALAGUER,

                              Defendants.
-------------------------------------------------------------------x

        Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY ("UNITED

NATIONAL"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE

VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as

follows:

## THE PARTIES

1.  At all times hereinafter mentioned, plaintiff was and still is a corporation duly
    incorporated in the State of Wisconsin under the laws of Wisconsin conducting and
    licensed to do business in New York.

2.  At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance
    in the State of New York.

3.  Upon information and belief, at all times hereinafter mentioned, defendant 1854
    MONROE AVENUE H.D.F.C. ("MONROE") is a domestic corporation organized under
    and existing by virtue of the laws of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant EULALIA BALAGUER was and still is a resident of 1854 Monroe Avenue, Bronx, New York 10457.

## JURISDICTION

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

6. A controversy exists between the parties as to the coverage afforded under UNITED NATIONAL'S policy of insurance number L7180545, as well as the provisions of said policy.

7. Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

8. Plaintiff has no adequate remedy at law.

## POLICY

9. UNITED NATIONAL issued a Commercial Lines General Liability Policy, policy number L7180545, to MONROE for the policy period May 5, 2006 to May 5, 2007, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

10. On or about May 30, 2007, a lawsuit was filed in the Supreme Court of the State of New York, Bronx County, entitled, Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation, Index Number: 15713/07, seeking damages for alleged bodily injuries sustained by EULALIA BALAGUER, as a result of her fall on December 20, 2006 ("the Underlying Personal Injury Action").

11. It is alleged in the Underlying Personal Injury Action that on or about December 20, 2006, EULALIA BALAGUER, while lawfully at 1854 Monroe Avenue, Bronx, New York was caused to be precipitated and fall, causing her to sustain severe injuries.

12. UNITED NATIONAL has retained counsel to represent MONROE in the Underlying Personal Injury Action until an adjudication can be made regarding the rights and responsibilities of the parties under the subject insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 12 as if fully set forth at length herein.

14. The Policy provides in pertinent part as follows:

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

### 2. Duties In The Event of Occurrence, Offense, Claim or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The name and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

15. The accident took place on December 20, 2006.

16. That MONROE was aware of said accident at or about the time it occurred.

17. That notice was not provided to UNITED NATIONAL at that time, however.

18. MONROE'S broker, Murphy & Jordan, LLC, first gave notice, by a fax dated July 20, 2007 to Morstan General Agency, Inc.

19. Morstan General Agency, Inc. gave notice to UNITED NATIONAL on July 20, 2007, which was its first notice of this matter.

20. UNITED NATIONAL disclaimed coverage via a letter dated August 2, 2007.

21. The Policy condition requiring the forwarding of a notice of an occurrence or claim as soon as practicable was thus breached by MONROE, and EULALIA BALAGUER, and any other party seeking coverage under the Policy in connection with the Underlying Personal Injury Action.

22. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to defend MONROE, or EULALIA BALAGUER.

23. By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it does not have a duty to indemnify MONROE or EULALIA BALAGUER.

WHEREFORE, plaintiff, UNITED NATIONAL prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and indemnify MONROE or EULALIA BALAGUER under UNITED NATIONAL's liability policy number L7180545, with respect to the claims in the underlying personal injury action; and

(b) granting to plaintiff such other and further relief as this court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:    Mineola, New York
          November 27, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for the Plaintiff
                              UNITED NATIONAL SPECIALTY
                              INSURANCE    COMPANY


                        By:_____
                              Michael A. Miranda
                              The Esposito Building
                              240 Mineola Boulevard
                              The Esposito Building
                              Mineola, New York 11501
                              (516) 741-7676
                              Our File No.: 07-544

Exhibit B

Case 1:07-cv-10934-PKC    Document 5    Filed 01/30/2008    Page 1 of 1

*Maverick Process* 516-693-1100

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF SOUTHERN

UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

- *against* -

1854 MONROE AVENUE H.D.F.C. AND EULALIA BALAGUER,

| | |
|---|---|
| Petitioner(s) | ATTORNEY    SOKOLOFF    20034 |
| Plaintiff(s) | RETURN DATE |
| | INDEX NO    07 CV 10934 |
| | INDEX DATE    11/30/2007 |
| Defendant(s) | CALENDAR NO |
| Respondent(s) | 3rd PARTY INDEX# |
| | HON. JUDGE CASTEL |

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU                    SS:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/15/2007    at 11:05 AM    at 1854 MONROE AVENUE APT 2E, BRONX, NY 10457
deponent served the within SUMMONS IN A CIVIL ACTION & COMPLAINT                    upon

1854 MONROE AVENUE H.G.F.C. C/O MONICA ACEVEDO

☑ *Said Documents Were Properly Endorsed with the Index Number and Date of Filing thereon*

witness/defendant/respondent (hereafter called the recipient) therein named.

