UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

---
---X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

                    Plaintiff,

     -against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

                    Defendants.

---
---
---X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

MCDERMOTT & MCDERMOTT
Attorneys for Defendant
1854 Monroe Avenue H.D.F.C.
293 Route 100, Suite 210
Somers, New York 10589
914-276-2747

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................ii

PRELIMINARY STATEMENT ...................................................1

STATEMENT OF FACTS......................................................1

POINT I

MONROE HAS SUSTAINED THE REQUIREMENTS
FOR THIS COURT TO VACATE THE DEFAULT JUDGMENT..........3

     **i.**     The default was not willful.......................................3

     **ii.**    Vacating the default judgment will not
          result in unfair prejudice to United...........................3

     **iii.**   Monroe has a meritorious defense...........................4

     **iv.**   Vacatur should be permitted if there is
          fraud, misrepresentation or other misconduct
          by an adverse party...............................................6

CONCLUSION...................................................................7

## TABLE OF AUTHORITIES

Adidas Sportschuhfabriken Adi Dassler Stiftung & Co.,
1990 U.S. Dist. LEXIS 3953 (S.D.N.Y. 1990)...............................................7

In Re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985)......................................6

Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)......................................6

Schroeder v. Indorsky, Comm. Fut. L. Rep., 1991 U.S. Dist.
LEXIS 11186 (S.D.N.Y. 1991).................................................................3

Triad Energy Corp. v. McNell, 110 F.R.D 382 (S.D.N.Y. 1986)......................7

America Insurance. Co. v. Vigo Construction, 48 A.D.3d 450 (2d Dept. 2008)........6

First Financial Ins. Co v. Jetco Contracting Corp, 1 N.Y.3d 64 (2003)................6

FRCP Rule 60(b)(3)...............................................................................6

Insurance Law § 3420(d)..........................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ 10934
(PKC) (THK)

_____X

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

Plaintiff,

-against-

1854 MONROE AVENUE H.D.F.C. and
EULALIA BALAGUER,

Defendants.

_____X

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion by 1854 Monroe

Avenue H.D.F.C. ("Monroe") in support of the motion pursuant to FRCP Rule 60(b) to

vacate the default judgment against Monroe by United National Specialty Insurance

Company ("United"). Monroe also seeks leave of the Court to file an answer to the

Complaint pursuant to FRCP Rule 12. Monroe requests that the motion be granted since

the requirements for vacatur of the default judgment have been sustained.

## STATEMENT OF FACTS

United commenced the above captioned action seeking a declaration that it had no

duty to defend or indemnify Monroe with respect to the claims asserted in the underlying

personal injury action entitled Eulalia Balaguer v. 1854 Monroe Housing Development

Fund Corp., Index Number 15712-2007 venued in the Supreme Court of the State of New

York, Bronx County. (A copy of the summons and complaint in the above action is

attached to the affirmation of Michael J. McDermott ("McDermott Affirmation")

submitted in support of the instant motion as Exhibit A.)

1

United claimed that the summons and complaint in the above action were served on Monica Acevedo ("Acevedo"), purportedly as the managing agent or general agent, on December 15, 2007. (A copy of the affidavit of service is attached to the McDermott Affirmation as Exhibit B.)

By notice of motion for default dated March 17, 2008, United moved for default judgment against Monroe. (A copy of the motion for default judgment is attached to the McDermott Affirmation as Exhibit C.) On April 8, 2008, the Court granted the default judgment against Monroe. (A copy of the default judgment is attached to the McDermott Affirmation as Exhibit D.)

By the Memo entered on June 10, 2008, this Court waived the requirement for a pre-motion conference in advance of making the instant motion. (A copy of the Memo is attached to the McDermott Affirmation as Exhibit E.)

