## BALAGUER'S STANDING

As previously argued, the injured party has statutory privity with the carrier under New York Insurance Law § 3420.  The argument of plaintiff presents a legal conundrum.  If Balaguer has no standing in this proceeding, then none of what happens in the instant case can have any bearing on her.  If she has standing in this proceeding, then she will be bound by the findings of this Court on the issues presented.  However, the plaintiff cannot have it both ways.  Should the Court adopt counsel's reasoning, then the plaintiff will be given a two sided protection – the advantage of a default that Balaguer is precluded from challenging, as well as the advantage of protecting itself from a subsequent lawsuit by Balaguer should she prevail against the insured.  Thus, if plaintiff wishes to concede that Balaguer has no standing, then the action against Balaguer should be discontinued, and Balaguer will move to enforce her judgment against the plaintiff carrier when the time comes.

## VACATING THE DEFAULT

Cases cited by your affirmant in support of this application state that matters should be decided "on the merits".  See (Affirmation page 5) *Estate of Murdoch v. Pennsylvania,* 432 F.2d 867, 870 (3d Cir. Pa. 1970) "where the judgment in question is a summary one, the entry of which has precluded **a trial on the merits**"; (Affirmation page 6) *Horn v. Intelectron Corp.*, 294 F. Supp. 1153, 1155 (S.D.N.Y. 1968), "Rule 60(b) should be liberally construed to resolve doubts (if any), in favor of **setting aside default judgments so that cases may be decided on their merits.**".  It is implicitly clear that a default judgment is not a decision "on the merits".

Plaintiff's reliance on New York CPLR § 5015(a) is erroneous.  That statute does not

5

declare that a default is a decision on the merits. Further, it recognizes law office failure as a basis for vacating a default as provided in CPLR § 2005.

The cases cited by plaintiff's counsel on page 3 of his Affirmation fail to support the premise that a default is one that is obtained "on the merits", or the cases cited are distinguishable on their facts. <u>Woodson v. Mendon Leasing Corp.</u> 100 NY2d 62, 760 NYS2d 727 (2003) does not stand for the principle claimed. The other cases are <u>Cillo v. Resjefal Corp.</u> 13 AD3d 292, 787 NYS2d 269 (1st Dept. 2004) and <u>Fleet Bank v. Powerhouse Trading Corp.</u>, 267 AD2d 276, 700 NYS2d 53,54 (2nd Dept. 1999). <u>Cirillo</u> is distinguishable in that an Answer had been interposed and then struck following violation of a discovery Order. <u>Fleet Bank</u> is distinguishable in that there was a claim on a dishonored check and the plaintiff had established to the Court's satisfaction a right to "its prima facie entitlement to judgment". That is contrary to the one at bar in which the allegations do <u>not</u> establish a *prima facie* case, and further, are misstated.

The misstated date of disclaimer is a discrepancy in the complaint described by the plaintiff as an "inadvertent typo". However, counsel acknowledges that the extent of the time period between the date the carrier receives notice and the date the carrier disclaims is fundamental in these cases. Point II of counsel's Affirmation is dedicated to that discussion. While it is claimed by plaintiff that the time period was still within the definition of "reasonable", the length of the time period remains the crux of the matter. Hence, any misstatement of the length of the time period is not an "inadvertent typo" but rather a significant misstatement of a material fact. In light of New York case law, *i.e.* <u>Sirius America Insurance Company v. Vigo Construction Corp., et al.</u>, 48 AD3rd 450, 852 NYS2d 176 (2nd Dept. 2008) (34 day delay by the carrier to disclaim is unreasonable), the "typo" brings the time period

within a hair's breadth of what has already been deemed an " unreasonable" time period. (Counsel's reliance on Rule 60(a) does not apply to allow a correction of plaintiff's complaint.)

The error in the pleading shows clearly that the defendants have not had a full and fair opportunity to litigate. Had there been such, that error would have come to light and been an object of inquiry during discovery and for argument before the bench or a jury. Additionally, the issue is now raised by counsel for the co-defendant as to whether 1854 MONROE AVENUE was even aware of service of legal process, or received the notice of this action, a possibility also raised by your affirmant in the Affirmation in Support (page 7). In any event, clearly the default was not a determination of plaintiff's claim "on the merits".

