UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED NATIONAL SPECIALTY INSURANCE COMPANY,

                           Plaintiff,

                -against-

1854 MONROE AVENUE H.D.F.C. and EULALIA BALAGUER,

                          Defendants.
------------------------------------------------------------------------x

DocketNo:07-CV-10934 (PKC)(THK)

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT

                          MIRANDA SOKOLOFF SAMBURSKY
                          SLONE VERVENIOTIS LLP
                          Attorneys for Plaintiff - UNITED
                          NATIONAL INSURANCE COMPANY
                          The Esposito Building
                          240 Mineola Boulevard
                          Mineola, New York 11501
                          (516) 741-7676
                          Our File No. 07-544

Of Counsel:
    Steven Verveniotis, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ...........................................................................................................2

ARGUMENT.................................................................................................................................2

POINT I .........................................................................................................................................2

THE DEFAULT JUDGMENT AGAINST MONROE SHOULD NOT BE VACATED
BECAUSE THEY LACK A MERITORIOUS DEFENSE, DEFAULTED WILLFULLY AND
UNITED NATIONAL WOULD BE PREJUDICED..................................................................2

   A.   Monroe Failed To Raise A Meritorious Defense To United National's Disclaimer ...............3

   B.   Monroe's Default Was Willful ..............................................................................................10

   C.   United National Will Be Prejudiced If The Default Is Vacated ............................................12

POINT II......................................................................................................................................12

THE DEFAULT JUDGMENT AGAINST MONROE
SHOULD NOT BE VACATED UNDER RULE 60(b)(3) .........................................................12

CONCLUSION............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

1329 Realty, LLC v. United States Liability Insurance Group, 2006 WL 3150823 (E.D.N.Y.) ..... 5

Aetna Casualty & Surety Company v. Pennsylvania Manufacturers Association Insurance Company, 57 A.D.2d 982, 394 N.Y.S.2d 330 (3d Dep't 1977) .................................................. 7

Aetna Casualty and Surety Company v. Brice, 72 A.D.2d 927, 928, 422 N.Y.S.2d 203, 206 (4th Dep't 1979) ................................................................................................................. 7, 8

American Manufacturers Mut. Ins. Co., et al., v. CMA Enterprises, Ltd., et al., 246 A.D.2d 373, 667 N.Y.S.2d 724 (1st Dep't 1998) .......................................................................... 3

Blue Ridge Insurance Co. v. Biegelman, 36 A.D.3d 736, 829 N.Y.S.2d 575 (2nd Dep't 2007) ..... 5

Cho Yang Shipping Co., Ltd v. American Freight Lines, Ltd., 1994 WL 577006 (S.D.N.Y.) . 2, 10

Congregation B'nai Israel, 900 F. Supp. at 648 .............................................................................. 6

DeGeorge v. Ace American Insurance Company, 2008 WL 180786 (S.D.N.Y.) ........................... 4

Deso v. London & Lancashire Inc.. Co., 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) ....................... 5

Farmbrew Realty Corp. v. Tower Ins. Co. of New York, 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dep't 2001) .................................................................................................................... 6, 7

First Financial Ins. Co. v. Jetco Contracting Corp., N.Y. 3d 64, 769 N.Y.S.2d 459 (2003) ........... 8

G Simons & Co. S.A. v. New Bar of North America, 2005 WL 1137348 (S.D.N.Y.) ................... 5

Garden City Boxing Club, Inc. v. DeJesus, 2006 WL 1155166 (E.D.N.Y.) ................................... 2

Glusband v. Fittin Cunningham Lauzon Inc., 1987 WL 8343 at *4 (S.D.N.Y. 1987) .................... 8

Gucci America, Inc. v. Gold Center, 158 F.3d 631 (2d Cir. 1998) .............................................. 10

Haas Tobacco Co. v. American Fidelity Co., 227 N.Y. 343 (1919) .............................................. 5

Hartford Acc. & Indem. v. CNA Ins. Companies, 99 A.D.2d 310, 472 N.Y.S.2d 342 (1st Dep't 1984) ........................................................................................................................... 4

Heydt Contracting Corp. v. American Home Assurance Co., 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989), appeal dismissed, 74 N.Y.2d 651, 542 N.Y.S. 520 (1989) ............... 5