**A. Individual** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient there!

**B. Corp/ Prtnshp** ☑ By delivering to and leaving with    MONICA ACEVEDO    and that he knew the person
so served and authorized to accept service to ☐ an officer ☐ Director ☑ managing agent or general agent ☐ cashier ☐ AsstCashier
☐ Agent authorized by appointment or by law to receive service.

**C. Suitable Age Person** ☐ By delivering thereat a true copy of each to    a person of suitable age and discretion.
Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state

**D. Affixing to Door, Etc.** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place
☐ usual place of abode within the state.    Deponent was unable, with due diligence to find recipient or a person of suitable age
discretion, thereat, having called there    @    @
    who stated that recipient ☐ lived ☐ worked there.
Deponent talked to

**E. Mailing W/B,C or** ☐
Deponent completed said service under the last two sections by mailing a copy of
On    the above named process by First Class Mail addressed to the witness/defendant/respondent to the above address of service which
is recipient's: ☐ last known residence ☐ last known place of business (with additional endorsement of Personal and Confidential
on face of envelope.)
☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**F. DRL Sec232** The required notice was legibly printed on the face of the summons. I identified the defendant by photograph annexed hereto
which was provided by the plaintiff.

**G. Description** ☑

| SEX | SKIN COLOR | HAIR COLOR | AGE (approx.) | HEIGHT (approx.) | WEIGHT (approx.) |
|---|---|---|---|---|---|
| F | LT BROWN | BLACK | 35 | 5'0" | 140 |
| OTHER | | | | | |

**Sec.8001Fee** ☐ A fee of $0.00 , pursuant to CPLR Section 8001, was tendered to the witness.

**Military** ☐ I asked the person spoken to whether the defendant/respondent was in active military service of the United States or of the
State of New York in any capacity whatever and received a negative repy. Defendant/Responant wore ordinary civilian
clothers and no military uniform. The source of my information and the grounds of my belief are the conversations and
observations above narrated. Upon information and belief I aver that the defendant/respondent is not in the military service of
New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn Before me this day 17 of

DECEMBER    2007

*[signature]*

DONNA L. ODRISCOLL
NOTARY PUBLIC, State of New York
No. 01OD6126123
Qualified in Nassau County
Commission Expires on 4/25/2009

*[signature]*

DAVID A SMITH #0912050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                                Docket No.: 07-CV-10934
                                        (PKC) (THK)

                  Plaintiff,

                               **NOTICE OF MOTION FOR**
                               **DEFAULT**

       -against-


1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,


                         Defendants.
------------------------------------------------------------------x

     **PLEASE TAKE NOTICE,** that upon the annexed Declaration of Adam I. Kleinberg,

dated March 10, 2008, and upon all prior pleadings and proceedings, the undersigned will move

this Court, before the Honorable P. Kevin Castel, on a date and time to be designated by the

Court, at the United States Courthouse for the Southern District of New York, located at 500

Pearl Street, New York, New York 10007, for an order granting plaintiff, UNITED NATIONAL

SPECIALTY INSURANCE COMPANY, a default judgment as against defendant 1854

MONROE AVENUE H.D.F.C., pursuant to Rule 55 of the Federal Rules of Civil Procedure,

declaring that UNITED NATIONAL SPECIALTY INSURANCE COMPANY is not obligated

to defend or indemnify defendant 1854 MONROE AVENUE H.D.F.C. in the action entitled

*Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation*, Index

Number 15713/07, in the Supreme Court of the State of New York, Bronx County, on the

ground that defendant has failed to timely answer and/or otherwise move with respect to the

complaint in this action, and for such other and further relief as this Court deems just, equitable,

and proper.

Dated: Mineola, New York
      March 17, 2008

                         MIRANDA SOKOLOFF SAMBURSKY
                         SLONE VERVENIOTIS LLP
                         Attorneys for Plaintiff
                         **UNITED NATIONAL SPECIALTY**
                         **INSURANCE COMPANY**

                         By:_____
                           Adam I. Kleinberg (AIK-0468)
                         240 Mineola Boulevard
                         The Esposito Building
                         Mineola, New York 11501
                         (516) 741-7676
                         Our File No.: 07-544

TO:    1854 Monroe Avenue H.D.F.C.
        c/o Monica Acevedo
        Non-Appearing Defendant
        1854 Monroe Avenue
        Bronx, New York 10457

        Michael C. Beatty
        FELDMAN, KRONFELD & BEATTY
        Attorneys for the Defendant Eulalia Balaguer
        42 Broadway, 19th Floor
        New York, NY 10004
        212-425-0230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                          Plaintiff,

              -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                      Defendants.
-------------------------------------------------------------------x

Docket No.: 07-CV-10934
(PKC)

**DECLARATION IN**
**SUPPORT OF DEFAULT**
**MOTION**

    **ADAM I. KLEINBERG,** an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

    1.    I am a member of the Bar of this Court and am a partner with the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

    2.    I make this declaration pursuant to Fed. R. Civ. Pro. 55 and Local Rules 55.1 and 55.2 for the Southern District of New York, in support of the plaintiff's application for the entry of a default judgment against defendant 1854 MONROE AVENUE H.D.F.C.