Acevedo stated in her affidavit (submitted in support of the instant motion) that she was not served with either the summons and complaint or the motion for a default judgment. Josh Koppel, the property manager for Monroe, ("Koppel") stated in his affidavit that on June 5, 2008, he learned from Michael Beatty, the attorney for co-defendant Eulalia Balaguer, that a default judgment had been entered against Monroe. On the same day Koppel spoke with the Michael J. McDermott, attorney for Monroe, requesting confirmation of the default judgment. After being advised that the court's records reflect that a default judgment had in fact been entered, Koppel, on behalf of Monroe, promptly authorized Mr. McDermott to take the steps necessary to request this Court to vacate the default judgment.

## POINT I

## MONROE HAS SUSTAINED THE REQUIREMENTS
## FOR THIS COURT TO VACATE THE DEFAULT JUDGMENT.

The requirements which must be satisfied for this Court to vacate the default

judgment are well established: "that its default was not willful, that it has a meritorious

defense and that vacating the default will not result in unfair prejudice to plaintiff."

Schroeder v. Indorsky, Comm. Fut. L. Rep., 1991 U.S. Dist. LEXIS 11186 (S.D.N.Y.

1991)

Monroe has satisfied the requirements for this Court to vacate the default

judgment.

**i.      The default was not willful.**  Acevedo testified in her affidavit that she,

purportedly as the managing agent or general agent, did not receive the summons and

complaint or the motion for default judgment.  Accordingly, there can be no evidence of

willfulness of a default if a party was never served with the summons and complaint.

Indeed, the underlying personal injury action names Monroe as a defendant.  The relief

sought by United in the instant action is to be relieved of defending and indemnifying

Monroe on an active personal injury action. Logic does not dictate that Monroe would

willfully disregard the pleading.  Simply put, Monroe did not respond since it was

unaware of the action.

**ii.      Vacating the default judgment will not result in unfair prejudice to**

**United.**  In the letters to the Court requesting a pre-motion conference for the motion to

vacate the default judgment, United did not claim or assert any prejudice. (Copies of United's letters to the Court dated June 6, 2008 and June 10, 2008 are attached collectively to the McDermott Affirmation as Exhibit F.)

Only limited paper discovery has been conducted in this action. The only other proceeding in this action to have occurred is the filing of the motion for summary judgment by United against Balaguer based on the default of Monroe. ECF indicates that the motion is still being briefed by the parties. United would not suffer any prejudice should this Court grant the motion to vacate the default and permit Monroe to serve and file an answer.

**iii.    Monroe has a meritorious defense.**  Although discovery in this action has not been completed, certain facts relevant to the instant motion can be established from the motion for summary judgment United filed against Balaguer.

The personal injury accident occurred on or about December 20, 2006 when Balaguer allegedly fell on the premises of Monroe. (See Balaguer's Rule 56.1 Response paragraph 2 attached to the McDermott Affirmation as Exhibit G.). Further, it is uncontested that United received notice of the personal injury claim on July 20, 2007. (See Balaguer's Rule 56.1 Response paragraph 3 attached to the McDermott Affirmation as Exhibit G.)

However, there were important documented inaccuracies in the United's motion for a default judgment which justify vacatur of the default judgment.  In support of the application for a default judgment against Monroe, United submitted a declaration in the form of an affirmation from an attorney, Adam I. Kleinberg. United did not submit an

affidavit from a representative from United, but relied upon the unverified Complaint for the substantive claim for relief sought in the Complaint.

In paragraph 20 of the Complaint United claims that it disclaimed[1] coverage to Monroe for the underlying personal injury claim via a letter dated August 2, 2007. (See Exhibit A attached to the McDermott Affirmation.)

However, in paragraph 11 of the affidavit of Mark Smith, United's Senior Claims Examiner, submitted in support of United's motion for summary judgment against Balaguer, United stated that the August 2, 2007 was only a warning letter. Further, in paragraph 20, Smith stated that the purported disclaimer was not mailed to Monroe until August 21, 2007. (A copy of the affidavit of Mark Smith is attached to the McDermott Affirmation as Exhibit H.)

Notwithstanding the obvious contradiction in the dates, United attempted to minimize the defect by claiming that the mistaken date was merely a "typo". (See Steven Verveniotis' letter to the Court dated June 10, 2008, included in Exhibit F to the McDermott Affirmation.)