### THE PLAINTIFF'S DISCLAIMER WAS UNTIMELY

Your affirmant has presented defendant BALAGUER's position regarding the late disclaimer by the plaintiff. We submit the following to distinguish those cases cited in Point II of plaintiff's opposition (pages 6 – 11).

The plaintiff cites *2540 Assocs. V. Assicurazioni Generali, S.P.A.,* 271 AD2d 282 (1st Dept. 2000). In that matter the Court recognizes two months as an unreasonable time period. The Court also sets forth the test period as measured from "the date on which [the carrier] first receives the information that would disqualify the claim". As stated therein:

> While plaintiff is correct that a two-month delay in issuing a notice of disclaimer is unreasonable *Hartford Insurance Company v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539 (1979), the moment from which the timeliness of an insurer's disclaimer is measured is the date on which it first receives information that would disqualify the claim, not the date on which it receives the insured's notice of claim (*Matter of Allcity Ins. Co. [Jimenez]*, 78 N.Y.2d 1054, 576 N.Y.S.2d 87 (1991). *2540* at283.

Here, the salient fact for disclaimer is the date the carrier had knowledge of the date of

7

incident, not as is argued, the date that the insured knew of the incident. If that were the test, then in any case in which there is difficulty communicating with the insured, a disclaimer could be issued months or even years later.

The plaintiff's assertion is further eroded by their ongoing curiosity regarding the nature and extent of the injury. The nature of the injury has nothing to do with when the insured knew of the claim. Additional questions militating against the carrier's contention are: Why did they have to wait 13 days to send a letter of inquiry? Why did they have to wait 12 days to send out an investigator? Why did they have to send an investigator a second time a month later? The argument that the carrier was trying to learn this crucial date of knowledge sounds like 20-20 hindsight rather than a legitimate reason for the long delay in issuing the disclaimer. Interestingly, at no point does Mr. Smith make this fine distinction and specifically state that position in his Affidavit. It seems that if it were so important he might have made mention of that specific fact. It is also of note that while the plaintiff asserts a difficulty in contacting the insured, there are no real specifics surrounding that allegation, information that might be learned in discovery.

Disclaimer is a "shoot first, ask questions later" situation and the carrier should have sent the disclaimer in a timely fashion, perhaps following one or two phone calls to the insured. A disclaimer can always be rescinded if the subsequent investigation revealed information that would have changed their position.

The plaintiff also cites *Mount Vernon Fire Insurance Company v. Harris*, 193 F. Supp.2d 674 (EDNY 2002). That case is distinguishable in that the plaintiff carrier assigned an investigator on the same day – "immediately" – it received notice of the claim. In this case there was a delay of at least 12 days before the investigators were retained. Also cited by the plaintiff

8

is *U.S. Underwriters Insurance Company v. Congregation B'nai Israel*, 900 F. Supp 641 (EDNY 1995). The same fact was noted in this case in that the plaintiff carrier "immediately" retained an investigator to examine the claim. Further, there was a second basis for the disclaimer that required investigation and the court found that fact significant in determining whether the delay was reasonable.

*U.S. Underwriters* does note that typically these matters are for the jury. The behavior of the parties, more than the period of time, dictates the outcome. The behavior of the parties is a standard of "reasonableness" which ultimately is a question of fact. As stated in *Hartford Insurance Company v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539 (1979):

> "Normally the question whether a notice of disclaimer of liability or denial of coverage has been sent "as soon as is reasonably possible" is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay". *Hartford* at 1030.

The plaintiff also cites *Travelers Insurance Company v. Volmar Construction Company,* 300 A.D.2d 40; 752 N.Y.S.2d 286; (1st Dept. 2002). However, in that case the carrier disclaimed within 14 days of receiving notice from the insured. Also cited is *Sirignano v. Chicago Insurance Company,* 192 F. Supp2d 199, (SDNY 2002). However, that matter did not involve the application of New York Insurance Law § 3420 and thus does not apply to the instant case. *Glusband v. Fittin Cunningham Lauzon Inc.,* 892 F.2d 208 (2nd Cir. 1989) does not apply because it involved a jury question following trial. *Farmbrew Realty Corp. v. Tower Insurance Company of New York,* 289 AD2d 284, 734 NYS2d 592 (2d Dept. 2001) is equally inapplicable herein because it does not involve a disclaimer based on timely notice but rather a coverage exclusion involving firearms. It has already been established herein that the plaintiff is restricted to timely notice as its only basis for a disclaimer. The same is true for *Aetna Casualty and Surety Company v. Brice,* 72 AD2d 927, 422 NYS2d 203 (4th Dept. 1979) in which the