In re Globe Metalurgical, Inc., 327 B.R. 182 (Bktrcy. S.D.N.Y. 2005)..............................2

In re Prudential Prop. & Cas. Ins. Co., 213 A.D.2d 408, 623 N.Y.S.2d 336 (2d Dep't 1995)........6

Liberty Mutual Insurance Company v. Dombroski, 235 A.D.2d 606, 651 N.Y.S.2d 711 (3d Dep't 1997)............................................................................................................7

Matrix Financial Services Corp. v. McKiernan, 295 A.D.2d 579, 477 N.Y.S.2d 706 (2nd Dep't 1002)...................................................................................................................11

Mendall on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724 (2d Cir. 1990), aff'd 501 U.S.115(1991)......................................................................................................13

Mount Vernon Fire Ins. Co. v. Harris, 193 F. Supp.2d 674, 678 (E.D.N.Y. 2002) ........................6

Mount Vernon Fire Ins. Co. v. Orange Intercept, Ltd., 1992 WL 368085 (E.D.N.Y.) ...................7

National Union Fire Insurance Company v. State Insurance Fund, 266 A.D.2d 518, 699 N.Y.S.2d 111 (2nd Dep't 1999).............................................................................................3

New York v. Green, 420 F.3d 99 (2d Cir. 2005)..............................................................2, 3, 12

Power Authority of the State of New York v. Westinghouse Electric Corp., 117 A.D.2d 336, 502 ..............................................................................................................................5

RC Entertainment, Inc. v. Rodriguez, 1999 WL 777903 (S.D.N.Y.).............................................10

Rodriguez v. Gary Plastic Packing Corp., 1997 WL 232328 (S.D.N.Y.) ...................................13

Rushing v. Commercial Casualty Ins., 251 N.Y. 302 (1929)........................................................5

Rzeznik v. East Coast Insurance Company, 39 A.D.2d 722, 331 N.Y.S.2d 803 (2d Dep't 1972)..7

S.E.C. v. McNulty, 137 F3d. 732 (2d Cir. 1998)...........................................................................2, 3

Security Mutual Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d 902 (1972).4, 5

Shaw Temple A.M.E. Zion Church v. Mount Vernon Fire Ins. Co., 199 A.D.2d 374, 605 N.Y.S.2d 370 (2d Dep't 1993).................................................................................4

Silverman v. Deutsch, 283 A.D.2d 478, 724 N.Y.S.2d 647 (2nd Dep't 2001)............................11

Simonds v. Grobman, 277 A.D.2d 369, N.Y.S.2d 692 (2nd Dep't 2000)....................................11

Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317(2d Cir, 1986..................................2, 10

U.S. Underwriters Ins. Co. v. Congregation B'nai Israel, 900 F. Supp. 641 (E.D.N.Y. 1995).......6

U.S. Underwriters Ins. Co. v. Kum Gang, Inc., 443 F. Supp. 2d. 348 (E.D.N.Y. 2006).................4

United States v. Trevor L. Brooks, 2007 WL 4441221 (E.D.N.Y.) ...............................................11

Utica Mutual Ins. Co. v. Firemen's Fund Ins. Co., 748 F.2d 118, 121 (2d Cir. 1984)....................4

Wasserman v. City of New York, 149 F.R.D. 457 (E.D.N.Y. 1993) .............................................13

**Statutes**

Fed. Rule Civ. Pro. 60(b)..................................................................................................................2

Fed. Rule Civ. Pro. 60(b)(3) ....................................................................................................13, 14

## **PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in opposition to the motion of defendant 1854 MONROE AVENUE H.D.F.C ("Monroe") to vacate the default judgment entered against Monroe in this action. The motion should be denied because the burden to vacate has not been met, and the default should be allowed to stand.

Monroe lacks a meritorious defense, and that alone is sufficient grounds for the Court to deny vacating a default judgment. While Monroe argues that United National's disclaimer was untimely, the proof is to the contrary. United National disclaimed in a timely manner, especially given the fact that United National's investigation into the underlying occurrence was impeded by Monroe's failure to cooperate.