    3.    Plaintiff, UNITED NATIONAL SPECIALTY INSURANCE COMPANY (hereinafter "UNITED NATIONAL"), commenced this action seeking a declaration that it has no duty to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C. with respect to claims asserted in the underlying action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development Fund Corporation,* Index Number 15713/07, in the Supreme Court of the State of New York, Bronx County (the "underlying action"). A copy of the Summons and Complaint in this action are attached as Exhibit A.

4.    Jurisdiction of the subject matter of this action is afforded under 28 U.S.C. §1332 and is based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. In this regard, plaintiff is a Wisconsin corporation and defendant 1854 Monroe Avenue H.D.F.C. is a New York corporation, and defendant Eulalia Balaguer is a New York resident.

5.    This Court has personal jurisdiction over defendant 1854 Monroe Avenue H.D.F.C. by virtue of it being a New York corporation and because it was served within the State of New York through its registered agent.

6.    None of the defendants in this case is an infant or incompetent.

7.    United National commenced this action by the filing of the Summons and Complaint on November 30, 2007. See Exhibit A.

8.    A copy of the Summons and Complaint was served on defendant 1854 Monroe Avenue H.D.F.C. on December 15, 2007. A copy of the Affidavit of Service is attached as Exhibit B.

9.    Defendant 1854 Monroe Avenue H.D.F.C has not answered or otherwise moved with respect to the Complaint and the time for the defendant to do so has now expired.

10.    An original copy of a Certificate of Default signed by the Clerk of the Court is attached as Exhibit C.

11.    Accordingly, it is respectfully submitted that plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY is entitled to a default judgment against non-answering defendant 1854 Monroe Avenue H.D.F.C.

12.    **WHEREFORE,** plaintiff UNITED NATIONAL SPECIALTY INSURANCE COMPANY respectfully requests that this Court enter an order and judgment declaring that

plaintiff is not obligated to defend or indemnify defendant 1854 Monroe Avenue H.D.F.C in the

Underlying Action, together with such other and further relief as this court deems just, equitable

and proper.

Dated: Mineola, New York
      March 10, 2008

ADAM I. KLEINBERG (AIK-0468)

Exhibit D

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE
COMPANY,

                                          Plaintiff,

                 -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA
BALAGUER,

                                          Defendants.
--------------------------------------------------------------x

Docket No.: 07-CV-10934
           (PKC)

**DEFAULT JUDGMENT**

This action having been commenced on November 30, 2007, by the filing of the

Summons and Complaint, and a copy of the Summons and Complaint having been served on

defendant 1854 Monroe Avenue H.D.F.C on December 15, 2007, and proof of service having

been filed on January 30, 2008, the defendant not having answered the Complaint, and the time

for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: that the plaintiff, United National Specialty

Insurance Company, is not obligated to defend or indemnify defendant 1854 Monroe Avenue

H.D.F.C. in the action entitled *Eulalia Balaguer v. 1854 Monroe Avenue Housing Development*

*Fund Corporation*, under Index Number 15713/07, in the Supreme Court of the State of New

York, Bronx County.

Dated: New York, NY.
       _____, 2008

                                          _____
                                          U.S.D.J.

                                          This document was entered on the docket on

                                          _____.

1

# McDERMOTT & McDERMOTT

Attorneys and Counselors at Law

| | |
|---|---|
| 286 Madison Avenue<br>14ᵗʰ Floor<br>New York, New York 10017 | Mill Pond Offices<br>293 Route 100<br>Suite 210<br>Somers, New York 10589 |
| Tel: 212-557-3000<br>Fax: 212-557-5051 | Tel: 914-276-2747<br>Fax: 914-276-7608 |

## MEMO ENDORSED

Please respond to Somers address

June 9, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-08

District Judge P. Kevin Castel
United Stated Courthouse
500 Pearl Street
New York, New York 10007

Re:     United National Specialty Insurance Company v. 1854 Monroe Avenue HDFC
        and Eulalia Balaguer
        Docket No.: 07- Civ. 10934 (PKC)(THK)

Dear Judge Castel:

This firm represents 1854 Monroe Avenue HDFC ("1854") in the above action. In the instant action United National Specialty Insurance Company ("United") seeks a judgment of this Court, inter alia, that United is not obligated to defend 1854 in the personal injury claim maintained by Eulalia Balaguer

In a letter to the Court dated June 6, 2008, 1854 requested a stay of the proceedings since this firm had recently been retained. United opposed the request in a letter dated June 6, 2008 from Steven Verveniotis, attorney for United.

Specifically, 1854 is seeking a stay of the proceedings in this action for thirty (30) days, including the motion for summary judgment, which is pending in this Court. The purpose of the stay would be to afford 1854 sufficient time to prepare a motion of vacatur pursuant to FRCP Rule 55(c), setting aside the default judgment which had been previously granted to United. 1854 would also move pursuant to FRCP Rule 60(b) to vacate the default judgment based on the inaccuracy of the information submitted to this Court in United's motion for a default judgment. 1854 would also seek leave of the Court to file an answer to the Complaint pursuant to FRCP Rule 12.