However, United received notice of the claim on July 20, 2007, but the disclaimer was not mailed to Monroe until August 21, 2007, a period of 32 days. This unreasonable delay in disclaiming coverage would make United's instant action untimely. <u>Sirius</u>

---

[1] The basis for the disclaimer, as stated by United in its letter of August 21, 2007, was as follows:

> United National Specialty Insurance Company did not receive notice of this loss for over 7 months after the date of loss. There is no coverage for this loss because of your violation of the conditions section of the policy. [A copy of the August 21, 2007 letter is attached to the McDermott Affirmation as Exhibit I, page 4.]

5

America Insurance. Co. v. Vigo Construction, 48 A.D.3d 450 (2$^d$ Dept. 2008); (The insurer relied upon a disclaimer that was sent 34 days after it knew or should have known of the basis for denying coverage. The appellate court found that since there was no explanation for that delay, pursuant to Insurance Law § 3420(d), it was unreasonable as a matter of law and ineffective. Therefore, the insurer was obligated to defend the contractor in the underlying action. Consequently, the trial court erred in denying the underlying plaintiff's motion for summary judgment); First Financial Ins. Co v. Jetco Contracting Corp, 1 N.Y.3d 64 (2003) (Answering the certified questions, the court held that the insurer's delay of 48 days in notifying the policyholder of disclaimer was unreasonable as a matter of law where the purpose of delay was to investigate other sources of insurance.)

**iv.    Vacatur should be permitted if there is fraud, misrepresentation or other misconduct by an adverse party.** FRCP Rule 60(b)(3) permits vacatur if there is fraud, misrepresentation or other misconduct by an adverse party. The "fraud, misrepresentation or other misconduct" in this case is based, in part, on the fact that it is proven by United's own admission that the factual allegations set forth in the Complaint were untrue.   The disclaimer notice was not mailed until August 21, 2007, not August 2, 2007.  The unreasonableness of the delay was not before the Court in deciding the motion for a default judgment.

The law relating to vacatur of a default judgment is equally well-known. "Defaults, often referred to as 'the weapon of last resort', are disfavored, especially when the case presents issues of fact. In Re Martin-Trigona, 763 F.2d 503 (2d Cir. 1985). A court should resolve all doubts in favor of determination on the merits. Meehan v. Snow,

6

652 F.2d 274, 277 (2d Cir. 1981). Accordingly, courts should liberally grant motions to vacate default judgments so that a trial on the merits may be had and justice be done. Triad Energy Corp. v. McNell, 110 F.R.D 382 (S.D.N.Y. 1986)." Adidas Sportschuhfabriken Adi Dassler Stiftung & Co., 1990 U.S. Dist. LEXIS 3953 (S.D.N.Y. 1990)

## CONCLUSION

Monroe has demonstrated that (1) the default was not willful, (2) United will not suffer any prejudice if the default is vacated and (3) Monroe has a meritorious defense since United unreasonably delayed in disclaiming coverage. Monroe requests that the motion to vacate the default judgment be granted in its entirety so that it may file an answer and challenge the purported disclaimer and defend the action and insist that United comply with its contractual obligation to defend and indemnify Monroe from the claims of Balaguer in the underlying personal injury action.

Dated:      June 30, 2008
            New York, NY

                              MCDERMOTT & MCDERMOTT
                              By:_____
                              Michael J. McDermott, Esq.
                              (MM-0074)
                              Attorneys for Defendant
                              1854 MONROE AVENUE H.D.F.C.
                              293 Route 100, Suite 210
                              Somers, New York 10589
                              914-276-2747

To:
Steven Verveniotis, Esq.
Miranda, Sokoloff, Sambursky, Slone, Verveniotis, LLP
Attorneys for United National Specialty Insurance Company
240 Mineola Blvd
Mineola, New York 11501

Michael Beatty, Esq.
Feldman, Kronfeld & Beatty
Attorneys for Eulalia Balaguer
42 Broadway, 19th Floor
New York, New York 10004