disclaimer was premised on permissive operation of a motor vehicle following trial.  Also inapplicable is <u>Wilczak v. Ruda & Capozzi, Inc.,</u> 203 AD2d 944, 611 NYS2d 73 (4th Dept. 1994) because is involved an investigation for a policy exclusion of a Dram Shop claim, not a timely disclaimer.

<u>Liberty Mutual Insurance Company v. Dombroski</u>, 235 AD2d 606, 651 NYS2d 711 (3rd Dept. 1997) does not apply because it involves a question of an uninsured motorist arbitration. <u>Rzeznik v. East Coast Insurance Company,</u> 39 AD2d 722, 331 NYS2d 803 (2nd Dept 1972) actually denied the motion for summary judgment law involving a time period of three and a half months finding that it was a question of fact for the jury.  <u>Aetna Casualty & Surety Company v. Pennsylvania Manufacturers Association Insurance Company,</u> 57 AD2d 982, 394 NYS2d 330 (3rd Dept. 1977) involved an automobile case in which the insured had failed to notify the carrier for more than a year after the automobile accident, a fact the Court found to be determinative as a matter of law.  Lastly <u>In re Prudential Property & Casualty Insurance Company,</u> 213 AD2d 408, 623 NYS2d 336 (2nd Dept 1995) doesn't apply because it involved a policy violation of a suspended driver's license, a disclaimer, again, that was not based on failure to provide timely notice of a claim or occurrence.

<u>NOTICE BY THE INSURED</u>

What now, is the question, is the role of the insured in the series of events that have brought the parties to this juncture.  The plaintiff has submitted documents in non-evidentiary form, without any significant discovery, to seek relief on a technicality.  The insured has not been deposed and the full extent of that role has not been given voice.  Monica Acevedo claims not to have received the Summons and Complaint in her Affidavit in support of the motion to

vacate the default and we do not know of the full extent of her knowledge regarding the occurrence or the claim. We only have the hearsay statement of an anonymous e-mail regarding one person from the corporate co-defendant. It is entirely feasible that notice <u>was</u> given to the carrier but a person other than Monica Acevedo. It is entirely feasible that Monica Acevedo gave notice to the carrier. Inadequate facts are available to support the conclusion that notice to the carrier was untimely.

## CONCLUSION

The plaintiff's motion for summary judgment must be denied. There are questions of material fact that have been unresolved and thus Rule 56 has not been satisfied to support plaintiff's application. The allegations of the plaintiff are normally one for the jury as the actions of the parties are fact issues based on the standard of reasonableness.

The default should be vacated as the standards to vacate the default have been met by the defendant BALAGUER as well as by the defendant 1854 MONROE AVENUE, whose application is hereby joined by defendant BALAGUER. It has been demonstrated that the default was not willful, that there is no prejudice to the plaintiff and that there is a meritorious defense to the allegations of the complaint. Further, the misstatement of a material fact is adequate basis alone to vacate a default.

The defendant, BALAGUER's, motion for summary should be granted. Unlike the facts alleged by the plaintiff regarding the actions of their insured, the actions of the plaintiff are all admitted and are the facts upon which BALAGUER relies to support the claim for summary judgment. New York Courts have traditionally held that as a matter of policy, as well as law, the carrier is under strict guidelines to provide coverage and the smallest deviation will allow

coverage to accrue. It is for that reason that the time periods discussed for disclaimers based on untimely notice are so short. The plaintiff in this matter failed to disclaim in a period of time that can be defined as "reasonably practicable".

Dated: New York, New York
       July 4, 2008

                                FELDMAN, KRONFELD & BEATTY
                                Attorneys for defendant EULALIA BALAGUER

                                /S/_____
                                   MICHAEL C. BEATTY (MCB 4144)
                                42 Broadway, 19th Floor
                                New York, New York 10004
                                (212)425-0230