Monroe's default in this case also was willful and that, too, is grounds to maintain the judgment against Monroe. While Monroe alleges that its default was not deliberate because it was never served and therefore could not appear, United National submits an affidavit of service from its process server, David Smith, as well as an additional affidavit from Mr. Smith in support of this motion, proving service. Monroe clearly has failed to rebut the presumption that it was served and the default was clearly willful! Monroe has no valid excuse for its deliberate failure to appear, and the default should not be vacated.

United National certainly will be prejudiced should the default judgment against Monroe be vacated. Prejudice includes a potential for loss of evidence or an increased chance for fraud or collusion against the non-defaulting party.

Therefore, this court should deny Monroe's motion to vacate the default against them.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Steven Verveniotis, and exhibits attached thereto, including the affidavit of David Smith, and the affidavit of Mark Smith. The Court is respectfully referred to same.

## ARGUMENT

## POINT I

### THE DEFAULT JUDGMENT AGAINST MONROE SHOULD NOT BE VACATED BECAUSE THEY LACK A MERITORIOUS DEFENSE, DEFAULTED WILLFULLY AND UNITED NATIONAL WOULD BE PREJUDICED

Under Fed. Rule Civ. Pro. 60(b), the Court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether and to what extent, vacating the default judgment will cause the non-defaulting party prejudice. New York v. Green, 420 F.3d 99 (2d Cir. 2005); S.E.C. v. McNulty, 137 F3d. 732 (2d Cir. 1998); Cho Yang Shipping Co., Ltd v. American Freight Lines, Ltd., 1994 WL 577006 (S.D.N.Y.). Further, the defaulting party bears the burden of demonstrating that the above criteria are satisfied. See Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317 (2d Cir, 1986) (holding the District Court's failure to vacate the default did not constitute an abuse of discretion because defendant failed to shoulder its burden establishing there was good cause to reopen the default.); See also In re Globe Metalurgical, Inc., 327 B.R. 182 (Bktrcy. S.D.N.Y. 2005).

Relief from the entry of a default is left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. Garden City Boxing Club, Inc. v. DeJesus, 2006 WL 1155166 (E.D.N.Y.). At bar, the record establishes that Monroe fails to satisfy all

three of the above-referenced criteria. Therefore, this Court should exercise its discretion to deny Monroe's motion.

**A.     Monroe Failed To Raise A Meritorious Defense To United National's Disclaimer**

In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense. Green, 420 F.3d 99 (2d Cir. 2005); McNulty, 137 F3d. 732 (2d Cir. 1998). In its motion papers, Monroe raises several arguments to demonstrate it has a meritorious defense, but none of the purported defenses in this matter is valid.

First, Monroe challenges the validity of the default motion itself. Specifically, Monroe takes issue with the Declaration of Adam I. Kleinberg. Contrary to Monroe's assertions, the Kleinberg Declaration contained all the appropriate information required by the Court's rules for filing a default judgment. The "typo" in United National's complaint, which was attached as Exhibit "A" of the Kleinberg Declaration had no effect on the facility of United National's claim for a default. See Exhibit "C" attached to Declaration of Steven Verveniotis.

Second, while Monroe claims that United National's disclaimer of coverage was untimely, the evidence is to the contrary. There is no serious dispute, of course, that Monroe's notice of the underlying occurrence was untimely and that it is well established that the insured is under an obligation to provide the insurer with prompt notice of an occurrence, claim and suit. See, e.g., National Union Fire Insurance Company v. State Insurance Fund, 266 A.D.2d 518, 699 N.Y.S.2d 111 (2nd Dep't 1999); American Manufacturers Mut. Ins. Co., et al., v. CMA Enterprises, Ltd., et al., 246 A.D.2d 373, 667 N.Y.S.2d 724 (1st Dep't 1998). As the insured Monroe and the Claimant Balaguer failed to comply with this obligation as to notice of occurrence and claim, United National's disclaimer was proper.

3

The subject policy was issued by United National to its named insured, Monroe. The insured was under an obligation to comply with the standard conditions precedent of the policy, which provide in pertinent part:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

    2.    Duties in the Event of Occurrence, Claim or Suit:

        a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

            (1) How, when and where the "occurrence" or offense took place;

            (2) The names and addresses of any injured person and witness and

            (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

See Exhibit "C" to the Verveniotis Declaration.