In support of the instant application for a stay, 1854 relies upon the documented inaccuracies in the motion for a default judgment. In support of the application for a default judgment against 1854 United submitted a declaration in the form of an affirmation from an attorney, Adam I. Kleinberg. United did not submit an affidavit from a representative from

06/09/2008  14:34    2125575851    RIUELTSPAWARD LMSEMET    PAGE  03/04
Case 1:07-cv-10934-PKC    Document 29    Filed 06/10/2008    Page 2 of 3

District Judge P. Kevin Castel
United Stated Courthouse
June 9, 2008
Page 2

United, but relied upon the unverified Complaint for the substantive claim for relief sought in the Complaint. In paragraph 20 of the Complaint United claims that it disclaimed coverage via a letter dated August 2, 2008. However, in paragraph 11 of the affidavit of Mark Smith, United's Senior Claims Examiner, submitted in support of the motion for summary judgment, United stated that the August 2, 2007 was only a warning letter. In paragraph 20, Smith stated that the purported disclaimer was not mailed to 1854 until August 21, 2007.

    The difference between the August 2, 2007 versus August 21, 2007 mailing date, would be to make United's instant action untimely since United unreasonably delayed in sending a disclaimer to 1854.  Sirius America Insurance. Co. v. Vigo Construction, 48 A.D.3d 450 (2$^d$ Dept. 2008); (The insurer relied upon a disclaimer that was sent 34 days after it knew or should have known of the basis for denying coverage. The appellate court found that since there was no explanation for that delay, pursuant to Insurance Law § 3420(d), it was unreasonable as a matter of law and ineffective. Therefore, the insurer was obligated to defend the contractor in the underlying action. Consequently, the trial court erred in denying the underlying plaintiff's motion for summary judgment); First Financial Ins. Co. v. Jetco Contracting Corp, 1 N.Y.3d 64 (2003) (Answering the certified questions, the court held that the insurer's delay of 48 days in notifying the policyholder of disclaimer was unreasonable as a matter of law where the purpose of delay was to investigate other sources of insurance.

    Indeed, in the instant matter, 1854 would challenge the purported disclaimer. 1854 submits that not granting the request for a stay to submit a motion to vacate the default judgment would allow United to escape a contractual obligation based on a technical ruling.  The chain reaction of a procedural, technical victory by United against 1854 is against all public policy considerations.

    FRCP Rule 60(b)(3) permits vacatur if there is fraud, misrepresentation or other misconduct by an adverse party.  The "fraud, misrepresentation or other misconduct" in this case is based, in part, on the fact that it is proven by United's own admission that the factual allegations set forth in the Complaint were untrue.

    The law relating to vacatur of a default judgment is well-known. "Defaults, often referred to as 'the weapon of last resort', are disfavored, especially when the case presents issues of fact. In Re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985). A court should resolve all doubts in favor of determination on the merits. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, courts should liberally grant motions to vacate default judgments so that a trial on the merits may be had and justice be done. Triad Energy Corp. v. McNeil, 110 F.R.D 382 (S.D.N.Y. 1986)." Adidas Sportschuhfabriken Adi Dassler Stiftung & Co., 1990 U.S. Dist. LEXIS 3953 (S.D.N.Y. 1990)

District Judge P. Kevin Castel
United Stated Courthouse
June 9, 2008
Page 3

    1854 submits that in its motion to vacate the default judgment it will satisfy the requirements: "that its default was not willful; that it has a meritorious defense and that vacating the default will not result in unfair prejudice to plaintiff." Schroeder v. Indorsky, Comm. Fut. L. Rep., 1991 U.S. Dist. LEXIS 11186 (S.D.N.Y. 1991)

    Accordingly, we are requesting that the proceedings be stayed for thirty (30) days so that 1854 may prepare and file the motion to vacate the default and leave to file the answer to the Complaint. Thank you for the Court's attention to this matter.

                      Respectfully,

                      Michael J. McDermott

MJM:az
Cc:

Steven Verveniotis, Esq.
Miranda, Sokoloff, Sambursky, Slone, Verveniotis, LLP
Attorneys for United National Specialty Insurance Company
240 Mineola Blvd
Mineola, New York 11501

Michael Beatty, Esq.
Feldman, Kronfeld & Beatty
Attorneys for Eulalia Balaguer
42 Broadway, 19th Floor
New York, New York 10004

Ms. Martha Gutierrez, President
1854 Monroe Avenue HDFC
850 Bronx River Road
Yonkers, New York 10708

*[Handwritten note:]* Premotion conference is waived to permit 1854 Monroe Avenue HDFC to move to vacate judgment against it. Having considered the issue, no stay of the proceeding is warranted. SO ORDERED. [signature] USDJ 6-9-08



# MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN◊
STEVEN C. STERN
ADAM I. KLEINBERG

TIMOTHY MURPHY
MARK R. OSHEROW*◊□
COUNSEL

WRITER'S DIRECT DIAL:
(516) 741-8488

WRITER'S E-MAIL:
sverveniotis@mssbv.com

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI◊◊
MICHAEL V. LONGO◊
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
PATRICK J. MALONEY◊

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
◊◊RESIDENT IN WESTCHESTER

June 6, 2008

**Via Fax: 212-805-7949**
Hon. Justice P. Kevin Castel
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     **Re:** *United National Specialty Insurance Company v. 1854 Monroe*
        *Avenue H.D.F.C. and Eulalia Balaguer*
        **Docket No.:** 07-CV-10934 (PKC)(THK)
        **Our File:** 07-544

Dear Judge Castel:

  This firm represents the plaintiff in this case, and we write to oppose the application for a stay submitted by the firm of McDermott & McDermott, as counsel for defendant 1854 Monroe Avenue HDFS ("1854"). While counsel for 1854 seeks a stay and opportunity to file papers on the pending motion, they are entitled to neither. 1854 defaulted in appearing in this action and on a prior motion for judgment against 1854. There is already a judgment against 1854. The pending motion is only as to defendant Balaguer and should not be stayed.

       Respectfully submitted,
       MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LL

       Steven Verveniotis (SV 8800)



# Miranda Sokoloff Sambursky Slone Verveniotis LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN
ADAM I. KLEINBERG

TIMOTHY MURPHY
MARK R. OSHEROW*(□)
COUNSEL

WRITER'S DIRECT DIAL:
(516) 741-8488

WRITER'S E-MAIL:
sverveniotis@msssv.com

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI°□
MICHAEL V. LONGO+
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
PATRICK J. MALONEY+

* ALSO ADMITTED IN NEW JERSEY
◇ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
*RESIDENT IN WESTCHESTER

June 10, 2008

<u>Via Fax: 212-805-7949</u>
Hon. Justice P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> **Re:**   United National v. 1854 and Balaguer
> **Docket No.:**  07-CV-10934 (PKC)(THK)
> **Our File:**   07-544

Dear Judge Castel:

This firm represents the plaintiff, and we write in reply to the two letters submitted to Your Honor yesterday concerning an intent by 1854 Monroe Avenue HDFS ("1854") to move to vacate the default judgment entered against 1854 and challenging the presently pending motion in letter form rather than by actually filing opposition papers. Both letter applications should be rejected by the Court as invalid on their face. The defendant 1854 has set forth no excuse for the prior disregard of legal process and prior disregard of the default motion. The recent willingness of 1854 to participate in this lawsuit is too little too late. Similarly, the argument premised on a typo in the date of the disclaimer noted in the complaint (August 2, 2007 as compared to August 21, 2008) is meritless. Both the August 2 and the August 21 letter have been set before the Court on the pending motion and they show that the insurer was trying to get information from the insured as of August 2 and when that information was later provided, the grounds for disclaimer were assessed and a disclaimer was timely issued. Thus, the two letters submitted to the Court are improper as a matter of process and on the merits and should be rejected.

Respectfully submitted,
Miranda Sokoloff Sambursky Slone Verveniotis LLP

Steven Verveniotis (SV 8800)

cc:   Michael J. McDermott, Esq. (914) 276-7608
      Michael C. Beatty, Esq. (212) 809-6174

# MSSV

## MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN*
STEVEN C. STERN
ADAM I. KLEINBERG
—
TIMOTHY MURPHY
MARK R. OSHEROW*◊□
COUNSEL

WRITER'S DIRECT DIAL:
(516) 741-8488

WRITER'S E-MAIL:
sverveniotis@msssv.com

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KERRA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI*◊
MICHAEL V. LONGO*
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
PATRICK J. MALONEY*

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
*ADMITTED IN WASHINGTON

June 10, 2008

**Via Fax: 212-805-7949**
Hon. Justice P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> **Re:** United National v. 1854 and Balaguer
> **Docket No.:** 07-CV-10934 (PKC)(THK)
> **Our File:** 07-544

Dear Judge Castel:

This firm represents the plaintiff, and we write in reply to the two letters submitted to Your Honor yesterday concerning an intent by 1854 Monroe Avenue HDFS ("1854") to move to vacate the default judgment entered against 1854 and challenging the presently pending motion in letter form rather than by actually filing opposition papers. Both letter applications should be rejected by the Court as invalid on their face. The defendant 1854 has set forth no excuse for the prior disregard of legal process and prior disregard of the default motion. The recent willingness of 1854 to participate in this lawsuit is too little too late. Similarly, the argument premised on a typo in the date of the disclaimer noted in the complaint (August 2, 2007 as compared to August 21, 2008) is meritless. Both the August 2 and the August 21 letter have been set before the Court on the pending motion and they show that the insurer was trying to get information from the insured as of August 2 and when that information was later provided, the grounds for disclaimer were assessed and a disclaimer was timely issued. Thus, the two letters submitted to the Court are improper as a matter of process and on the merits and should be rejected.