An insurer's coverage obligation is not triggered unless the insured gives timely notice of the loss pursuant to the aforesaid condition precedent to coverage. See Security Mutual Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d 902 (1972); Utica Mutual Ins. Co. v. Firemen's Fund Ins. Co., 748 F.2d 118, 121 (2d Cir. 1984); Shaw Temple A.M.E. Zion Church v. Mount Vernon Fire Ins. Co., 199 A.D.2d 374, 605 N.Y.S.2d 370 (2d Dep't 1993); U.S. Underwriters Ins. Co. v. Kum Gang, Inc., 443 F. Supp. 2d. 348 (E.D.N.Y. 2006); DeGeorge v. Ace American Insurance Company, 2008 WL 180786 (S.D.N.Y.).

The failure to satisfy the notice requirement vitiates the policy and relieves the insurer from having to establish prejudice in order to assert the defense of late notice. See Utica Mutual, 748 F.2d at 121; Security Mutual, 340 N.Y.S.2d at 905; Hartford Acc. & Indem. v. CNA Ins. Companies, 99A.D.2d 310, 472 N.Y.S.2d 342 (1st Dep't 1984).

At bar, the policy requires that notice of an occurrence be given to the insurer "as soon as practicable." Such notice provisions have been consistently construed to require that notice of an occurrence be swiftly given. Security Mutual, 340 N.Y.S.2d at 772; Blue Ridge Insurance Co. v. Biegelman, 36 A.D.3d 736, 829 N.Y.S.2d 575 (2nd Dep't 2007). Although there is no precise yardstick to measure what constitutes late notice, delays <u>much</u> shorter than the five (5) months after the accident have been found to constitute late notice. See 1329 Realty, LLC v. United States Liability Insurance Group, 2006 WL 3150823 (E.D.N.Y.) (3 months); G Simons & Co. S.A. v. New Bar of North America, 2005 WL 1137348 (S.D.N.Y.) (60 days); Deso v. London & Lancashire Inc.. Co., 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) (51 days); Rushing v. Commercial Casualty Ins., 251 N.Y. 302 (1929) (22 days); Haas Tobacco Co. v. American Fidelity Co., 227 N.Y. 343 (1919) (10 days); Heydt Contracting Corp. v. American Home Assurance Co., 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989), appeal dismissed, 74 N.Y.2d 651, 542 N.Y.S. 520 (1989) (4 months); Power Authority of the State of New York v. Westinghouse Electric Corp., 117 A.D.2d 336, 502.

At bar, the alleged occurrence giving rise to Balaguer's underlying lawsuit occurred on December 20, 2006. See Exhibit "D" to the Verveniotis Declaration. United National received its first notice of the occurrence on July 20, 2007, over seven months after the occurrence. See Exhibit "E" to the Verveniotis Declaration. First notice came in the form of a fax with a General Liability Notice of Occurrence Form sent from Monroe's broker, Murphy and Jordan, LLC, to United National's agent, Morstan General Agency, Inc. This notice was forwarded from Morstan General Agency, Inc. to United National on that same day. See Exhibit "E" to the Verveniotis Declaration. United National discovered through its diligent investigation into the incident that Monroe had knowledge of Balaguer's accident and injuries within days of their

occurrence on December 20, 2007. See Exhibits "F," "G," "H" and "I" to the Verveniotis Declaration. Yet, despite being aware of the incident shortly after its occurrence, Monroe inexplicably waited seven months to inform United National of the occurrence and potential claim. This constitutes late notice under the above cited New York Law and violated the precondition to coverage cited above.

Pursuant to New York Insurance Law § 3420(d), an insurer is required to provide a written disclaimer "as soon as is reasonably possible." See Mount Vernon Fire Ins. Co. v. Harris, 193 F. Supp.2d 674, 678 (E.D.N.Y. 2002); U.S. Underwriters Ins. Co. v. Congregation B'nai Israel, 900 F. Supp. 641 (E.D.N.Y. 1995). "New York courts have consistently held that an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage." Congregation B'nai Israel, 900 F. Supp. at 648. See also Harris, 193 F. Supp.2d at 678 ("The Court sees no point in discouraging insurers from conducting thorough investigations before disclaiming coverage, as long as they are not used as a dilatory tactic."); Farmbrew Realty Corp. v. Tower Ins. Co. of New York, 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dep't 2001). "It is perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence." Harris, 193 F. Supp. 2d at 678. "It is perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence."