Respectfully submitted,

Miranda Sokoloff Sambursky Slone Verveniotis LLP

Steven Verveniotis (SV 8800)

cc:   Michael J. McDermott, Esq. (914) 276-7608
      Michael C. Beatty, Esq. (212) 809-6174

STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED NATIONAL SPECIALTY INSURANCE          Docket No: 07-CV-109334
COMPANY,                                                        (PKC)

                                        Plaintiff,          56.1 RESPONSE

                -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                                        Defendants.
-------------------------------------------------------------X

Defendant, EULALIA BALAGUER, by its attorneys, FELDMAN, KRONFELD &

BEATTY, as and for their required response to the statement of material facts, pursuant to Rule

56.1 of the Local Rules of this Court, states as follows:

1.      United National issued a policy of insurance to 1854 Monroe Avenue H.D.F.C.

numbered L718054 for the period from May 5, 2006 through May 5, 2007.a

        ADMITTED.

2.      Eulalia Balaguer alleges in her complaint in an underlying personal injury actions

commenced against Monroe in the Supreme Court for the State of New York, Bronx County,

captioned Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation,

under index number 15713/07 that on or about December 20, 2006, while lawfully on the

premises located at 1854 Monroe Avenue, Bronx, New York, which is onwed,operated and

maintained by Monroe she was caused to fall and injure herself due to the negligence of Monroe.

        ADMITTED.

3.      On July 20, 2007, United National received its first notice of the occurrence and

claim involving Balaguer's fall on December 20, 2006; this was a delay of seven months.

defendant ADMITS that a notice of the occurrence and claim was received by United National on July 20, 2007. The plaintiff has no knowledge as to whether it was the first notice. The plaintiff ADMITS that the period from December 20, 2006 to July 20, 2007 was a period of seven months but does not admit to the use of the term "delay"

4.    On August 2, 2007, United National sent a letter to Monroe urging Monroe to cooperate with United National's investigation into Balaguer's claim so that United National could render a coverage decision, or United National would be forced to disclaim coverage based on Monroe's lack of cooperation.

The defendant ADMITS that the record contains a letter dated August 2, 2007. There is no proof of mailing of such letter nor was same received by the injured party and and has no legal weight as a result. See *Colon v. N.Y. Mutual Fire Ins. Co.*, 801 N.Y.S.2d 231 (2nd Dept 2005).

5.    On August 21, 2007, after having an opportunity to adequately investigate Balaguer's claim, United National disclaimed coverage to Monroe and Balaguer based on their failure to comply with the policy's precondition to coverate that United National receive timely notice of an occurrence or claim.

The defendant ADMITS that your affirmant received the referenced letter. There is no proof of mailing of the letter to the insured or the injured party. There was no such need for an "adequate investigation" and based on the theory of timely notice was a fatal delay in notifying the insured of the carrier's late decision.

6.    On or about October 9, 2007 United National commenced the instant Declaratory Judgment action against its insured Monroe and the claimant Balaguer, seeking declaration by the Court that United National has no duty to defend and indemnify either party with regards to

ersonal injury action commnenced by Balaguer against Monroe.

ADMITTED.

7.    In the complaint, United National sought a declaration that it had no duty to defend or indemnify Monroe and Balaguer, based on their failure to provided United National with timely notice of the occurrence and claim giving rise to the underlying personal injury action commenced by Balaguer against Monroe in violation of a precondition to coverage under the policy issued by United National to Monroe.

ADMITTED.

8.    Monroe failed to answer United nationals declaratory judgment complaint of otherwise appear in this coverage action, and Unitied National on notice to all parties, filed a motion for a default judgment against Monroe on or about March 20, 2008.

ADMITTED to the extent that at the time of the filing of the summary judgment motion, 1854 had not appeared.  As of present, counsel McDermott & McDermott have filed a notice of appearance.

9.    Neither Monroe nor Balaguer submitted opposition to United National's motion for default despite having a full and fair opportunity to do so.

The reason that no opposition was filed at the time of the return of the motion is detailed on pages 9 and 10 of the Affirmation in Opposition.

10.    On or about April 8, 2008, this Court entered a default judgment against Monroe and Ordered, Adjudged and Decreed that united National has no obligation to defend or indemnify its insured Monore in the underlying personal injury action brought by Balaguer.

ADMITTED to the extent that a default was entered and the Court should interpret the Order as it was intended.

/s/ _____
MICHAEL C. BEATTY, (4144)

Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED    NATIONAL    SPECIALTY    INSURANCE    DocketNo:07-CV-10934
COMPANY,                                                      (PKC)(THK)

                                        Plaintiff,               **AFFIDAVIT IN SUPPORT**
                                                                    **OF SUMMARY JUDGMENT**

                 -against-

1854    MONROE    AVENUE    H.D.F.C.    and    EULALIA
BALAGUER,

                                      Defendants.
------------------------------------------------------------------------x


**COMMONWEALTH OF PENNSYLVANIA**    )
                                        )  **ss.:**
**COUNTY OF MONTGOMERY**          )

**Mark Smith**, being duly sworn, deposes and says:

    1.     I am a Senior Claims Examiner for defendant United National Specialty Insurance

Company (referred to herein as "United National"), and in that capacity, I handle the instant

coverage action which arose from a personal injury action, pending in the New York State

Supreme Court, Bronx County captioned <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing and</u>

<u>Development Fund Corporation</u>, under index number 15713/07. As such, I am fully familiar

with the facts and circumstances set forth in this matter.