It is true that New York courts typically hold that unexplained delays of two months or more are unreasonable but the same courts have also held that "a prompt, good faith investigation of the claim by the insurer may justify a delay that would normally be deemed unreasonable absent explanation." Harris, 193 F. Supp.2d at 677. See also In re Prudential Prop. & Cas. Ins. Co., 213 A.D.2d 408, 623 N.Y.S.2d 336 (2d Dep't 1995) Delays in disclaiming

6

coverage as long as about four months have in the past been held to be justified when investigation is ongoing.

In Farmbrew Realty Corp. v. Tower Insurance Co. of New York, the Court held that a delay of almost two months in disclaiming was reasonable based on the inability of Tower's investigator, through no fault of its own, to interview the insured's principal and employees. 289 A.D.2d 284, 734 N.Y.S.2d 592 (2d Dept. 2001). In Mount Vernon Fire Ins. Co. v. Orange Intercept, Ltd., 1992 WL 368085 (E.D.N.Y.), the Court held that a delay of almost two months by the insurer was valid since the insured was investigating relevant information to its late notice disclaimer. In Liberty Mutual Insurance Company v. Dombroski, 235 A.D.2d 606, 651 N.Y.S.2d 711 (3d Dep't 1997), the Court held that a three-and-a-half month delay was by no means unreasonable due to the insured's failure to complete and return forms requested by the insurer. Likewise, in Rzeznik v. East Coast Insurance Company, 39 A.D.2d 722, 331 N.Y.S.2d 803 (2d Dep't 1972), a three-and-a-half month delay was found to be not so extreme as to be deemed unreasonable. Moreover, in Aetna Casualty & Surety Company v. Pennsylvania Manufacturers Association Insurance Company, 57 A.D.2d 982, 394 N.Y.S.2d 330 (3d Dep't 1977), an almost three-month delay in disclaiming was found reasonable due to the lack of a response to the insurance company's request for information.

In addition, the Court in Aetna Casualty and Surety Company v. Brice, in holding that more than a four-month delay was reasonable, stated that "no particular time lapse is deemed undue delay." 72 A.D.2d 927, 928, 422 N.Y.S.2d 203, 206 (4th Dep't 1979). The Court further stated that "[r]easonableness is the standard by which the insurer's action is judged and reasonableness is a question of fact determined upon the circumstances of the case which require the insurer to take more or less time to make, complete and act diligently on the investigation of

its coverage." See id. In Brice, the more than four-month delay was justified even though the disclaimer may have been based ultimately on facts known to the insurer more than three months earlier. The Court determined that the insurer "could not have been aware that it had all the necessary facts until a reasonable investigation was in fact concluded." See id. at 929, 422 N.Y.S.2d at 206.

The Southern District of New York has itself ruled that a delay of six months is not necessarily unreasonable. In Glusband v. Fittin Cunningham Lauzon Inc., 1987 WL 8343 at *4 (S.D.N.Y. 1987), the Southern District held that it could not rule that a six-month delay was unreasonable without giving the insurer an opportunity to address the issue in an affidavit by a person from the insurer with personal knowledge of why the determination as to coverage could not have been done sooner. "[W]hether liability has been disclaimed as soon as reasonably possible is a question of fact that depends on the circumstances of the case and the length of and reason for the delay." Id. Here, United National has presented the Court with an affidavit of a person with personal knowledge of this matter, the claims examiner.

In this case, it took United National only 32 days to investigate and issue a disclaimer, even though the insured was not cooperating. In order to have a valid ground to disclaim on late notice, the carrier must have two facts at its disposal. The first is the date of the occurrence and the other is the date which the insured had knowledge of that occurrence. See First Financial Ins. Co. v. Jetco Contracting Corp., holding that for purposes of determining timeliness of disclaimer, the clock began to run from the date the insurer confirmed that the insured was aware of the accident since the date it occurred. N.Y. 3d 64, 769 N.Y.S.2d 459 (2003). While United National knew the first relevant date on July 20, 2007, it could only discover the second date through an investigation into that occurrence. Such an investigation required an examination of

the premises, discussions with the insured and their employees and a review of any reports or statements made.