    2.     As the Claims Examiner handling this claim, I maintain the files and documents

of United National as to this matter, which files and documents are created by United National as

part of its business and maintained for business purposes.

    3.     In preparation of this affidavit, I have reviewed the documents maintained by

United National, relevant portions of which are attached hereto and discussed herein.

4.    I submit this affidavit in support of United National's motion for summary judgment seeking an order from the Court granting United National summary judgment declaring: 1) that this Court's previous finding against 1854 Monroe Avenue H.D.F.C. in this action is binding as against Eulalia Balaguer and warrants summary judgment against Eulalia Balaguer as a matter of law; and 2) that United National is entitled to a declaration that it has no obligation to Eulalia Balaguer under the policy of insurance that United National issued to 1854 Monroe Avenue H.D.F.C. with regards to the claims asserted or any judgment obtained in an underlying personal injury action commenced by Eulalia Balaguer against 1854 Monroe Avenue H.D.F.C. in the Supreme Court for the State of New York, Bronx County, captioned <u>Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation</u>, under index number 15713/07; and 3) for such other and further relief as this court deems just, equitable and proper.

**THE POLICY ISSUED TO MONROE**

5.    United National issued a policy of insurance, numbered L7280545, to Monroe for the period from May 4, 2006 through May 4, 2007 (hereinafter "the Policy"). A copy of the Policy is annexed hereto as Exhibit "A."

6.    Eulalia Balaguer is not named as an insured on the policy, <u>See</u> Exhibit "A".

7.    The Policy includes a notice requirement as follows:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

2.  Duties in the Event of Occurrence, Offense, Claim or Suit

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

2

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit":

(2) Authorize us to obtain records and other information

(3.) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4.) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

See Exhibit A.

8.  This late notice of occurrence and claim provision applies in this case as the insured and claimant were aware of the accident which occurred on December 20, 2006 yet failed to report it until July 20, 2008.

**THE DISCLAIMER OF COVERAGE BY UNITED**

9.  Balaguer, the plaintiff in the underlying action and claimant in this coverage action, alleges that she was injured when she fell on the insured's premises on December 20, 2006. See Exhibit "B" for a copy of the Summons and Complaint in the Underlying Action.

10.  On July 20, 2007, United National received its first notice of the occurrence and claim giving rise to the underlying action. This was a delay of seven months from the date of

3

Balaguer's alleged fall. The notice came in the form of a fax from Monroe's Broker, Murphey and Jordan LLC, with the Summons and Complaint in the underlying action and was sent to United National's agent, Morstan General Agency. See Exhibit "B" for a copy of the fax cover sheets along with Acord Loss Form and Summons and Complaint.

11.    Despite diligent efforts, United National was unable to obtain Monroe's cooperation with United National's investigation into the occurrence and claim, making it difficult for United National to render a coverage decision. On August 2, 2007, United National sent Monroe a letter informing them that if they did not cooperate, United National would be forced to disclaim coverage as their noncooperation violated the terms of the policy. See Exhibit "C" for a copy of United National's demand for cooperation.

12.    On August 21, 2007, 32 days after receiving its first notice of the occurrence, claim and suit, United National disclaimed coverage to Monroe and Balaguer based on their failure to provide timely notice of the occurrence and claim. See Exhibit "D" for a copy of United National's disclaimer.

13.    Based on the foregoing, United National has no obligation to Balaguer under the policy that it issued to Monroe.

**WHEREFORE**, United National requests an order from the Court granting United National summary judgment declaring:

1)  that this Court's previous finding against 1854 Monroe Avenue H.D.F.C. in this action is binding as against Eulalia Balaguer and warrants summary judgment against Eulalia Balaguer as a matter of law; and

2)  that United National is entitled to a declaration that it has no obligation to Eulalia Balaguer under the policy of insurance that United National issued to 1854 Monroe Avenue

4

H.D.F.C. with regards to the claims asserted or any judgment obtained in an underlying personal injury action commenced by Eulalia Balaguer against 1854 Monroe Avenue H.D.F.C. in the Supreme Court for the State of New York, Bronx County, captioned Eulalia Balaguer v. 1854 Monroe Avenue Housing and Development Corporation, under index number 15713/07; and

   3) for such other and further relief as this court deems just, equitable and proper.

 

**MARK SMITH**

SWORN to before me this
day of May, 2008.