United National diligently investigated this matter, but its investigation was impeded by the insured's failure to cooperate. It was only after a letter dated August 2, 2007, which United National sent to its insured threatening to disclaim for lack of cooperation that the insured finally aided United National in the investigation, as they were required to do under the policy. See Exhibit "F" to the Verveniotis Declaration. United National was not derelict in performing its duties, and completed its investigation as quickly as possible under the circumstances.

The redacted Braaten Associates investigation reports attached as Exhibits "G" and "H" to the Verveniotis Declaration demonstrate that United National was diligent in issuing its disclaimer. After receiving Braaten's second report on August 20, 2007, which contained additional information, United National disclaimed the very next day. It was not as though United National received all the information necessary to disclaim from the August 3, 2007 investigation report and just sat on that information; rather, it is clear that the investigation was ongoing during this period and that United National disclaimed as soon as that investigation was completed. See Exhibit "I" to the Verveniotis Declaration.

The key piece of information that United National needed, which is when Monroe had knowledge of the incident involving Balaguer, was finally confirmed in an August 20, 2007 email sent from Claims Examiner Diane Cruz to Claims Examiner Stan Doniger. See Exhibit "I" to the Verveniotis Declaration. In this email, Ms. Cruz confirmed that she spoke with the insured who acknowledged having notice of Balaguer's incident and injuries within a few days of the occurrence. Upon receiving this vital piece of evidence, Mr. Doniger disclaimed coverage to both Balaguer and Monroe the very next day. See Exhibit "I" to the Verveniotis Declaration.

9

Based on the facts and well-settled law, United National acted reasonably here in investigating the coverage issues and issuing its disclaimer.

Therefore, Monroe failed to establish a meritorious defense, and the Court may deny Monroe's motion of this ground alone. Sony Corp., 800 F.2d 317(2d Cir, 1986). However, Monroe also fails to satisfy the last two criteria necessary to determine whether to vacate a default.

### B.   Monroe's Default Was Willful

Conduct is considered willful for purposes of vacating a default judgment when it is egregious or deliberate. While willfulness requires more than mere negligence by the defaulting party, it does not require bad faith. Rather, the Court need only find that the default was deliberate. Gucci America, Inc. v. Gold Center, 158 F.3d 631 (2d Cir. 1998); RC Entertainment, Inc. v. Rodriguez, 1999 WL 777903 (S.D.N.Y.). Further, a court can find that a default was deliberate when the defendant was served, however chose not to appear or to protect their interests. See RC Entertainment Group, supra. See also Cho Yang Shipping Co., Ltd v. American, 1994 WL 577006 (S.D.N.Y.) (holding willfulness is easily established when defendant was served, did not appear in action, and made no effort to defend its rights).

Monroe argues in their motion that they were never served and therefore their default is not willful. In support of this assertion, Monroe submitted an affidavit of Monica Acevedo in which she denies being served. Ms. Acevedo's affidavit, which contains nothing more than a conclusory denial of service, fails to adequately rebut both the affidavit of David Smith submitted in support of this motion and the affidavit of service showing she was served. See Exhibit "A" to the Verveniotis Declaration.

Under New York Law, an affidavit of service constitutes prima facie proof of valid service. United States v. Trevor L. Brooks, 2007 WL 4441221 (E.D.N.Y.); Silverman v. Deutsch, 283 A.D.2d 478, 724 N.Y.S.2d 647 (2nd Dep't 2001); Simonds v. Grobman, 277 A.D.2d 369, N.Y.S.2d 692 (2nd Dep't 2000). In order to rebut the prima facie showing of valid service created by the affidavit of service, a defendant must assert specific facts showing that service was not accomplished. A mere conclusory statement by defendant that they did not receive service does not overcome the presumption created by the affidavit of service. See Trevor L. Brooks, supra; Simonds, supra; see also Matrix Financial Services Corp. v. McKiernan, 295 A.D.2d 579, 477 N.Y.S.2d 706 (2nd Dep't 1002) (holding an affidavit of service is prima facie proof of service and appellant's conclusory allegations failed to rebut the veracity or content of the affidavit).

At bar, the record contains an affidavit of service by David Smith confirming that he served Monica Acevedo as the agent of Monroe on December 15, 2007. Additionally, the record also reflects an additional affidavit from David Smith, in which he details the steps and procedures he took when he served Ms. Acevedo. Monroe offers nothing to rebut these two affidavits other than the conclusory denial of service in Ms. Acevedo's affidavit. Therefore, Monroe has failed to satisfy its burden in overcoming the prima facie showing that service was completed.