**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOY COLEMAN, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires September 19, 2011

5

Exhibit I


**UnitedAmerica** Insurance Group

Penn-America Group, Inc.®
Penn-America Insurance Company®
Penn-Star Insurance Company®
Penn-Patriot Insurance Company

United National Group®
United National Insurance Company®
Diamond State Insurance Company®
United National Specialty Insurance Company®
United National Casualty Insurance Company®

Stan Doniger
Direct Line: (610) 747-1046
sdoniger@unitednat.com

August 21, 2007

**VIA UPS GROUND**
**AND U.S. FIRST CLASS MAIL**

1854 Monroe Avenue H.D.F. C.
C/O Monica Acevedo
1854 Monroe Avenue
Bronx, NY 10457

Re:  Claim No:    07004861
     Insured:     **1854 Monroe Avenue H.D.F.C.**
     Claimant:    **Eulalia Balaguer**
     Date/Loss:   12/20/2006

Dear Ms. Acevedo:

United National Specialty Insurance Company was notified of the pendency of a lawsuit filed in the Supreme Court of The State of New York, County of Bronx, Index #15713/07, entitled Eulalia Balaguer vs. 1854 Monroe Avenue Housing Development Corporation.

United National Specialty Insurance Company was notified of this claim by virtue of it having issued its' Commercial Lines General Liability policy L7180545, effective from May 5, 2006 to May 5, 2007 to 1854 Monroe Avenue H D F C. The policy has a potential to provide $1,000,000 Combined Single Limits Liability Coverage, subject to a policy year general aggregate of $2,000,000 and $5000 medical payments coverage.

When I wrote to you on August 2, 2007 advising you of your lack of cooperation and asking for you or your representative to immediately contact me, Beatriz Echavarria contacted me, representing she is the president of the management company for your company at the location involved and was speaking to us on your behalf. She informed us she hired her brother to complete repairs in the claimant's apartment. The claimant, Ms. Balaguer, had made complaints to the City of New York about conditions in her apartment which you were aware of. In the process of making the repairs to the apartment in question, Ms. Balaguer was injured. With days of the injury, you were made aware of this injury, as related by Ms. Echavarria.

Three Bala Plaza East • Suite 300 • Bala Cynwyd, PA 19004 • P: 610.664.1500 • F: 610.660.8885
A member of **UnitedAmerica** Indemnity, Ltd.

07004861-R18t/2007

Page 2

**The purpose of this letter is to inform you there is no coverage under the terms of United National Specialty Insurance Company's policy for this loss.**

The policy of insurance issued to 1854 Monroe Avenue H.D.F.C. reads as follows:

### SECTION I - COVERAGES
### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III Limits of Insurance; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is Covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A & B.

b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

We now direct your attention to Section V - Definitions, which states as follows:

### SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Page 3

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

We now direct your attention to SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS, which states as follows:

2. **Duties In The Event Of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or a "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received, and

        (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2) Authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

Page 4

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

**United National Specialty Insurance Company did not receive notice of this loss for over 7 months after the date of the loss. There is no coverage for this loss because of your violation of the conditions section of the policy.**

**By copy of this letter to the claimant's attorney ,we are also disclaiming directly to claimant's attorney as he also failed to comply with the policy conditions set forth above by failing to notify us of the "occurrence" and or claim as soon as practicable.**

If any additional information affects our position in this matter, United National Specialty Insurance Company reserves the right to withdraw, revise or supplement this letter. Further, this letter should not be construed to limiting any other defenses potentially available under the policy as additional provisions may limit or exclude coverage for the claims asserted. We also reserve the right to institute a Declaratory Judgment action on the issues relating to coverage, if we believe this is appropriate.

Should you wish to take this matter up with the New York State Insurance Department, you may write to, or visit the Consumer Services Bureau, New York State Insurance Department, at either 25 Beaver Street, New York, New York 10004; Agency Building, 1 Governor A. Rockefeller, Empire State Plaza, Albany New York 12257; or the Walter Mahoney Office Building, 65 Court Street, Buffalo, New York 14202. You may also contact them at their toll free number at (800) 342) 342-3736.

We will be happy to discuss with you any concerns 1854 Monroe Avenue H.D.F.C. may have about the coverage issues raised in this letter. If you have any questions or concerns, you can reach me at (610) 747-1046.

Sincerely,
UNITED NATIONAL SPECIALTY INSURANCE COMPANY


Stanley Doniger
Claims Examiner

/SD

07004861-8181/2007

Page 5

cc:    Morstan General Agency
       P O Box 4500
       Manhasset, NY 11030-4500

       Murphy & Jordan
       32 Old 1 Slip 8th Floor
       New York, NY 10006

       Michael C. Beatty, Esq.
       Feldman, Kronfeld & Beatty
       42 Broadway 19th Floor
       New York, NY 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

_____X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

Defendants.

_____X

## NOTICE OF MOTION

McDermott & McDermott
Attorneys for Defendant
1854 MONROE AVENUE H.D.F.C.
Mill Pond Offices
293 Route 100 - Suite 210
Somers, NY 10589
(914) 276-2747