As the evidence in the record shows that Monroe was served and deliberately failed to answer, their conduct constitutes a willful default and their motion should be denied.

11

C.  **United National Will Be Prejudiced If The Default Is Vacated**

Prejudice against the non-defaulting party may be found when vacating the default judgment would result in a loss of evidence, increased difficulties with discovery, or provide greater opportunity for fraud or collusion. Green, 420 F.3d 99 (2d Cir. 2005). Here, United National will be prejudiced by the vacatur of the default judgment in that a motion already is pending premised on that judgment. Moreover, collusion exists in that Balaguer's counsel is obviously working with Monroe to manipulate this litigation, which should not be permitted by the Court.

## POINT II

### THE DEFAULT JUDGMENT AGAINST MONROE SHOULD NOT BE VACATED UNDER RULE 60(b)(3)

Monroe finally asserts that the default should be vacated under Fed. Rule Civ. Pro. 60(b)(3). Monroe asserts that the "typo" in the complaint which states that United National disclaimed on August 2, 2007 as opposed to August 21, 2007, represents fraud, misrepresentation or misconduct by United National in obtaining the default judgment against Monroe. First, it should be noted that United National made no attempt to mislead this Court or any party as to the date of the actual disclaimer, as we provided the disclaimer as an exhibit to our motion for summary judgment against Balaguer. Additionally, as discussed at greater length in Point I above, the difference between August 2, 2007 and August 21, 2007 has no effect on the validity of United National's disclaimer of coverage.

The granting of relief under Rule 60(b) is committed to the sound discretion of the Court and is generally granted only upon the showing of exceptional circumstances. See Wasserman v. City of New York, 149 F.R.D. 457 (E.D.N.Y. 1993), citing Mendall on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724 (2d Cir. 1990), aff'd 501 U.S.115(1991). Further, relief under Rule

12

60(b)(3) should be granted only when the alleged fraud, misrepresentation or misconduct was material to the Court's original decision to grant the judgment. See Wasserman supra; see also Rodriguez v. Gary Plastic Packing Corp., 1997 WL 232328 (S.D.N.Y.).

Under the circumstances, a minor typo cannot be considered the exceptional circumstances necessary to satisfy the strict standard for vacating a judgment under Rule 60(b). Additionally, the complaint with the incorrect date was included as an exhibit to the default motion to prove that United National had in fact served Monroe with the complaint, not to prove the validity of United National's disclaimer against Monroe. Therefore, this typo cannot be said to be material to the Court's entry of default against Monroe.

For the reasons stated above, Monroe's default should not be vacated under Fed. Rule Civ. Pro. 60(b)(3).

## CONCLUSION

Plaintiff requests that the Court deny the motion to vacate the default.

Dated: Mineola, New York
       August 6, 2008

>                               MIRANDA SOKOLOFF SAMBURSKY
>                               SLONE VERVENIOTIS LLP
>                               Attorneys for Plaintiff
>                               **UNITED NATIONAL SPECIALTY**
>                               **INSURANCE COMPANY**
>                               By:_____
>                                    Steven Verveniotis
>                               240 Mineola Boulevard
>                               Mineola, New York 11501
>                               (516) 741-7676
>                               Our File No.: 07-544

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Leila Krim, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Long Beach, New York.

That on August 6, 2008, deponent served the within **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT** upon:

| | |
|---|---|
| Michael C. Beatty | Michael J. Mcdermott, Esq. |
| FELDMAN, KRONFELD & BEATTY | MCDERMOTT & MCDERMOTT |
| Attorneys for the Defendant | Attorneys for Defendant |
| Eulalia Balaguer | 1854 Monroe Avenue H.D.F.C. |
| 42 Broadway, 19th Floor | 293 Route 100, Suite 210 |
| New York, NY 10004 | Somers, New York 10589 |
| | (914) 276-2747 |

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Leila Krim

Sworn to before me this 6th day of August 2008.

_____
NOTARY PUBLIC

Melissa L. Holtzer
Notary Public, State of New York
No. 02HO6171185
Qualified in Nassau County
Commission Expires 7/23/2011